|  |  |
|---|---|
| VIRAL KOTHARI, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HARBOR DIVERSIFIED, INC., CHRISTINE R. DEISTER, and LIAM MACKAY<br><br>Defendants, | Case No. 1:24-cv-00556<br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |

Plaintiff respectfully submits this memorandum of law in opposition to the Defendants'

joint motion to dismiss the Complaint. Defendants' motion should be denied without prejudice as

it is premature. [1]

---

[1] Contrary to Defendants, Plaintiffs have alleged falsity. This action arises out of an admitted accounting restatement, relating to the improper recognition of over $52 million revenue for the 2022 and most of 2023. An accounting restatement is an admission by the Company that the financial statements were false when made and is sufficient to plead falsity. *See In re Atlas Air Worldwide Holdings, Inc. Sec. Litig*., 324 F. Supp. 2d 474, 486 (S.D.N.Y. 2004) ("[the] fact that financial results were restated is sufficient basis for pleading that those statements were false when made"); *In re Cylink Sec. Litig*., 178 F. Supp. 2d 1077, 1084 (N.D. Cal. 2001) ("the mere fact that the statements were restated at all supports such an inference [of falsity]"). As to scienter, the magnitude of the error, that defendants violated their own accounting policies, that defendants violated GAAP, and that defendants admitted they lacked internal controls that they had a duty to review, all support scienter. *See Rehm v. Eagle Fin. Corp.*, 954 F. Supp. 1246, 1257 (N.D. Ill. 1997) ("plaintiff specifically alleges that defendants vastly understated Eagle's most critical financial indicator in violation of generally accepted accounting principles… we find that the complaint successfully pleads a strong inference of scienter."); *Varghese v. China Shenghuo Pharm. Holdings, Inc.,* 672 F.Supp.2d 596, 608 (S.D.N.Y.2009) (holding that scienter requirement was met where GAAP violations led to restatement and individual defendants were aware of "weak internal controls"); *Plumbers & Pipefitters Nat'l Pension Fund v. Orthofix Int'l N.V.*, 89 F. Supp. 3d 602, 619 (S.D.N.Y. 2015) ("The plaintiff has alleged sufficient facts that raise a strong inference that Vaters and McCollum were aware of the revenue recognition problems that gave rise to the Restatement.") Interestingly, Defendants do not argue that Plaintiff has not adequately alleged loss causation and damages.

This matter is governed by the procedure set forth in the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). The PSLRA sets strict deadlines for a specific form of motion practice that follows the commencement of the matter. "The filing of a securities class action complaint triggers a cascade of deadlines under the PSLRA: (1) the plaintiffs have twenty days to publish a notice of the action informing class members of the deadline to file a motion to serve as lead plaintiff (§ 78u–4(a)(3)(A)(i)); (2) potential class members then have sixty days from the date of the notice to file lead plaintiff motions with the court (§ 78u–4(a)(3)(A)(i)(II)); and finally (3) within ninety days of the date of the notice, the court must consider any motions filed and appoint a lead plaintiff (§ 78u–4(a)(3)(B)(i))." *Gumm v. Molinaroli*, No. 16-CV-1093-PP, 2016 WL 6680462, at *2 (E.D. Wis. Nov. 14, 2016).

Here, the PSLRA early notice was issued on May 7, 2024. *See* Declaration of Phillip Kim, filed herewith ("Kim Decl."), Ex. 1. Therefore, Lead Plaintiff motions are due on July 8, 2024. 15 U.S.C. § 78u–4(a)(3)(A). Under the PSLRA, Lead Plaintiff has the authority act on behalf and bind the putative class. 15 U.S.C. § 78u–4(a)(3)(B). Any putative class member can make a lead plaintiff motion in response to the notice. *Id.* The PSLRA also contemplates that when related actions are filed during the 60-day notice period, they should be consolidated prior to a court's consideration of Lead Plaintiff motions. *Id.* Discovery is stayed upon the filing of a motion to dismiss. 15 U.S.C. § 78u–4(b)(3)(B).

For nearly the last 30 years since the passage of the PSLRA, courts in this Circuit and elsewhere and litigants, have interpreted these provisions to stay discovery from the outset of the case until the operative complaint or consolidated complaint filed by Lead Plaintiff(s) and Lead Counsel survives the motion to dismiss stage. *E.g. Walling v. Generac Holdings Inc et al*, 2:24CV00240 (E.D. Wis.) (accepting motion to dismiss briefing after the completion of lead

plaintiff-related motion practice and the filing of an amended complaint); *Shanaphy v. Kohls Corporation* et al, 2:22CV01016 (E.D. Wis.) (same); *Duncan v. Joy Global Inc* et al, 2:16CV01229 (E.D. Wis.) (deciding motion to dismiss after the completion of lead plaintiff-related motion practice and the filing of an amended complaint); *Gumm et al v. Molinaroli et al*, 2:16CV01093 (E.D. Wis.) (same); *Public Employees' Retirement System of Mississippi et al v. Roadrunner Transportation Systems Inc et al*, 2:17CV00144 (E.D. Wis.) (same); *see also, Allison v. Oak Street Health, Inc. et al*, 1:22CV00149 (N.D. Ill.) (same); *Chandler v. Ulta Beauty, Inc. et al*, 1:18CV01577 (N.D. Ill.) (same); *Burbige et al v. ATI Physical Therapy, Inc.*, 1:21CV04349 (N.D. Ill.) (same); *Construction Workers Pension Trust Fund -- Lake County and Vicinity v. Navistar International Corporation et al*, 1:13CV02111 (N.D. Ill.) (same); *Pugh v. Trib. Co.*, 521 F.3d 686, 692 (7th Cir. 2008) ("Pursuant to the Private Securities Litigation Reform Act of 1995 (PSLRA), the court appointed a lead plaintiff and lead counsel in the securities case. At that point, an amended consolidated class action complaint was filed.")[2]

---

[2] Courts in other Circuits are in accord. <u>Fifth Circuit</u>: *Oscar Private Equity Investments v. Allegiance Telecom, Inc., et al.*, No. 03-2761, 2004 WL 524943 (N.D. Tex. March 17, 2004) (denying defendants' motion to dismiss filed prior to appointment of lead plaintiff and lead plaintiff counsel as moot because plaintiff entitled to amend complaint*);* <u>Tenth Circuit</u>: *Spiegal, et al. v. Tenfold Corp., et al.*, No. 00-652 (Dkt. 36) (D. Utah Jan. 3, 2001) (denying defendants' motions to dismiss as a "waste of judicial resources" because a lead plaintiff had yet to be appointed); <u>Eleventh Circuit</u>: *Casey v. Windmere-Durable Holdings, Inc., et al.*, Case No. 98-2273-CV, Dkt. 17 (S.D. Fla. Dec. 9, 1998) (holding that no response to the defendant's motion to dismiss would be required until after the conclusion of the lead plaintiff process); <u>Fourth Circuit</u>: *City of Fort Lauderdale General Employees' Retirement System, et. al. v. VeriSign, Inc.* et al, 1:13CV00060, Dkt. 51 (E.D.Va) (same); <u>Ninth Circuit</u>: *Autumn Partners v. Remec, Inc.,* No. 04-cv-1948, Dkt. 20, (S.D. Cal. Nov. 12, 2004) (removing defendants' motions to dismiss three related actions off the calendar and deferring a decision on the pending motions to dismiss until the lead plaintiff(s) and lead counsel were determined by the court); <u>Third Circuit</u>: *Plumbers & Pipefitters Local Union No, 630 Pension Annuity Trust Fund v. Kenexa Corp., et al.*, No. 09-2642 (E.D. Pa.) (deciding motion to dismiss after the completion of lead plaintiff-related motion practice and the filing of an amended complaint); <u>First Circuit</u>: *Shash et al v. Biogen Inc.* et al, 1:21CV10479, (D. Mass.) (same); <u>Second Circuit</u>: *Birnbaum v. General Electric Company et al*, 1:19CV01013, (S.D.N.Y.) (same); <u>Sixth Circuit</u>: *Bettis v. Envision Healthcare Corporation et al*,

Not only does this approach comport with the PSLRA, case authorities, and practice in the securities litigation bar, it provides litigants an outcome on a pleading that has binding or preclusive impact on behalf the putative class.

Therefore, Defendants' motion to dismiss should be denied without prejudice and should be renewed after the filing of the operative complaint or consolidated complaint by Lead Plaintiff(s) and Lead Counsel.

Dated: June 28, 2024

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**
/s/ Phillip Kim
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: philkim@rosenlegal.com

---

3:17CV01112 (M.D. Tenn.) (same); Eighth Circuit: *Beaver County Employees' Retirement Fund et al v. Tile Shop Holdings, Inc. et al*, 0:14CV00786 (D. Minn.) (same).