| | |
|---|---|
| VIRAL KOTHARI, Individually and on behalf of all others similarly situated, <br><br>     Plaintiff, <br><br>     v. <br><br> HARBOR DIVERSIFIED, INC., CHRISTINE R. DEISTER, and LIAM MACKAY, <br><br>     Defendants. | Case No: 1:24-cv-00556-WCG <br><br> Judge: William C. Griesbach |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF VIRAL KOTHARI FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S <u>SELECTION OF COUNSEL</u>**

i

# **TABLE OF CONTENTS**

I. INTRODUCTION AND BACKGROUND ............................................................................ 1

II. ARGUMENT........................................................................................................................ 2

  A. MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF ......................................... 2

    1. Movant's Motion is Timely and Movant is Willing to Serve as a Class Representative. 3

    2. Movant Has The Largest Financial Interest in the Action ............................................... 4

    3. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure ................................................................................................................................... 5

      i. Movant's Claims are Typical ..................................................................................... 5

      ii. Movant is Adequate................................................................................................... 6

    4. Movant is Presumptively the Most Adequate Plaintiff .................................................... 6

  B. MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED........................... 7

III. CONCLUSION..................................................................................................................... 8

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*In re Bally Total Fitness, Sec. Litig.*,
2005 WL 627960 (N.D. Ill. Mar. 15, 2005) ................................................................... 4

*In re Cendant Corp. Litigation*,
264 F.3d 201 (3d Cir. 2001) ..................................................................................... 6, 7

*In re Fuwei Films Sec. Litig.*,
247 F.R.D. 432 (S.D.N.Y. 2008). .............................................................................. 4

*In re Livent, Inc. Noteholders Sec. Litig.*,
210 F.R.D. 512 (S.D.N.Y. 2002) ............................................................................... 6

*In re Olsten Corp. Secs. Litig.*,
3 F.Supp.2d 286 (E.D.N.Y. 1998)............................................................................... 4

*Lax v. First Merch. Acceptance Corp.*,
1997 WL 461036 (N.D. Ill. Aug. 11, 1997);.......................................................... 4, 5

*Maiden v. Merge Techs., Inc.*,
2006 WL 3404777 (E.D. Wis. Nov. 21, 2006) .......................................................... 4

*Mayo v. Apropos Tech., Inc.,*
2002 WL 193393 (N.D. Ill. Feb. 7, 2002).................................................................. 5

*Takara Trust v. Molex*,
229 F.R.D. 577 (N.D. Ill. 2005) ................................................................................. 4

**Statutes**

15 U.S.C. § 78u-4 ........................................................................................... *passim*

**Rules**

Fed. R. Civ. P. 23............................................................................................. *passim*

ii

Viral Kothari ("Movant") respectfully submits this memorandum of law in support of his motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)     appointing Movant as Lead Plaintiff for the Class of all persons and entities other than Defendants that purchased or otherwise acquired Harbor Diversified, Inc. ("Harbor Diversified" or the "Company") securities between May 10, 2022 and March 29, 2024, both dates inclusive ("Class Period"); and

(b)     approving Movant's selection of The Rosen Law Firm P.A. ("Rosen Law") as Lead Counsel for the Class.

## I.     INTRODUCTION AND BACKGROUND

This securities fraud class action was commenced by Movant and Rosen Law on May 7, 2024 against Harbor Diversified, Christine R. Deister, and Liam Mackay (collectively, "Defendants") asserting violations of Section 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder. That same day, Movant caused Rosen Law to issue a PSLRA early notice advising class members of the pendency of the action and the deadline for class members to seek lead plaintiff status. *See* Declaration of Phillip Kim, filed herewith ("Kim Decl."), Ex. 1.

Defendant Harbor Diversified describes itself as "a non-operating holding company that is the parent of a consolidated group of subsidiaries, including AWAC Aviation, Inc. ("AWAC"), which is the sole member of Air Wisconsin Airlines LLC ("Air Wisconsin"), a regional air carrier. Harbor is also the direct parent of three other subsidiaries: (1) Lotus Aviation Leasing, LLC ("Lotus"), which leases flight equipment to Air Wisconsin, (2) Air Wisconsin Funding LLC ("AWF"), which provides flight equipment financing to Air Wisconsin, and (3)

1

Harbor Therapeutics, Inc. ("Therapeutics"), which is a non-operating entity with no material assets."

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors that: (1) Harbor Diversified's financial statements from May 9, 2022 to the present were misstated due to improper revenue recognition; (2) Harbor Diversified lacked adequate internal controls; and (3) as a result, Defendants' statements about its business, operations, and prospects were materially false and misleading and/or lacked a reasonable basis at all times.

Then on March 29, 2024, Harbor Diversified filed with the SEC a current report on Form 8-K in which it announced that certain of its previously-issued financial statements would need to be restated as a result of improper revenue recognition. Further, Harbor Diversified disclosed a material weakness in its internal controls.

On this news, the price of Harbor Diversified stock fell $0.28, or 14.25%, to close at $1.73 per share on April 1, 2024, the next trading day.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## II. ARGUMENT

### A. MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. *See*, 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published

notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice …;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria and thus is entitled to the presumption that Movant is the most adequate plaintiff of the class and, therefore, should be appointed Lead Plaintiff.

### 1. Movant's Motion is Timely and Movant is Willing to Serve as a Class Representative

On May 7, 2024, pursuant to the PSLRA, Movant caused Rosen Law to publish a notice announcing that a securities class action had been filed against Defendants, and advising purchasers of Harbor Diversified securities that they had until July 8, 2024 to file a motion to be appointed as lead plaintiff. *See* Kim Decl., Ex. 1. Movant files the instant motion and submits herewith Movant's sworn certification attesting that he is willing to serve as a representative of the Class and willing to provide testimony at deposition and trial, if necessary. *See* Kim Decl., Ex. 2. Movant therefore satisfies the first PSLRA requirement that a putative lead plaintiff either file a complaint or make a motion in response to a published notice.

## 2. Movant Has The Largest Financial Interest in the Action

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff … is the person or group of persons that … has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii). This Court recognizes that largest financial interest is determined by assessing: "(1) the number of shares that the movant purchased during the putative class period; (2) the total net funds expended by the plaintiffs during the class period; and (3) the approximate losses suffered by the plaintiffs." *Maiden v. Merge Techs., Inc.*, 2006 WL 3404777, at *2 (E.D. Wis. Nov. 21, 2006). The consensus among courts is the greatest loss suffered is the most important factor. *Id.*; *see e.g., Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005) ("the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses."). Of the *Lax/Olsten*-styled[1] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period". *In re Bally Total Fitness, Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant: (i) purchased 5,211 shares of Harbor Diversified securities during the Class Period; (ii) expended $12,948 in net funds; and (iii) lost approximately $4,282 in connection with his purchases of Harbor Diversified securities. *See* Kim Decl., Ex. 3. Movant is not aware of any other individual or group that has suffered greater losses in Harbor Diversified securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

---

[1] *Lax v. First Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Secs. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

4

### 3. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that the Movant satisfies the requirements of Rule 23 is sufficient. At the lead plaintiff stage, "[a] wide-ranging analysis under Rule 23 is not appropriate and should be left for consideration of a motion for class certification. This inquiry, therefore, focuses on the qualities of the class representatives enumerated in [Rule] 23(a)(3) and 23(a)(4), that is, typicality and adequacy." *Mayo v. Apropos Tech., Inc.,* 2002 WL 193393, at *3 (N.D. Ill. Feb. 7, 2002) (citing *Lax.*, 1997 WL 461036, at *6).

### i. Movant's Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Maiden*, 2006 WL 3404777, at *4; *Mayo,* 2002 WL 193393 at *4; *In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516

(S.D.N.Y. 2002) (citations omitted). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Mayo,* 2002 WL 193393 at \*4.

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the federal securities laws by disseminating false and misleading statements concerning the business, operations, and financial prospects of Harbor Diversified. Movant, like all members of the Class, purchased Harbor Diversified securities at prices artificially inflated by Defendants' misrepresentations and omissions, and was damaged thereby. Movant's interests are closely aligned with other Class members' and are, therefore, typical of the other members of the Class.

### ii. Movant is Adequate

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a movant's claims and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d 201, 265 (3d Cir. 2001).

Movant has communicated with competent, experienced counsel concerning this case and has made this motion to be appointed lead plaintiff. Movant is not aware that any conflict exists between Movant's claims and those asserted on behalf of the Class.

### 4. Movant is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as lead plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)  will not fairly and adequately protect the interest of the class; or
>
> (bb)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

6

15 U.S.C. §78 u-4(a)(3)(b)(iii)(II).

The presumption that Movant is the most adequate lead plaintiff is not, therefore, subject to rebuttal. Movant has suffered substantial financial losses and believes he has the largest financial interest in this case of any timely lead plaintiff movant. The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses defendants could raise against him that would render Movant inadequate to represent the Class. Accordingly, Movant is presumptively the most adequate plaintiff and should be appointed lead plaintiff for the Class. *See In re Cendant Corp.*, 264 F.3d at 268.

Further, Movant holds an MBA and has over 20 years of investing experience. He lives in New Jersey.

### B.  MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law as Lead Counsel. The firm has been actively researching Movant's and the Class' claims, including filing this action, as well as reviewing publicly available documents while gathering information in support of the claims against Defendants. Furthermore, the firm has an extensive history of bringing significant recoveries to investors and is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in courts throughout the country. *See* Ex. 4 to Kim Decl. The firm has prosecuted numerous securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

7

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## III.    CONCLUSION

For the foregoing reasons, the Movant respectfully requests the Court issue an Order: (a) appointing the Movant as Lead Plaintiff of the Class; (b) approving Rosen Law as Lead Counsel for the Class; and (c) granting such other relief as the Court may deem to be just and proper.

Dated: July 8, 2024                                Respectfully submitted,

                                                          **THE ROSEN LAW FIRM, P.A.**

                                                          */s/Phillip Kim*
                                                          Phillip Kim
                                                          275 Madison Avenue, 40th Floor
                                                          New York, New York 10016
                                                          Telephone: (212) 686-1060
                                                          Fax: (212) 202-3827
                                                          Email: pkim@rosenlegal.com

                                                          *[Proposed] Lead Counsel for Plaintiff*
                                                          *And the Class*

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2024, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


*/s/ Phillip Kim*
Phillip Kim

9