UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

VIRAL KOTHARI, Individually and on behalf
of all others similarly situated,

        Plaintiff,

        v.

HARBOR DIVERSIFIED, INC., CHRISTINE
R. DEISTER, and LIAM MACKAY,

        Defendants.

No.: 1:24-cv-00556-WCG

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF
MOTION OF JON ARNE TOFT
FOR APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF
LEAD COUNSEL

# **TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ...................................................................................1

II. STATEMENT OF FACTS .........................................................................................2

III. ARGUMENT.............................................................................................................4

    A.    TOFT SHOULD BE APPOINTED LEAD PLAINTIFF .......................................4

        1.    Toft Is Willing to Serve as Class Representative.........................................5

        2.    Toft Has the "Largest Financial Interest" ....................................................6

        3.    Toft Otherwise Satisfies Rule 23's Requirements ......................................7

        4.    Toft Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses ..................................9

    B.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ..................................................................................................9

IV. CONCLUSION..........................................................................................................11

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Arreola v. Godinez*,
  546 F.3d 788 (7th Cir. 2008) ...................................................................................7

*Bristol County Ret. Sys. v. Allscripts Healthcare Solutions, Inc.*,
  No. 12 C 3297, 2012 U.S. Dist. LEXIS 161441 (N.D. Ill. Nov. 9, 2012) ...............................7

*Chandler v. Ulta Beauty, Inc.*,
  No. 18-cv-1577, 2018 U.S. Dist. LEXIS 107340 (N.D. Ill. June 26, 2018)..............................7

*City of Sterling Heights Gen. Emples. Ret. Sys. v. Hospira, Inc.*,
  No. 11 C 8332, 2012 U.S. Dist. LEXIS 54081 (N.D. Ill. Apr. 18, 2012)..................................8

*Gumm v. Molinaroli*,
  No. 16-CV-1093-PP, 2016 U.S. Dist. LEXIS 157155
  (E.D. Wis. Nov. 14, 2016) ...................................................................................7

*In re Comverse Technology, Inc. Securities Litigation*,
  No. 1:06-cv-01825 (E.D.N.Y.) ...........................................................................10

*In re Petrobras Securities Litigation*,
  No. 14-cv-09662 (S.D.N.Y.)................................................................................10

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
  311 F.R.D. 373 (S.D.N.Y. 2015) ........................................................................9

*Klein v. Altria Group, Inc. et al*,
  No. 3:20-cv-00075 (E.D. Va.) ............................................................................10

*Lax v. First Merchants Acceptance Corp.*,
  No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ..............................6, 7

*Maiden v. Merge Techs., Inc.*,
  Nos. 06-C-349 *et al.*, 2006 U.S. Dist. LEXIS 85635
  (E.D. Wis. Nov. 21, 2006) ..............................................................................6, 7, 9

*Mortimer v. Diplomat Pharmacy, Inc.*,
  No. 19 C 1735, 2019 U.S. Dist. LEXIS 120543 (N.D. Ill. Jul. 19, 2019) .........................7, 8, 9

*Riordan v. Smith Barney*,
  113 F.R.D. 60 (N.D. Ill. 1986)...........................................................................8

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
  589 F. Supp. 2d 388 (S.D.N.Y. 2008)..................................................................10

**Statutes**

15 U.S.C. § 78u-4 ............................................................................................... *passim*

Private Securities Litigation Reform Act of 1995 ............................................... *passim*

Securities Exchange Act of 1934 ...................................................................... 1, 6, 7

**Rules**

Fed. R. Civ. P. 23 ............................................................................................... *passim*

Movant Jon Arne Toft ("Toft") respectfully submits this Memorandum of Points and Authorities in support of his motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) appointing Toft as Lead Plaintiff on behalf of a class (the "Class") consisting of persons or entities who purchased or otherwise acquired publicly traded Harbor Diversified, Inc. ("Harbor" or the "Company") securities between May 10, 2022 and March 29, 2024 inclusive (the "Class Period"); and (2) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

## I. PRELIMINARY STATEMENT

The complaint ("Complaint") (Dkt. No. 1) in the above-captioned action (the "Action") alleges that the above-captioned defendants ("Defendants") defrauded investors in violation of the Exchange Act. Harbor investors, including Toft, incurred significant losses following the disclosure of the alleged fraud, which caused the prices of Harbor securities to fall sharply, damaging Toft and other Harbor investors.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant that possesses the largest financial interest in the outcome of the Action and that satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). During the Class Period, Toft: (1) purchased 20,000 shares of Harbor common stock; (2) expended $43,800 on his purchases of Harbor common stock; (3) retained 20,000 of his shares of Harbor common stock; and (4) as a result of the disclosure of the fraud, incurred losses of approximately $9,400. *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Exhibit ("Ex.") A. Accordingly, Toft believes that he has the

largest financial interest in the relief sought in this litigation. Beyond his considerable financial interest, Toft also meets the applicable requirements of Rule 23 because his claims are typical of absent Class members, and he will fairly and adequately represent the interests of the Class.

To fulfill his obligations as Lead Plaintiff and vigorously prosecute this Action on behalf of the Class, Toft has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume and discussed below.

Accordingly, Toft respectfully requests that the Court enter an Order appointing him as Lead Plaintiff for the Class and approving his selection of Pomerantz as Lead Counsel for the Class.

## II.    STATEMENT OF FACTS

As alleged in the Complaint, Harbor describes itself as "a non-operating holding company that is the parent of a consolidated group of subsidiaries, including AWAC Aviation, Inc. ('AWAC'), which is the sole member of Air Wisconsin Airlines LLC ('Air Wisconsin'), a regional air carrier. Harbor is also the direct parent of three other subsidiaries: (1) Lotus Aviation Leasing, LLC ('Lotus'), which leases flight equipment to Air Wisconsin, (2) Air Wisconsin Funding LLC ('AWF'), which provides flight equipment financing to Air Wisconsin, and (3) Harbor Therapeutics, Inc. ('Therapeutics'), which is a non-operating entity with no material assets." Complaint ¶ 7.

Harbor is incorporated in Delaware and its head office is located in Appleton, Wisconsin. *Id.* ¶ 8. Harbor's common stock trades on the OTC Market under the ticker symbol "HRBR". *Id.*

Throughout the Class Period, Defendants made materially false and/or misleading statements because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operations, and prospects, which were known to Defendants or recklessly disregarded by them: (1) Harbor's financial statements from May 9, 2022 to the filing of the Complaint were misstated due to improper revenue recognition; (2) Harbor lacked adequate internal controls; and (3) as a result, Defendants' statements about the Company's business, operations, and prospects were materially false and misleading and/or lacked a reasonable basis at all times. *See id.* ¶ 51.

On March 29, 2024, Harbor filed with the U.S. Securities and Exchange Commission a current report on Form 8-K in which it announced that certain of its previously issued financial statements would need to be restated as a result of improper revenue recognition (the "Restatement Announcement"). *Id.* ¶ 52. Further, Harbor disclosed a material weakness in its internal controls. *Id.*

Specifically, the Restatement Announcement stated, *inter alia*, that "[o]n March 26, 2024, the audit committee (the 'Audit Committee') of the board of directors of Harbor . . . concluded, after considering the recommendations of management, that the Company's previously issued (i) consolidated financial statements and related disclosures as of and for the year ended December 31, 2022 contained in the Company's Annual Report on Form 10-K, (ii) interim consolidated financial statements and related disclosures contained in the Quarterly Reports on Form 10-Q as of and for the first three quarters of the year ended December 31, 2022, and (iii) interim consolidated financial statements and related disclosures contained in the Quarterly Reports on Form 10-Q as of and for the first three quarters of the year ended December 31, 2023 (collectively, the 'Non-Reliance Periods') should no longer be relied upon

due to misstatements contained in such financial statements, and that such financial statements should be restated"; that "[t]he Audit Committee's conclusion was based on management's review of the accounting for certain revenue under the capacity purchase agreement (the 'United Agreement') previously entered into between [Air Wisconsin], a wholly owned subsidiary of the Company, and United Airlines, Inc. ('United')"; that "management determined that the decision to recognize all of the approximately $52.3 million in revenue and interest income (the 'Disputed Amounts') in the consolidated financial statements and related disclosures prepared for the Non-Reliance Periods relating to certain disputed amounts under the United Agreement was not consistent with Accounting Standards Codification Topic 606, Revenue from Contracts with Customers ('ASC 606')"; that "[t]he Company continues to assess the scope of the expected adjustments to the consolidated financial statements"; and that "[t]he Company will report a material weakness in internal control over financial reporting in its Annual Report on Form 10-K for the year ended December 31, 2023." *Id.* ¶ 53.

On this news, the price of Harbor stock fell by $0.28 per share, or 14.25%, to close at $1.73 on April 1, 2024. *Id.* ¶ 54.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's common shares, Toft and the other Class members have suffered significant losses and damages. *See id.* ¶ 55.

## III. ARGUMENT

### A. TOFT SHOULD BE APPOINTED LEAD PLAINTIFF

Toft should be appointed Lead Plaintiff because he has timely filed a motion for appointment as Lead Plaintiff, has the largest financial interest in this litigation to his knowledge, and otherwise strongly satisfies the requirements of Rule 23.

4

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). In addition, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to the Notice and to do so by the later of (1) 90 days after the date of publication or (2) as soon as practicable after the Court decides any pending motion to consolidate. *See id.* § 78u-4(a)(3)(B).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff. *Id.* § 78u-4(a)(3)(B)(i). The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Toft satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1. Toft Is Willing to Serve as Class Representative

On May 7, 2024, counsel for plaintiff in the Action caused the statutorily required Notice to be published via *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed on behalf of Harbor investors, and which advised investors in Harbor securities that they had until July 8, 2024—*i.e.*, 60 days from the

date of the Notice's publication—to file a motion to be appointed as Lead Plaintiff.  *See* Lieberman Decl., Ex. B.

Toft has filed the instant motion pursuant to the Notice and has attached a sworn Certification attesting that he is willing to serve as representative for the Class and to provide testimony at deposition and trial, if necessary.  *See id.*, Ex. C.  Accordingly, Toft satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2. Toft Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  To the best of his knowledge, Toft has the largest financial interest of any Harbor investor or investor group seeking to serve as lead plaintiff.  For claims arising under Section 10(b) of the Exchange Act, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period (also referred to as "retained shares"); (3) the total net funds expended during the class period; and (4) the approximate losses suffered. No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *17-18 (N.D. Ill. Aug. 6, 1997).  *See, e.g.*, *Maiden v. Merge Techs., Inc.*, Nos. 06-C-349 *et al.*, 2006 U.S. Dist. LEXIS 85635, at *8 (E.D. Wis. Nov. 21, 2006).

During the Class Period, Toft: (1) purchased 20,000 shares of Harbor common stock; (2) expended $43,800 on his purchases of Harbor common stock; (3) retained 20,000 of his shares of Harbor common stock; and (4) as a result of the disclosure of the fraud, incurred losses of approximately $9,400. *See* Lieberman Decl., Ex. A.  To the extent that Toft possesses the largest

financial interest in the outcome of this litigation, he is the presumptive "most adequate" plaintiff (15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb)) given that he also satisfies the requirements of Rule 23.

### 3.     Toft Otherwise Satisfies Rule 23's Requirements

For a lead plaintiff movant to secure the PSLRA's rebuttable presumption that it is the "most adequate plaintiff," it must also demonstrate that it "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). At this stage of the inquiry, courts "generally focus on only typicality and adequacy." *Gumm v. Molinaroli*, No. 16-CV-1093-PP, 2016 U.S. Dist. LEXIS 157155, at *14 (E.D. Wis. Nov. 14, 2016) (quoting *Lax*, U.S. Dist. LEXIS 11866, at *6); *see also Maiden*, 2006 U.S. Dist. LEXIS 85635, at *7 ("At this stage of the proceedings, only the typicality and adequacy of representation factors are considered under Rule 23."). A *prima facie* showing suffices for this determination. *See, e.g.*, *Mortimer v. Diplomat Pharmacy, Inc.*, No. 19 C 1735, 2019 U.S. Dist. LEXIS 120543, at *16 (N.D. Ill. Jul. 19, 2019) (finding movant "has satisfied its burden of making a preliminary showing that it satisfies Rule 23's requirements for lead plaintiff purposes"); *see also Chandler v. Ulta Beauty, Inc.*, No. 18-cv-1577, 2018 U.S. Dist. LEXIS 107340, at *13 (N.D. Ill. June 26, 2018) (same). Toft readily passes muster.

The typicality requirement of Rule 23(a)(3) requires that "'[a] claim . . . arises from the same event or practice or course of conduct that gives rise to the claims of other class members' and is 'based on the same legal theory.'" *Bristol County Ret. Sys. v. Allscripts Healthcare Solutions, Inc.*, No. 12 C 3297, 2012 U.S. Dist. LEXIS 161441, at *15-16 (N.D. Ill. Nov. 9, 2012) (quoting *Arreola v. Godinez*, 546 F.3d 788, 798 (7th Cir. 2008)).

Toft's claims are typical of those of the Class. Toft alleges, like other Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts and/or by omitting to disclose material facts

7

concerning Harbor. Toft, like other Class members, purchased or otherwise acquired publicly traded Harbor securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations and/or omissions that drove Harbor's share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." The class representative must also have a "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986); *Mortimer*, 2019 U.S. Dist. LEXIS 120543, at *12-13 (noting that a lead plaintiff meets the adequacy requirement if its claims are, *inter alia*, "'not antagonistic or in conflict with those of the class'" and "'it is represented by competent, experienced counsel who be able to prosecute the litigation vigorously'" (quoting *City of Sterling Heights Gen. Emples. Ret. Sys. v. Hospira, Inc.*, No. 11 C 8332, 2012 U.S. Dist. LEXIS 54081, at *25 (N.D. Ill. Apr. 18, 2012))).

Toft is an adequate representative for the Class. Here, Toft has submitted a sworn Certification declaring his commitment to protect the interests of the Class. *See* Lieberman Decl., Ex. C. There is no evidence of antagonism or conflict between Toft's interests and those of the Class, and Toft's significant financial interest demonstrates that he has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class. Moreover, Toft has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submits his choice of Pomerantz to the Court for approval as Lead Counsel for the Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

8

Further demonstrating his adequacy, Toft has submitted a sworn Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff appointed pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class. *See* Lieberman Decl., Ex. D.

### 4. Toft Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Toft as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa)    will not fairly and adequately protect the interest of the class; or

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Toft's ability and desire to fairly and adequately represent the Class has been discussed above.  Toft is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class.  Accordingly, Toft should be appointed Lead Plaintiff for the Class.

### B. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Mortimer*, 2019 U.S. Dist. LEXIS 120543, at *16.  The Court should not interfere with a lead plaintiff's selection unless necessary to "protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Maiden*, 2006 U.S. Dist. LEXIS 85635, at *14; *Kaplan v. S.A.C. Capital Advisors, L.P.*, 311

F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008))).

Here, Toft has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith. *See* Lieberman Decl., Ex. E. In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, the U.K., and Tel Aviv, Israel. *See id.* For more than 85 years, Pomerantz has represented defrauded investors. *See id.* As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010, and the $90 million settlement in *Klein v. Altria Group, Inc. et al*, No. 3:20-cv-00075 (E.D. Va.), in March 2022. *See id.*

As a result of its extensive experience in litigation involving issues similar to those raised in the instant Action, Toft's counsel, Pomerantz, has the skill, knowledge, expertise, and experience that will enable the firm to prosecute this Action effectively and expeditiously. Thus, the Court may be assured that by approving Toft's selection of Pomerantz as Lead Counsel, the members of the Class will receive the best legal representation available.

10

## IV.  CONCLUSION

For the foregoing reasons, Toft respectfully requests that the Court issue an Order: (1) appointing Toft as Lead Plaintiff for the Class; and (2) approving Toft's selection of Pomerantz as Lead Counsel for the Class.

Dated: July 8, 2024

Respectfully submitted,

**POMERANTZ LLP**

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
(New York State Bar Number 4161352)
J. Alexander Hood II
(New York State Bar Number 5030838)
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Jon Arne Toft and Proposed Lead
Counsel for the Class*
