UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

VIRAL KOTHARI, individually and
on behalf of all others similarly situated,

      Plaintiff,

      v.                      Case No. 24-C-556

HARBOR DIVERSIFIED, INC.,
CHRISTINE R. DEISTER, and
LIAM MACKAY,

      Defendants.

---

## ORDER APPOINTING LEAD PLAINTIFF, APPROVING CHOICE OF COUNSEL, AND STAYING BRIEFING DEADLINES ON PENDING MOTION TO DISMISS

---

On May 7, 2024, Plaintiff Viral Kothari filed this securities fraud action against Defendants Harbor Diversified, Inc., Christine R. Deister, and Liam Mackay. The complaint alleges that Harbor investors incurred significant losses following Harbor's disclosure that certain of its previously issued financial statements would need to be restated due to improper revenue recognition, causing Harbor securities to fall sharply. On June 7, 2024, Defendants moved to dismiss the complaint for failure to state a claim. Dkt. No. 7. On July 7, 2024, before Defendants' motion to dismiss was fully briefed, Kothari and Movant Jon Arne Toft filed competing motions for appointment as lead plaintiff and approval of lead counsel. Dkt. Nos. 13 & 16. The following day, Kothari withdrew his motion, conceding that he is not the presumptive lead plaintiff. Dkt. No. 20. For the following reasons, the court will grant Toft's motion for appointment as lead plaintiff and approval of lead counsel, stay all briefing deadlines in Defendants' motion to dismiss, and hold Defendants' motion in abeyance pending Toft's filing of an amended complaint.

The Private Securities Litigation Reform Act ("PSLRA") provides a timeline of actions that plaintiffs must take in this action. The Act provides in relevant part:

> "Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class—
>
> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class."

15 U.S.C. § 78u-4(a)(3)(A)(i). The principal criterion for appointment of the lead plaintiff involves the rebuttable presumption that the lead plaintiff should be the movant with the "largest financial interest" in the case. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). This presumption may be rebutted if it is shown, *inter alia,* that the party with the largest financial interest cannot adequately protect the interests of the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

In this case, notice was published on May 7, 2024 and, 60 days later, Kothari and Toft filed their competing motions to serve as lead plaintiff. Dkt. No. 14 at 3; Dkt. No. 17 at 9. Further, the movant with the largest financial interest in this case is Toft, whose loss attributed to the alleged fraud totals approximately $9,400. Dkt. No. 17 at 10. Kothari, the only other movant who had originally sought lead plaintiff status, has conceded that he does not appear to have the largest financial interest in the case. Dkt. No. 20. Thus, because Toft meets the criteria of the PSLRA, and because there is no effort to rebut the presumption that Toft is the appropriate lead plaintiff, his motion will be granted. Similarly, his choice of counsel is also approved, as it appears that the firm has significant experience in securities litigation. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) (the lead plaintiff "shall, subject to Court approval, select and retain counsel to represent the Class.").

Moreover, because Toft did not file the operative complaint in this action, which is subject to Defendants' pending motion to dismiss, he has represented that he intends to file an amended complaint if appointed lead plaintiff. Dkt. No. 22 at 2. Based upon this representation, the court will stay any further briefing deadlines in Defendants' pending motion to dismiss and will hold that motion in abeyance for 60 days, pending lead plaintiff's filing of an amended complaint. If and when an amended complaint is filed, Defendants' pending motion to dismiss will become moot.

In sum, Toft's motion to be appointed as lead plaintiff (Dkt. No. 16) is **GRANTED**, and his choice of counsel is **APPROVED**. Defendants' motion to dismiss (Dkt. No. 7) is held in **ABEYANCE for 60 days** and all briefing deadlines are **STAYED**, pending lead plaintiff's filing of an amended complaint.

**SO ORDERED** at Green Bay, Wisconsin this 11th day of July, 2024.

s/ William C. Griesbach
William C. Griesbach
United States District Judge