

Direct: 414-287-9348
dkonkel@gklaw.com

July 12, 2024

**VIA ECF**
Honorable William C. Griesbach, U.S.D.J.
United States District Court
Eastern District of Wisconsin
United States Courthouse, Room 203
125 South Jefferson Street
Green Bay, WI 54301-4541

> RE:   *Kothari v. Harbor Diversified, Inc., et al.*
>        Eastern District of Wisconsin Case No. 1:24-cv-00556-WCG

Dear Judge Griesbach:

For the reasons stated in Defendants Harbor Diversified, Inc., Christine R. Deister and Liam Mackay's reply in support of their motion to dismiss, Defendants ask the Court to reconsider its order holding the motion to dismiss in abeyance pending the potential filing of an amended complaint.  ECF No. 23.  No litigant should benefit from the filing of a frivolous complaint in any proceeding, and particularly not a proceeding subject to the heightened requirements of the Reform Act.  If after the court dismisses this action, some investor decides to initiate a case in good faith after conducting the required pre-suit investigation, he or she will remain able to do so at any time.

What has happened here, however, looks suspiciously like another member of the plaintiff's bar trying to rescue his colleague from the inevitable consequences of filing a frivolous complaint.  No such slight of hand should be allowed by this Court because it is contrary to the plain language of the Reform Act's procedural requirements.  *See, e.g.*, *Valerius v. Geraghty*, 2010 U.S. Dist. LEXIS 161540, at *4 (E.D. Pa. 2010).

> In addition, Plaintiffs' contention that the "interests of efficiency and the orderly administration of this case militate in favor of postponing the motions to dismiss" is belied by the circumstances presented. Since Plaintiffs issued their press release to members of the purported class on February 4th, not a single class member has moved to serve as lead plaintiff. Nor have Plaintiffs Valerius and Maffia moved to consolidate their respective Complaints. In these circumstances, staying consideration of Defendants' Motions to Dismiss would undermine—rather than further—the goals of the PSLRA. *See In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002) (the PSLRA was enacted "to provide a filter at the earliest stage (the pleading stage) to screen out lawsuits that have no factual basis").

OFFICES IN MILWAUKEE, MADISON, GREEN BAY, APPLETON, AND EAU CLAIRE, WISCONSIN AND WASHINGTON, D.C.

GODFREY & KAHN IS A MEMBER OF TERRALEX®, A WORLDWIDE NETWORK OF INDEPENDENT LAW FIRMS.

Case 1:24-cv-00556-WCG   Filed 07/12/24   Page 1 of 2   Document 25

Honorable William C. Griesbach, U.S.D.J.
July 12, 2024
Page 2


Moreover, both plaintiffs are attempting to subvert the Reform Act in the same manor. Neither plaintiff wants to invest in attempting to investigate, plead, and publish a potentially viable claim only to have some other, larger investor swoop in and take control of the class. But that is precisely what the Reform Act requires through its notice procedures, as discussed in Defendants' reply brief. The Court's scheduling order inadvertently enables this subversion of Congress' intent and rewards the unethical and improper use of a placeholder complaint to gain control of a putative class action without first having to at least attempt to plead a viable claim. Accordingly, we respectfully ask the Court to consider the arguments set forth in the now fully briefed motion to dismiss without delay.

Very truly yours,

GODFREY & KAHN, S.C.

David R. Konkel

4886-3505-5512v1/101468-0015