

**Jeremy A. Lieberman**
Managing Partner

July 15, 2024

<u>VIA ECF</u>

Hon. William C. Griesbach, U.S.D.J.
United States District Court
Eastern District of Wisconsin
United States Courthouse Room 203
125 South Jefferson Street
Green Bay, Wisconsin 54301-4541

RE: *Toft v. Harbor Diversified, Inc.*, *et al.*, 1:24-cv-00556-WCG

Dear Judge Griesbach:

Pomerantz LLP is Lead Counsel for the putative Class in the above-referenced action (the "Action"). We write in response to the letter filed by Defendants in this Action on July 12, 2024, urging the Court "to reconsider" its Order entered on July 11, 2024, in which the Court appointed Jon Arne Toft and Pomerantz as, respectively, Lead Plaintiff and Lead Counsel, and held the Defendants' motion to dismiss the initial Complaint in abeyance, pending Lead Plaintiff's filing of an Amended Complaint (the "Order"). Dkt. No. 23.

As a threshold matter, Defendants' request for relief should have been filed as a motion, in compliance with the requirements of Civil L. R. 7 (Forms of Motions and Other Papers). Civil L. R. 7(a) provides, *inter alia*, that "[e]very motion must state the statute or rule pursuant to which it is made" and "must be accompanied by (1) a supporting memorandum . . . ; or (2) a certificate stating that no memorandum or other supporting papers will be filed." Defendants have done none of these things, and their disregard for the Local Rules of this Judicial District is basis enough to deny their procedurally improper request. *See* Civil L. R. 7(d) ("Sanction for Noncompliance. Failure to comply with the briefing requirements in Civil L. R. 7(a)-(b) may result in sanctions up to and including the Court denying or granting the motion.").

Moreover, even assuming *arguendo* that Defendants had properly filed their request as a motion, there is no basis whatsoever for reconsideration of the Court's Order. Reconsideration only "serve[s] a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Zurich Cap. Mkts. Inc. v. Coglianese*, 383 F. Supp. 2d 1041, 1045 (N.D. Ill. 2005) (quoting *Publishers Res. Inc. v. Walker–Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985)). Here, Defendants have not identified a single error of law or fact in the Court's Order, nor

600 Third Avenue, New York, NY 10016  Main: 212.661.1100  Direct: 646.581.9971  jalieberman@pomlaw.com

NEW YORK • CHICAGO • LOS ANGELES • LONDON • PARIS • TEL AVIV

www.pomlaw.com



adduced any newly discovered evidence. Rather, to the extent that Defendants' position can be discerned, it reflects only dissatisfaction with the Court's ruling coupled with an apparent hostility toward, and/or a gross misunderstanding of, the Private Securities Litigation Reform Act ("PSLRA") generally. Although Defendants' letter describes a nefarious conspiracy among "member[s] of the plaintiff's bar" "to subvert" the PSLRA by engaging in procedural "slight (sic) of hand" (*see* Dkt. No. 25 at 1-2), what actually happened is precisely what the PSLRA contemplates: one member of the Class (Mr. Kothari) filed the initial Complaint in this Action, and the Court ultimately appointed a different Class member (Mr. Toft) to serve as Lead Plaintiff. It is unclear how this Court has "subver[ted]" the PSLRA by following the statute's instructions to the letter.

Finally, Defendants' submission variously accuses Mr. Toft as seeking to "benefit from the filing of a frivolous complaint"; contrasts his conduct with that of a hypothetical litigant "intiat[ing] a case in ***good*** faith" (emphasis added); accuses one "member of the plaintiff's bar [*i.e.*, Pomerantz]" of "trying to rescue his colleague from the inevitable consequences of filing a frivolous complaint" via "slight (sic) of hand"; argues that Mr. Toft is "attempting to subvert the [PSLRA] in the same manor (sic)" as the initial plaintiff Mr. Kothari purportedly did; and claims that Mr. Toft has benefited from "the unethical and improper use of a placeholder complaint". *See* Dkt. No. 25. There is no basis whatsoever to Defendants' irresponsible and unfounded claims, and Defendants' evident readiness to cast meritless *ad hominem* aspersions at the outset of this litigation is counterproductive to the orderly and efficient prosecution of this Action.

Accordingly, on behalf of Mr. Toft, we respectfully request that the Court deny Defendants' improper and baseless request for reconsideration of its Order.

Respectfully submitted,

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman

cc:     All counsel of record (via ECF)