

The Rosen Law Firm

INVESTOR COUNSEL

Phillip Kim
philkim@rosenlegal.com

July 17, 2024

<u>**VIA ECF**</u>

Hon. William C. Griesbach, U.S.D.J.
United States District Court
Eastern District of Wisconsin
United States Courthouse Room 203
125 South Jefferson Street
Green Bay, Wisconsin 54301-4541

     RE: *Toft v. Harbor Diversified, Inc., et al.*, 1 :24-cv-00556-WCG

Dear Judge Griesbach:

    We write on behalf of Plaintiff Viral Kothari in response to the Defendants July 12, 2024, letter asking the Court to reconsider its July 11, 2024, Order (1) appointing a lead plaintiff and (2) holding Defendants' motion to dismiss the Complaint in abeyance until the filing of an Amended Complaint. We respond specifically to clarify a few points of law as to the Defendants' request to reconsider the portion of the order staying the motion to dismiss, as Mr. Kothari withdrew his lead plaintiff motion as he did not have the largest financial interest of the competing movants under the PSLRA.

    First, Defendants do not state a basis for reconsideration. Motions for reconsideration "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *United States v. Dyer*, 2022 WL 2803509, at *1 (E.D. Wis. July 17, 2022) (internal citations omitted). Therefore, "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1270 (7th Cir. 1996). Here, in repeating the argument that traditional PSLRA motion practice is unethical, Defendants do just that. Defendants do not present new evidence, or raise a manifest error of law or fact; as such, Defendants do not meet the standard for reconsideration.

    Moreover, while continuing to insist that the Complaint is frivolous, Defendants do not adequately engage with the standard for a pleading to be considered "frivolous." The standard for frivolity as to a pleading is not whether it will ultimately survive a motion to dismiss, as Defendants claim the Complaint will not, but whether it is risible – "if you start laughing when repeating the argument, then it's frivolous." *Mars Steel Corp. v. Cont'l Bank N.A.*, 880 F.2d 928, 934 (7th Cir. 1989). Defendants' conflation of the two standards is all the more galling where, in their motion

THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 40TH FLOOR ♦ NEW YORK, NY 10016 ♦ TEL: (212) 686-1060 ♦ FAX: (212) 202-3827

Case 1:24-cv-00556-WCG    Filed 07/17/24    Page 1 of 2    Document 28

to dismiss, Defendants only challenge two of the six elements[1] of the securities claim—falsity and scienter. As plaintiff explained in his response to Defendants' motion to dismiss, plaintiff has alleged facts showing falsity and scienter. *See* Dkt. No. 11 at fn 1. Not surprisingly, Defendant's reply is devoid of any discussion of plaintiff's argument or authorities in this regard.

Additionally, Defendants' interpretation of the PSLRA is unsupported by applicable precedent, and is therefore without merit. Overwhelming authority favors the order already entered by the Court. Defendants cite no precedent in this District or Circuit in support of their position, instead relying on a single E.D. Pa order that ruled against postponing the motion to dismiss for purposes of efficiency. As Plaintiff has previously shown, the prevailing interpretation of the PSLRA in that district, as in every other district, is in line with the briefing schedule so ordered by this Court, and the case cited by Defendants represents a sole outlier. *See* Dkt. No. 11 at 3 (collecting cases).[2] Regardless, as noted *supra*, Defendants' decision to repeat this argument *ad nauseum* is not procedurally appropriate on a motion for reconsideration.

Finally, Defendants' personal attacks on counsel in this matter are not well-taken and are false. The idea that the pleading and motion practice procedure followed by Plaintiff's counsel is "unethical and improper" is specious in light of Plaintiff's demonstrated accordance with accepted practice in the securities bar and courts in this District and throughout the nation.

As such, for the reasons stated above, Plaintiff respectfully requests that this Court deny Defendants' request for reconsideration of its Order.

Respectfully submitted,

*/s/Phillip Kim*
Phillip Kim

Cc: All counsel of record (via ECF)

---

[1] These elements are "(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." *Singer v. Reali,* 883 F.3d 425, 438 (4th Cir. 2018) (internal citations omitted.)

[2] The prevailing PSLRA procedure is also consistent with FRCP 15. Rule 15(a)(1)(B) allows a plaintiff to amend a complaint as a matter of right in response to a motion to dismiss. Here, that is effectively what Lead Plaintiff is doing.

THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 40TH FLOOR ♦ NEW YORK, NY 10016 ♦ TEL: (212) 686-1060 ♦ FAX: (212) 202-3827

Case 1:24-cv-00556-WCG    Filed 07/17/24    Page 2 of 2    Document 28