UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JON ARNE TOFT, individually and
on behalf of all others similarly situated,

    Plaintiff,

    v.                Case No. 24-C-556

HARBOR DIVERSIFIED, INC.,
CHRISTINE R. DEISTER, and
LIAM MACKAY,

    Defendants.

## ORDER DENYING MOTION TO RECONSIDER

  On May 7, 2024, Plaintiff Viral Kothari filed this securities fraud action against Defendants Harbor Diversified, Inc., Christine R. Deister, and Liam Mackay, alleging that Harbor investors incurred significant losses when Harbor securities fell sharply after Harbor disclosed that certain of its previously issued financial statements would need to be restated due to improper revenue recognition. On June 7, 2024, Defendants moved to dismiss the complaint for failure to state a claim. Dkt. No. 7. On July 7, 2024, before Defendants' motion to dismiss was fully briefed, Kothari and Jon Arne Toft filed competing motions for appointment as lead plaintiff and approval of lead counsel, in compliance with the mandatory procedures of the Private Securities Litigation Reform Act (PSLRA). Dkt. Nos. 13 &16. Because Kothari conceded that he is not the presumptive lead plaintiff, the Court appointed Toft as lead plaintiff, stayed all briefing deadlines in Defendants' motion to dismiss, and held Defendants' motion in abeyance pending Toft's filing of an amended complaint. Dkt. No. 23. Defendants followed up with a letter requesting that the

Court reconsider its decision to hold their motion to dismiss in abeyance. Dkt. No. 25. Defendants' request is denied.

First, the Court notes that Defendants' request for reconsideration fails to comply with the Federal Rules of Civil Procedure because it should have been filed as a motion. *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."). In addition to stating the relief sought in writing, which they did, Defendants' motion should have stated "with particularity the grounds for seeking the order" and followed the appropriate form. *See* Fed. R. Civ. P. 7(b)(2). Specifically, Defendants should have indicated they were seeking reconsideration under the Court's inherent authority to reconsider its nonfinal orders reflected in Fed. R. Civ. P. 54(b). *See Civix-DDI, LLC v. Hotels.com, LP*, 904 F. Supp. 2d 864, 866 (N.D. Ill. 2012) (citing *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983)) ("every order short of a final decree is subject to reopening at the discretions of the . . . judge"). But that is only a technical defect that the Court, in its discretion and in its desire to cut to the chase, frequently overlooks.

Even if Defendants had submitted their request in the appropriate form, the Court would be disinclined to grant their request for reconsideration. The general rule governing Rule 12(b)(6) motions to dismiss is that "[u]nless it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend after granting a motion to dismiss." *Barry Aviation v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004). Thus, even if Defendants' motion to dismiss would be granted, Plaintiff would be given leave to amend. Given this, it makes no sense for the Court to expend the time and effort to decide and issue an opinion as to whether a complaint, which is certain to be replaced, states a claim. Moreover, Defendants concede that investors like the appointed lead plaintiff would remain free "to initiate a case in good faith after conducting the required pre-suit investigation."

2

Dkt. No. 25 at 1.  Any such new action would presumably be subject to the same procedures to appoint lead plaintiff that have already taken place in this case.  *See* 15 U.S.C. § 78u-4(a)(3).

Therefore, in the interest of efficiency and saving judicial resources, the Court denies Defendants' request for reconsideration, Dkt. No. 25.  Defendants' motion to dismiss, Dkt. No. 7, continues to be held in abeyance pending Toft's filing of an amended complaint.  As requested, Toft shall have sixty days, or until September 10, 2024, to do so.  If Toft fails to file an amended complaint, no further delay will be allowed and the Court will proceed to decide the pending motion.  If, on the other hand, an amended complaint is filed, Defendants' pending motion to dismiss the original complaint will be denied moot.

**SO ORDERED** at Green Bay, Wisconsin this 18th day of July, 2024.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge