| | |
|---|---|
| JON ARNE TOFT, Individually and on behalf of all others similarly situated, | Case No. 1:24-cv-00556-WCG |
| Plaintiff, | |
| v. | |
| HARBOR DIVERSIFIED, INC., CHRISTINE R. DEISTER, and LIAM MACKAY | |
| Defendants, | |

### DECLARATION OF PHILLIP KIM IN OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS UNDER RULE 11

I, Phillip Kim, declare;

1.     I am a Partner at The Rosen Law Firm, P.A. ("RLF"), counsel for Viral Kothari ("Plaintiff"). I have personal knowledge of the facts set forth herein.  I submit this Declaration in Opposition to Defendants' Motion for Sanctions Under Rule 11 (Dkt. No. 30).

2.     I am admitted to practice law in the State of New York, before this Court, and various other federal district and appellate courts.

3.     I have been representing investors in securities class actions governed by the Private Securities Litigation Reform Act of 1995 ("PSLRA") since 2005 when I joined RLF.  Prior to joining RLF, I was an Assistant Corporation Counsel for the City of New York in the Special Federal Litigation Division, representing police, fire, and correctional officers in 42 U.S.C. § 1983 cases.

1

4. I have never been sanctioned under Fed. R. Civ. P. Rule 11, 28 U.S.C. § 1927, or by any state or federal court or bar.

5. In mid to late April 2024, my staff alerted me to Harbor Diversified, Inc.'s ("Harbor" or the "Company") financial restatement.

6. I then reviewed details of Harbor's restatement, including Harbor's U.S. Securities and Exchange Commission ("SEC") filings and stock price movements. After my review and based on my experience, I believed that a plausible claim under the Securities Exchange Act of 1934 ("Exchange Act") existed. Specifically, I was satisfied that falsity of Harbor's financial statements could be alleged given the $52.3 million restatement of revenue was material and due to accounting error. An accounting error is a term of art used for, among other things, errors that existed at the time the financial statements were made. I also reviewed the applicable accounting rules and regulations that the Company claimed were violated. Further, Harbor's admission of inadequate internal controls relating to revenue recognition also bolstered my belief that a plausible claim under the Exchange Act existed. I believed that the scienter element could be met given that the Company admitted in its SEC filings, during the Class Period, that there was a dispute relating to the purchase agreement between one of Harbor's subsidiaries and United Airlines, Inc. ("United") and that Harbor served notices of termination of the Untied agreement. An essential element of revenue recognition is collectability. Collectability was in doubt given the disputed contract and terminated contract which Defendants were aware of. I believed that there would be additional evidentiary support for these facts after further investigation or discovery.

7. Then, I instructed an associate at RLF to draft a complaint. Upon receiving the draft complaint, I reviewed it and conferred with the associate about my comments.

2

8. Thereafter, I conferred with the client, Mr. Kothari, who reviewed and approved the filing of the Complaint.

9. On May 7, 2024, I reviewed the filing version of the Complaint, approved the signing of my name, and directed my staff to electronically file the Complaint.

**EXHIBITS**

10. Attached hereto are true and correct copies of the following:

Exhibit 1: Excerpts of Harbor's 10-Q filed on May 9, 2022, 10-Q filed on August 10, 2022, 10-Q filed on November 21, 2022, 10-K filed on April 3, 2023, 10-Q filed on May 15, 2023, 10-Q filed on August 14, 2023, and 10-Q filed on November 14, 2023. (SEC Filings);

Exhibit 2: Excerpt of Accounting Standards Codification Topic 606, Revenue from Contracts with Customer;

Exhibit 3: A table of securities class actions created by an associate under my direction from data listed on the Stanford Law School Securities Class Action Clearinghouse website, http://securities.stanford.edu, comparing the pages of initial complaints to amended complaints in PSLRA cases;

Exhibit 4: Research reports about Harbor during the Class Period; and

Exhibit 5: A table of weekly turnover of Harbor's float I prepared from trading data sourced from Yahoo! Finance.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 16, 2024.


*/s/ Phillip Kim*
Phillip Kim

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on August 16, 2024, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Phillip Kim*
Phillip Kim