UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JON ARNE TOFT, *individually and
on behalf of all others similarly situated*,

      Plaintiff,

      v.                                      Case No. 24-C-556

HARBOR DIVERSIFIED, INC.,
CHRISTINE R. DEISTER,
LIAM MACKAY, and
GREGG GARVEY,

      Defendants.

## ORDER DENYING DEFENDANTS' MOTION FOR SANCTIONS WITHOUT PREJUDICE

On May 7, 2024, Viral Kothari filed this federal securities fraud class action against Harbor Diversified, Inc., and two of its top officials, Christine R. Deister and Liam Mackay. On July 11, 2024, the court appointed Jon Arne Toft as Lead Plaintiff, stayed all briefing deadlines, and gave Toft sixty days to file an amended complaint. While briefing deadlines were stayed, Defendants Harbor, Diester, and Mackay filed a motion for sanctions against Kothari and his counsel under Federal Rule of Civil Procedure 11.

Sanctions and the Private Securities Litigation Reform Act (PSLRA), 15 U.S.C. § 78u–4, have a unique relationship. In line with the statute's purpose of curbing "abusive litigation by private parties," *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 313 (2007), the PSLRA requires that, "upon final adjudication of the action, the court shall include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive

pleading, or dispositive motion." 15 U.S.C. § 78u–4(c)(1). Thus, it is the court's duty "to determine whether to impose sanctions even if the defendants ha[ve] not invited [the court's] attention to the issue." *City of Livonia Emps.' Ret. Sys. & Loc. 295/Loc. 851 v. Boeing Co.*, 711 F.3d 754, 761 (7th Cir. 2013) (citing other sources). The PSLRA's mandatory sanctions provision does not, however, prevent a party from flagging potentially sanctionable conduct for the court before final adjudication of a case. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 579 F.3d 143, 155 (2d Cir. 2009).

By filing a motion for sanctions, Defendants have flagged potential sanctionable conduct for the court. But because the court must consider whether sanctions are appropriate in all PSLRA cases, regardless of whether a motion is filed, and cannot decide the issue until final adjudication of the case, Defendants' motion for sanctions (Dkt. No. 30) will be **DENIED without prejudice** as premature. Defendants may refile the motion after final adjudication of the case.

**SO ORDERED** at Green Bay, Wisconsin this 30th day of January, 2025.

_____
William C. Griesbach
United States District Judge