| | |
|---|---|
| JON ARNE TOFT, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HARBOR DIVERSIFIED, INC., CHRISTINE R. DEISTER, LIAM MACKAY, and GREGG GARVEY,<br><br>Defendants, | Case No. 1:24-cv-00556-WCG<br><br>Judge: William C. Griesbach |

**DECLARATION OF PHILLIP KIM IN OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS UNDER RULE 11 AND IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR RULE 11 SANCTIONS**

I, Phillip Kim, declare;

1. I am a Partner at The Rosen Law Firm, P.A. ("RLF"), counsel for Viral Kothari ("Plaintiff" or "Kothari"). I have personal knowledge of the facts set forth herein. I submit this Declaration in Opposition to Defendants' Motion for Sanctions Under Rule 11 (Dkt. No. 49) and in Support for Plaintiff's Cross-Motion for Rule 11 Sanctions.

2. I am admitted to practice in law in the State of New York, before this Court, and various other federal district and appellate courts.

3. I have been representing investors in securities class actions governed by the Private Securities Litigation Reform Act of 1995 ("PSLRA") since 2005 when I joined RLF. Prior to joining RLF, I was an Assistant Corporation Counsel for the City of New York in the Special

1

Federal Litigation Division, representing police, fire, and correctional officers in 42 U.S.C. § 1983 cases.

4.     I have never been sanctioned under Fed. R. Civ. P. Rule 11, or by any state or federal court or bar.

5.     RLF has never been sanctioned under Fed. R. Civ. P. Rule 11.

6.     In mid-to-late April 2024, my staff alerted me to Harbor Diversified, Inc.'s ("Harbor" or the "Company") financial restatement.

7.     I then reviewed details of Harbor's restatement, including Harbor's U.S. Securities and Exchange Commission ("SEC") filings and stock price movements. After my review and based on my experience, I believed that a plausible claim under the Securities Exchange Act of 1934 ("Exchange Act") existed. Specifically, I was satisfied that falsity of Harbor's financial statements could be alleged given the $52.3 million restatement of revenue was material and due to an accounting error.  An accounting error is a term of art used for, among other things, errors that existed at the time the financial statements were made. I also reviewed the applicable accounting rules and regulations that the Company claimed were violated. Further, Harbor's admission of inadequate internal controls relating to revenue recognition also bolstered my belief that a plausible claim under the Exchange Act existed. I believed that the scienter element could be met given that the Company admitted in its SEC filings, during the Class Period, that there was a dispute relating to the purchase agreement between one of Harbor's subsidiaries and United Airlines, Inc. ("United") and that Harbor served notices of termination of the United agreement. An essential element of revenue recognition is collectability. Collectability was in doubt given the disputed contract and terminated contract of which Defendants were aware.  I believed that there would be additional evidentiary support for these facts after further investigation or discovery.

2

8. Then, I instructed an associate at RLF to draft a complaint. Upon receiving the draft complaint, I reviewed it and conferred with the associate about my comments.

9. Thereafter, I conferred with the client, Mr. Kothari, who reviewed and approved the filing of the Complaint.

10. On May 7, 2024, I reviewed the filing version of the Complaint, approved the signing of my name, and directed my staff to electronically file the Complaint.

11. Defendants claimed in their first Rule 11 Motion (Dkt. No. 31) that RLF brought and litigated *Valdes v. Kandi Techs. Grp. Inc.*, 2024 WL 1348697, at * 7 (S.D.N.Y. March 29, 2024). RLF did not file or otherwise litigate that case, and stated as much in opposing the first Rule 11 Motion (*see* Dkt. No. 34). Despite being put on notice that this contention was false, Defendants argue again in their renewed Rule 11 Motion that RLF was involved in that case (*see* Dkt. No. 50).

12. In their reply in support of their first Rule 11 Motion (Dkt. No. 36), Defendants argued that RLF was involved in litigating *Plumbers & Pipefitters Nat'l Pension Fund v. Orthofix Int'l N.V.,* 89 F. Supp. 3d 602, 618 (S.D.N.Y. 2015) and *City of Brockton Ret. Sys. v. Shaw Grp. Inc.*, 540 F. Supp. 2d 464, 472 (S.D.N.Y. 2008). This is false.

## EXHIBITS

13. Attached hereto are true and correct copies of the following:

Exhibit 1: Excerpts of Harbor's 10-Q filed on May 9, 2022, 10-Q filed on August 10, 2022, 10-Q filed on November 21, 2022, 10-K filed on April 3, 2023, 10-Q filed on May 15, 2023, 10-Q filed on August 14, 2023, and 10-Q filed on November 14, 2023. (SEC Filings);

3

Exhibit 2:	Excerpt of Accounting Standards Codification Topic 606, Revenue from Contracts with Customer; and

Exhibit 3:	A table of securities class actions created by an associate under my direction from data listed on the Stanford Law School Securities Class Action Clearinghouse website, http://securities.stanford.edu, comparing the pages of initial complaints to amended complaints in PSLRA cases.

Exhibit 4:	Data retrieved from Bloomberg showing Harbor's market capitalization at the time RLF filed its complaint.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 31, 2025.


*/s/ Phillip Kim*
Phillip Kim

**CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2025, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Phillip Kim*
Phillip Kim