UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JON ARNE TOFT, Individually
and on behalf of all others
similarly situated,

    Plaintiff,

    v.

HARBOR DIVERSIFIED, INC.,
CHRISTINE R. DEISTER, LIAM
MACKAY, and GREGG
GARVEY.

    Defendants.

**Case No: 1:24-cv-00556-WCG**

**LEAD PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SANCTIONS**

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................ 1

ARGUMENT ...................................................................................................................... 3

    A.    Defendants Should Be Sanctioned Under Rule 11 ................................................. 3

        1.    Standard for Rule 11 Sanctions ..................................................... 3

        2.    Defendants Repeatedly Flouted the PSLRA's Statutory Provisions ........... 4

        3.    Defendants' Request for Reconsideration Also Warrants Sanctions ........... 9

        4.    Defendants' Rule 11 Motion Warrants Sanctions ..................................... 13

        5.    Defendants Made False Representations to the Court ............................. 18

    B.    The Court Should Sanction Defense Counsel Pursuant to 28 U.S.C. §1927 ........ 20

    C.    Lead Plaintiff Should Be Awarded His Full Attorneys' Fees and Costs ............... 22

CONCLUSION .................................................................................................................. 22

i

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Allison v. Dugan*,
  951 F.2d 828 (7th Cir. 1992) ................................................................................................14

*Allison v. Oak St. Health, Inc.*,
  22-cv-00149 (N.D. Ill.) ........................................................................................................5

*Autumn Partners LLC v. Remec, Inc.*,
  No. 04-cv-01973 (S.D. Cal. Nov. 12, 2004) ........................................................................6

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*,
  906 F.2d 1185 (7th Cir.1990) ...............................................................................................9

*Bettis v. Envision Healthcare Corp.*,
  17-cv-01112 (M.D. Tenn.) ...................................................................................................6

*Birnbaum v. Gen. Elec. Co.*,
  19-cv-01013 (S.D.N.Y.) ........................................................................................................6

*Bovinett v. HomeAdvisor, Inc.*,
  2020 U.S. Dist. LEXIS 51187 (N.D. Ill. Mar. 23, 2020) .....................................................9

*Brannon v. Westgate Resorts*,
  Inc., 2021 U.S. Dist. LEXIS 2317 (M.D. Fla. Jan. 5, 2021) ...............................................16

*Brunt v. Service Employees Int'l Union*,
  284 F.3d 715 (7th Cir. 2002) ..............................................................................................16

*Burbige v. ATI Physical Therapy, Inc.*,
  21-cv-04349 (N.D. Ill.) ........................................................................................................5

*Casey v. Windmere-Durable Holdings, Inc.*,
  No. 98-cv-02273 (S.D. Fla. Jan. 26, 1999) ...........................................................................6

*Chandler v. Ulta Beauty, Inc.*,
  18-cv-01577 (N.D. Ill.) ........................................................................................................5

*City of Fort Lauderdale Gen. Emps.' Ret. Sys. v. VeriSign, Inc.*,
  No. 13-cv-00060 (E.D. Va. Mar. 11, 2013) ..........................................................................6

*CIVIX–DDI, LLC v. Hotels.com, LP*,
  904 F. Supp. 2d 864 (N.D. Ill. 2012) ..................................................................................12

*Claudet v. First Federal Credit Control, Inc.*,
   2015 U.S. Dist. LEXIS 165076 (M.D. Fla. Nov. 17, 2015) ......................................................20

*Consol. Doors, Inc. v. Mid-Am. Door Co.*,
   120 F. Supp. 2d 759 (E.D. Wis. 2000)......................................................................................14

*Construction Workers Pension Tr. Fund -- Lake Cnty. & Vicinity v. Navistar Int'l Corp.*,
   13-cv-02111 (N.D. Ill.) ................................................................................................................6

*Crot v. Byrne*,
   1989 U.S. Dist. LEXIS 3439 (N.D. Ill. Mar. 29, 1989)...........................................................11

*Dal Pozzo v. Basic Machinery Co., Inc.*,
   463 F.3d 609 (7th Cir. 2006) ...................................................................................................20

*Deere & Co. v. Deutsche Lufthansa Aktiengesellschaft*,
   1987 U.S. Dist. LEXIS 4500 (N.D. Ill. May 29, 1987), *aff'd in part, vacated in part on other grounds*, 855 F.2d 385 (7th Cir. 1988) ...........................................11

*Duncan v. Joy Glob. Inc.*,
   16-cv-01229 (E.D. Wis.)..............................................................................................................5

*Dura Pharms., Inc. v. Broudo*,
   544 U.S. 336 (2005)...................................................................................................................18

*Eastway Const. Corp. v. City of New York*,
   762 F.2d 243 (2d Cir. 1985).......................................................................................................14

*Falls v. Paries*,
   2023 U.S. App. LEXIS 5712 (7th Cir. 2023) ...........................................................................10

*Fishoff v. Coty, Inc.*,
   2010 U.S. Dist. LEXIS 6242 (S.D.N.Y. Jan 25, 2010)............................................................13

*FM Prods. v. Classic Gears & Machining Inc.*,
   2020 U.S. Dist. LEXIS 180427 (E.D. Wis. Sep. 30, 2020)........................................................2

*Fries v. Helsper*,
   146 F.3d 452 (7th Cir. 1998) ..............................................................................................4, 10

*Gumm v. Molinaroli*,
   16-cv-01093 (E.D. Wis.)..............................................................................................................5

*Gumm v. Molinaroli*,
   2016 U.S. Dist. LEXIS 157155 (E.D. Wis. Nov. 14, 2016) ........................................................4

Case 1:24-cv-00556-WCG     Filed 03/31/25     Page 4 of 29     Document 59

*Harlyn Sales Corp. Profit Sharing Plan v. Investment Portfolios-Government Plus Fund*,
142 F.R.D. 671 (N.D. Ill. 1992), *aff'd sub nom. Harlyn Sales Corp. Profit Sharing Plan v. Kemper Fin. Servs., Inc.*, 9 F.3d 1263 (7th Cir. 1993) ..................................13

*in Ipcon Collections LLC v. Costco Wholesale Corp.*,
698 F.3d 58 (2d Cir. 2012)..................................................................................14

*In re Central Ice Cream Co.*,
1986 U.S. Dist. LEXIS 17420 (N.D. Ill. Nov. 21, 1986)......................................20

*In re Turquoise Hill Res. Ltd. Sec. Litig.*,
No. 1:13-cv-08846 (S.D.N.Y.)........................................................................18, 19

*Intellect Wireless, Inc. v. Sharp Corp.*,
87 F. Supp. 3d 817 (N.D. Ill. 2015) .....................................................................21

*Jackson v. City of Markham*,
1991 U.S. Dist. LEXIS 11693 (N.D. Ill. Aug. 22, 1991)......................................11

*Kapco Mfg. Co. v. C & O Enters.*,
886 F.2d 1485 (7th Cir. 1989) .............................................................................21

*Mars Steel Corp. v. Cont'l Bank N.A.*,
880 F.2d 928 (7th Cir. 1989) (en banc) .............................................................3, 11

*Matlin v. Spin Master Corp.*,
2019 U.S. Dist. LEXIS 96906 (N.D. Ill. June 10, 2019), *aff'd*, 979 F.3d 1177 (7th Cir. 2020)........................................................................................................4

*Mazurek v. Metalcraft of Mayville*,
110 F.4th 938 (7th Cir. 2024) ..............................................................................16

*Mullen v. Butler*,
91 F.4th 1243 (7th Cir. 2004) ..............................................................................21

*Oscar Private Equity Invs. v. Allegiance Telecom, Inc.*,
2004 U.S. Dist. LEXIS 4169 (N.D. Tex. March 17, 2004) .....................................6

*Oto v. Metro Life Ins. Co.*,
224 F.3d 601 (7th Cir. 2000) .................................................................................9

*Pension Tr. Fund for Operating Engineers v. Kohl's Corp.*,
895 F.3d 933 (7th Cir. 2018) ...............................................................................14

*Plumbers & Pipefitters Loc. Union No, 630 Pension Annuity Tr. Fund v. Kenexa Corp.*,
No. 09-2642 (E.D. Pa.) ..........................................................................................6

*Premier Com. Corp. v. FMC Corp.*,
139 F.R.D. 670 (N.D. Cal. 1991) ................................................................................................19

*Pugh v. Trib. Co.*,
521 F.3d 686 (7th Cir. 2008) .........................................................................................................6

*Ret. Fund v. Tile Shop Holdings, Inc.*,
14-CV-00786 (D. Minn.) ...............................................................................................................6

*Ret. Sys. of Miss. v. Roadrunner Transp. Sys. Inc.*,
17-cv-00144 (E.D. Wis.).................................................................................................................5

*Robinson v. Alutiq-Mele, LLC*,
643 F. Supp. 2d 1342 (S.D. Fla. 2009) .......................................................................................21

*Rodick v. City of Schenectady*,
1 F.3d 1341 (2d Cir. 1993).........................................................................................................14

*Roe v. Nevada*,
621 F. Supp. 2d 1039 (D. Nev. 2007)..........................................................................................19

*Royce v. Michael R. Needle, P.C.*,
158 F. Supp. 3d 708 (N.D. Ill. 2016), *amended*, 2016 U.S. Dist. LEXIS 12916
(N.D. Ill. Feb. 2, 2016).................................................................................................................4

*Shanaphy v. Kohls Corp.*,
22-cv-01016 (E.D. Wis.).................................................................................................................5

*Shash v. Biogen Inc.*,
21-cv-10479 (D. Mass.) .................................................................................................................6

*Sigworth v. City of Aurora*,
487 F.3d 506 (7th Cir. 2007) .....................................................................................................10

*Spiegal v. Tenfold Corp.*,
No. 00-cv-00652 (D. Utah Jan. 3, 2001).................................................................................6, 7

*Thomas Land & Dev., LLC v. Vratsinas Constr. Co.*,
2019 U.S. Dist. LEXIS 138484 (S.D. Cal. Aug. 14, 2019) .......................................................16

*United States v. Beyer*,
2011 U.S. Dist. LEXIS 63994 (E.D. Wis. June 15, 2011).............................................................9

*Valdes v. Kandi Techs. Grp., Inc.*,
No. 2:20-cv-06042 (E.D.N.Y.) ...................................................................................................19

*Valerius v. Geraghty*,
2010 U.S. Dist. LEXIS 161540 (E.D. Pa. Feb. 23, 2010) ...........................................................8

*Walling v. Generac Holdings Inc.*,
24-cv-00240 (E.D. Wis.)........................................................................................5

*Zurich Cap. Mkts. Inc. v. Coglianese*,
383 F. Supp. 2d 1041 (N.D. Ill. 2005) ..................................................................9

**Statutes**

Private Securities Litigation Reform Act of 1995 ................................................ *passim*

28 U.S.C. §1927.........................................................................................................20

**Rules**

Fed. R. Civ. P. 7........................................................................................................11

Fed. R. Civ. P. 8........................................................................................................18

Fed. R. Civ. P. 11 ................................................................................................. *passim*

Fed. R. Civ. P. 15......................................................................................................10

Fed. R. Civ. P. 23........................................................................................................5

Fed. R. Civ. P. 54......................................................................................................12

Civil Local Rule 7......................................................................................................11

**Other Authorities**

Georgene M. Vairo, *Rule 11 Sanctions: Case Law Perspectives and Preventive Measures* §4.01[c][3][F] (2d ed. Supp. 1994) ........................................................13

The Manual for Complex Litigation, §31.4 (4th ed. 2004) ..........................................6

2 Moore's Federal Practice, §11.22(1)(d) (Matthew Bender 3d ed.) ...........................22

**INTRODUCTION**

Sanctions are warranted against Defendants on multiple grounds. In their arduous quest to punish plaintiffs' counsel, Defendants repeatedly disregarded the provisions and application of the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Specifically, Defendants insisted that the Court rule on their motion to dismiss the original complaint before the Court appointed a lead plaintiff in accordance with the strictures of the PSLRA and despite the certainty of amendment thereafter. When opposing the dismissal motion, The Rosen Law Firm ("RLF"), which represented original plaintiff Viral Kothari, explicitly put Defendants on notice that their motion was hopelessly premature, outlining the process contemplated by the PSLRA and informing them that "[f]or nearly the last 30 years since the passage of the PSLRA, courts in this Circuit and elsewhere and litigants, have interpreted these provisions to stay discovery from the outset of the case until the operative complaint or consolidated complaint filed by Lead Plaintiff(s) and Lead Counsel survives the motion to dismiss stage." ECF No. 11 at 2-3 (listing district court cases from each circuit court in the country). In compliance with the PSLRA, the Court appointed plaintiff Jon Arne Toft as Lead Plaintiff, Pomerantz LLP as Lead Counsel, and stayed the briefing deadlines on the pending motion to dismiss the Kothari complaint. ECF No. 23. The Court explained that "because Toft did not file the operative complaint in this action, which is subject to Defendants' pending motion to dismiss, he has represented that he intends to file an amended complaint if appointed lead plaintiff [and] [b]ased upon this representation, the court will stay any further briefing deadlines in Defendants' pending motion to dismiss and will hold that motion in abeyance for 60 days, pending lead plaintiff's filing of an amended complaint. If and when an amended complaint is filed, Defendants' pending motion to dismiss will become moot." *Id*. at 3.

1

Even after opposing counsel *and* the Court put Defendants on notice regarding their misguided pursuit, they persisted in raising patently frivolous claims unsupported in law or fact, urging the Court via a letter that flouted the local rules to "consider the arguments set forth in the now fully briefed motion to dismiss without delay." ECF No. 25 at 2. Defendants also cast baseless aspersions on plaintiff's counsel, accusing Pomerantz—without a shred of evidence—of a nefarious "slight [sic] of hand" designed "to rescue" "another member of the plaintiff's bar" "from the inevitable consequences of filing a frivolous complaint." *Id*. Worse, Defendants blamed the Court for "enabl[ing] th[is] subversion of Congress' intent and reward[ing] the unethical and improper use of a placeholder complaint to gain control of a putative class action . . . " *Id*. This baseless accusation was prompted by the simple act of Pomerantz filing a lead plaintiff motion on behalf of Toft pursuant to the dictates of the PSLRA. The Court was firm in its denial of Defendants' reconsideration request: "it makes no sense for the Court to expend the time and effort to decide and issue an opinion as to whether a complaint, which is certain to be replaced, states a claim." ECF No. 29 at 2.

Persisting with their vexatious conduct, Defendants now bring a baseless Rule 11 motion ("Sanctions Motion"; ECF No. 50) to punish Pomerantz for its zealous advocacy in filing a well-pleaded amended complaint in a case where Defendants admitted to making false and misleading statements to investors for a period of two years, causing the company to restate its publicly filed financial statements by significant amounts. While ultimately unsuccessful, the amended complaint could not in any credible way be considered frivolous. As this Court has previously held, even if "Plaintiff's positions [are] ultimately unsuccessful, they are not sanctionable under Rule 11" unless they are completely "devoid of arguable merit." *FM Prods. v. Classic Gears & Machining Inc.,* 2020 U.S. Dist. LEXIS 180427, at *4 (E.D. Wis. Sep. 30, 2020) (J. Griesbach).

2

Moreover, while wholly unsupported by Seventh Circuit precedent, Defendants' Sanctions Motion includes multiple falsities that competent legal research or the record in this case would have revealed.

If any party or counsel should be sanctioned, it ought to be Defendants and their counsel for making patently frivolous and unsupported claims in an attempt to smear plaintiffs and their counsel.[1]

## ARGUMENT

### A. Defendants Should Be Sanctioned Under Rule 11

With regard to sanctions, the PSLRA requires that, "upon final adjudication of the action," a district court deciding a securities fraud suit must include specific findings in the record as to whether *all parties and all attorneys* have complied with each of the certification elements of Rule 11(b). 15 U.S.C. §78u-4(c)(1). During the course of this litigation, Defendants repeatedly took frivolous legal positions, made false accusations, and filed motions to harass plaintiffs (including a request for reconsideration, a Rule 11 motion for sanctions against RLF, and the instant Sanctions Motion), motivated largely by what appears to be their disdain for plaintiffs' securities lawyers. Their conduct epitomizes bad faith and should be sanctioned.

#### 1. Standard for Rule 11 Sanctions

"Rule 11 creates duties to one's adversary and to the legal system . . . . The duty to one's adversary is to avoid needless legal costs and delay. The duty to the legal system . . . is to avoid clogging the courts with paper that wastes judicial time . . . ." *Mars Steel Corp. v. Cont'l Bank N.A.*, 880 F.2d 928, 932 (7th Cir. 1989) (en banc). For this reason, Rule 11 requires an attorney "presenting to the court a pleading . . . or other paper" to certify that "the claims . . . are warranted

---

[1] Lead Plaintiff does not seek sanctions against local counsel, Godfrey & Kahn SC.

3

by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law" and that "it is not being presented for any improper purpose, such as to harass." Fed. R. Civ. P. 11(b).

Under Rule 11(c), sanctions may be imposed for "making arguments or filing claims that are frivolous, legally unreasonable, without foundation, or asserted for an improper purpose." *Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir. 1998). "[A] frivolous argument or claim is one that is 'baseless and made without a reasonable and competent inquiry.'" *Id*. at 458 (citation omitted). When a party is represented by counsel, courts may impose monetary sanctions on a party or its attorneys for violating Rule 11(b)(3) with unsupported factual assertions, and on counsel for violating Rule 11(b)(2) with unsupported legal conclusions. Fed. R. Civ. P. 11(c)(5)(a); *Royce v. Michael R. Needle, P.C.*, 158 F. Supp. 3d 708, 724-25 (N.D. Ill. 2016), *amended*, 2016 U.S. Dist. LEXIS 12916 (N.D. Ill. Feb. 2, 2016); *see also Matlin v. Spin Master Corp.*, 2019 U.S. Dist. LEXIS 96906, at *1-3 (N.D. Ill. June 10, 2019), *aff'd*, 979 F.3d 1177 (7th Cir. 2020).

### 2. Defendants Repeatedly Flouted the PSLRA's Statutory Provisions

As a securities fraud class action, this case is governed by the PSLRA. The PSLRA sets clear and specific motion practice procedures that follow the commencement of such actions. Specifically, "[t]he filing of a securities class action complaint triggers a cascade of deadlines under the PSLRA: (1) the plaintiffs have twenty days to publish a notice of the action informing class members of the deadline to file a motion to serve as lead plaintiff (§78u–4(a)(3)(A)(i)); (2) potential class members then have sixty days from the date of the notice to file lead plaintiff motions with the court (§78u–4(a)(3)(A)(i)(II)); and finally (3) within ninety days of the date of the notice, the court must consider any motions filed and appoint a lead plaintiff (§78u–4(a)(3)(B)(i))." *Gumm v. Molinaroli*, 2016 U.S. Dist. LEXIS 157155, at *5-6 (E.D. Wis. Nov. 14,

4

2016). Under the PSLRA, the lead plaintiff can select and retain class counsel, subject to court approval. 15 U.S.C. §78u-4(a)(3)(B)(v).

Congress's intent in enacting the PSLRA was, in part, to provide an orderly process to govern class actions alleging violations of the federal securities laws. Pursuant to the statute, after the expiration of the statutory lead plaintiff motion deadline, "the court . . . shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members," *i.e.*, the "most adequate plaintiff." 15 U.S.C. §78u-4(a)(3)(B)(i). The court's "most adequate plaintiff" inquiry requires a determination of which movant possesses the "largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(A)(iii). The court-appointed lead plaintiff is then responsible for pursuing the putative class's claims by prosecuting the class action against the defendants, by filing an amended complaint that supersedes the initial complaint as the operative pleading.

Since the passage of the PSLRA in 1995, courts throughout the country have accepted and considered motions to dismiss only *after* the court-designated lead plaintiff filed their amended complaint. *See Walling v. Generac Holdings Inc.*, 24-cv-00240 (E.D. Wis.) (accepting motion to dismiss briefing after the completion of lead plaintiff-related motion practice and the filing of an amended complaint); *Shanaphy v. Kohls Corp.*, 22-cv-01016 (E.D. Wis.) (same); *Duncan v. Joy Glob. Inc.*, 16-cv-01229 (E.D. Wis.) (deciding motion to dismiss after the completion of lead plaintiff-related motion practice and the filing of an amended complaint); *Gumm v. Molinaroli*, 16-cv-01093 (E.D. Wis.) (same); *Pub. Emps.' Ret. Sys. of Miss. v. Roadrunner Transp. Sys. Inc.*, 17-cv-00144 (E.D. Wis.) (same); *Allison v. Oak St. Health, Inc.*, 22-cv-00149 (N.D. Ill.) (same); *Chandler v. Ulta Beauty, Inc.*, 18-cv-01577 (N.D. Ill.) (same); *Burbige v. ATI Physical Therapy,*

*Inc.*, 21-cv-04349 (N.D. Ill.) (same); *Construction Workers Pension Tr. Fund -- Lake Cnty. & Vicinity v. Navistar Int'l Corp.*, 13-cv-02111 (N.D. Ill.) (same); *Pugh v. Trib. Co.*, 521 F.3d 686, 692 (7th Cir. 2008) ("Pursuant to the Private Securities Litigation Reform Act of 1995 (PSLRA), the court appointed a lead plaintiff and lead counsel in the securities case. At that point, an amended consolidated class action complaint was filed.").[2] The Manual for Complex Litigation provides the same, stating that "[i]mmediately after assignment of the litigation, the judge should consider entering an order suspending the time for all defendants to respond to the complaint in cases where a motion to consolidate is pending or a lead plaintiff has not been selected, as the initial complaint is likely to be amended." §31.4 (4th ed. 2004).

As this Court acknowledged, this practice is warranted because it avoids wasting judicial resources that a court would otherwise be forced to expend on considering arguments raised by defendants on the initial complaint that is almost certain to be superseded once the court selects

---

[2] Courts outside the Seventh Circuit agree. Fifth Circuit: *Oscar Private Equity Invs. v. Allegiance Telecom, Inc.*, 2004 U.S. Dist. LEXIS 4169, at *6-8 (N.D. Tex. March 17, 2004) (denying defendants' motion to dismiss filed prior to appointment of lead plaintiff and lead plaintiff counsel as moot because plaintiff entitled to amend complaint); Tenth Circuit: *Spiegal v. Tenfold Corp.*, No. 00-cv-00652 (D. Utah Jan. 3, 2001), ECF No. 36 (denying defendants' motions to dismiss as a "waste of judicial resources" because a lead plaintiff had yet to be appointed); Eleventh Circuit: *Casey v. Windmere-Durable Holdings, Inc.*, No. 98-cv-02273 (S.D. Fla. Jan. 26, 1999), ECF No. 40 (holding that no response to the defendant's motion to dismiss would be required until after the conclusion of the lead plaintiff process); Fourth Circuit: *City of Fort Lauderdale Gen. Emps.' Ret. Sys. v. VeriSign, Inc.*, No. 13-cv-00060 (E.D. Va. Mar. 11, 2013), ECF No. 26 (same); Ninth Circuit: *Autumn Partners LLC v. Remec, Inc.*, No. 04-cv-01973 (S.D. Cal. Nov. 12, 2004), ECF No. 20 (removing defendants' motions to dismiss off the calendar and deferring a decision until the lead plaintiff(s) and lead counsel were determined by the court, in the "interest[] of judicial economy"); Third Circuit: *Plumbers & Pipefitters Loc. Union No, 630 Pension Annuity Tr. Fund v. Kenexa Corp.*, No. 09-2642 (E.D. Pa.) (deciding motion to dismiss after the completion of lead plaintiff-related motion practice and the filing of an amended complaint); First Circuit: *Shash v. Biogen Inc.*, 21-cv-10479 (D. Mass.) (same); Second Circuit: *Birnbaum v. Gen. Elec. Co.*, 19-cv-01013 (S.D.N.Y.) (same); Sixth Circuit: *Bettis v. Envision Healthcare Corp.*, 17-cv-01112 (M.D. Tenn.) (same); Eighth Circuit*: Beaver Cnty. Emps.' Ret. Fund v. Tile Shop Holdings, Inc.*, 14-CV-00786 (D. Minn.) (same).

the presumptive lead plaintiff and the amended complaint is filed. *See, e.g.*, ECF No. 29 ("it makes no sense for the Court to expend the time and effort to decide and issue an opinion as to whether a complaint, which is certain to be replaced, states a claim."); *Spiegal v. Tenfold Corp.*, No. 00-cv-00652 (D. Utah Jan. 3, 2001), ECF No. 36 (denying defendants' motions to dismiss as a "waste of judicial resources" because a lead plaintiff had yet to be appointed).

In utter disregard of the PSLRA, Defendants moved to dismiss the initial complaint filed by plaintiff Kothari (represented by the Rosen law firm) *before* the time expired for potential class members to file lead plaintiff motions with the court, *before* the court had the opportunity to consider competing lead plaintiff motions, and *before* an amended complaint was filed. ECF Nos. 7-8. Defendants had a duty to educate themselves about the PSLRA and the accompanying motion practice before filing their premature motion. If they did not, plaintiff Kothari's opposition put them directly on notice of their wasteful motion. *See* ECF No. 11 (opposing motion to dismiss as premature). The opposition described in painstaking detail how the PSLRA works both in theory and in practice. *Id*. at 2-3.

On July 11, 2024, the Court issued an Order appointing movant Toft as Lead Plaintiff, approving his choice of counsel, Pomerantz, as Lead Counsel, and "hold[ing] Defendants' motion to dismiss in abeyance pending Toft's filing of an amended complaint." ECF No. 23 at 1 ("Lead Plaintiff Order"). The Court explained that "because Toft did not file the operative complaint in this action, which is subject to Defendants' pending motion to dismiss, he has represented that he intends to file an amended complaint if appointed lead plaintiff." *Id*. at 3. Thus, the Court held Defendants' pending motion to dismiss "in abeyance for 60 days, pending lead plaintiff's filing of an amended complaint." *Id*. It stated that "when an amended complaint is filed, Defendants' pending motion to dismiss will become moot." *Id*.

7

Undeterred—and in utter disregard of the Court's Lead Plaintiff Order and the PSLRA's provisions—on July 12, 2024, Defendants filed a Reply Memorandum of Law in Support of Their Motion to Dismiss. ECF No. 24. Dredging up *one* out-of-circuit case that is an obvious *outlier*, *Valerius v. Geraghty*, 2010 U.S. Dist. LEXIS 161540 (E.D. Pa. Feb. 23, 2010), Defendants frivolously insisted that deferring consideration on their motion to dismiss *undermines* the PSLRA's purpose. ECF No. 24 at 1. (emphasis added). Ignoring the Lead Plaintiff Order appointing *Toft* Lead Plaintiff, which underscored that Toft intended to file an amended complaint with Lead Counsel, Defendants frivolously argued that *Kothari*'s "new complaint may or may not contain any substantive amendments—*Kothari* makes no such promises." *Id*. at 6.

Based on this plainly wrong contention, Defendants unscrupulously argued that the "request to treat the complaint as a mere placeholder cannot be reconciled with the Reform Act, which is meant 'to provide a filter at the earliest stage (the pleading stage) to screen out lawsuits that have no factual basis . . . [and] [t]o make it easier for innocent defendants to get cases against them dismissed early in the process.'" *Id*. at 6 (alterations in original) (citation omitted). Accordingly, they insisted that their "[m]otion to [d]ismiss is [n]ot [p]remature." *Id*. at 7. Defendants' arguments were clearly fallacious and defendants knew so, particularly since both counsel for plaintiffs *and* the Court underscored their lack of merit. *See* ECF No. 11 (Kothari's Opposition to Defendants' Motion to Dismiss, asking that the Court deny without prejudice Defendants' motion to dismiss the Kothari complaint); ECF No. 22 (Pomerantz's letter to the Court seeking denial of Defendants' motion to dismiss the Kothari complaint as moot pending the appointment of Lead Plaintiff and the filing of an amended complaint by Lead Plaintiff); ECF No. 23 (Order Appointing Lead Plaintiff, Approving Choice of Counsel, and Staying Briefing Deadlines on Pending Motion to Dismiss). Defendants' continued advocacy of frivolous arguments

warrants sanctions. Fed. R. Civ. P. 11(b), (c)(1) (allowing sanctions on party or counsel who "later advocat[es]" a prior filing's baseless claim); *Bovinett v. HomeAdvisor, Inc.*, 2020 U.S. Dist. LEXIS 51187, at *20 (N.D. Ill. Mar. 23, 2020) ("Burying one's head in the sand is not an acceptable litigation tactic.").

### 3. Defendants' Request for Reconsideration Also Warrants Sanctions

Compounding those frivolous arguments, and without citation to the applicable provisions under which relief from the Court's Lead Plaintiff Order was sought, on July 12, 2024, Defendants baselessly demanded that the Court "reconsider its order holding the motion to dismiss in abeyance pending the potential filing of an amended complaint." ECF No. 25 at 1. It is black letter law that motions for reconsideration are disfavored and should be "rare." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990) (citation omitted); *United States v. Beyer*, 2011 U.S. Dist. LEXIS 63994, at *1-2 (E.D. Wis. June 15, 2011) (citation omitted). Reconsideration only "serve[s] a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Zurich Cap. Mkts. Inc. v. Coglianese*, 383 F. Supp. 2d 1041, 1045 (N.D. Ill. 2005) (quoting *Publishers Res. Inc. v. Walker- Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Here, Defendants failed to identify a single error of law or fact in the Court's Order, nor adduced any newly discovered evidence. Rather, to the extent that Defendants' position could be discerned, it reflected only dissatisfaction with the Court's ruling,

9

coupled with an apparent hostility toward, and/or a gross misunderstanding of, the PSLRA.[3]

Defendants knew or should have known based on controlling precedent that a motion for reconsideration may not be used simply to re-litigate issues that have already been decided. *Sigworth v. City of Aurora*, 487 F.3d 506, 512 (7th Cir. 2007). But they did it anyway. Defendants raised the bogus argument that "[i]f after the court dismisses this action, some investor decides to initiate a case in good faith after conducting the required pre-suit investigation, he or she will remain able to do so at any time." ECF No. 25 at 1. But another investor (Toft) *did* move for lead plaintiff and *did* inform the Court of his intention to file an amended complaint in accordance with the PSLRA.

Defendants compounded their obstinacy by accusing "member[s] of the plaintiffs' bar" (*i.e.*, RLF and Pomerantz) of concocting a scheme "to subvert" the PSLRA by engaging in procedural "slight [sic] of hand." ECF No. 25 at 1-2. Defendants launched this broadside without producing even a scintilla of evidence to support such an explosive allegation. Their "scurrilous allegations are unfounded" and themselves warrant the imposition of sanctions. *Fries*, 146 F.3d at 459 ("the only evidence of improper conduct consists of the [defendants'] own baseless accusations that court officials were personally biased and abused their authority and that a conspiracy existed," warranting sanctions); *Falls v. Paries*, 2023 U.S. App. LEXIS 5712, at *5 (7th Cir. 2023) (Rule 11 sanctions affirmed for frivolous claim that a "conspiracy" existed between opposing party and a judge).

In truth, what actually occurred is precisely what the PSLRA contemplates: one member of the proposed class (Kothari) filed the initial complaint, and the Court ultimately appointed a

---

[3] The PSLRA procedure is also consistent with FRCP 15. Rule 15(a)(1)(B) allows a plaintiff to amend a complaint as a matter of right in response to a motion to dismiss.

10

different proposed class member with larger losses (Toft) to serve as Lead Plaintiff. Rather than "subvert[ing]" "Congress' intent and reward[ing] the unethical and improper use of a placeholder complaint to gain control of a putative class action without first having to at least attempt to plead a viable claim," (ECF No. 25 at 2) the Court followed the statute's instructions to the letter. Defendants' persistence of a legally and factually infirm argument warrants sanctions. *See Mars Steel*, 880 F.2d at 937 (affirming district court's imposition of sanctions for a renewed motion to strike that had been presented orally and overruled by the court, which lacked factual and legal support); *Deere & Co. v. Deutsche Lufthansa Aktiengesellschaft*, 1987 U.S. Dist. LEXIS 4500, at *9-15 (N.D. Ill. May 29, 1987) (imposing sanctions for defendant's unsupported motions for reconsideration, which placed rejected arguments before the Court), *aff'd in part, vacated in part on other grounds*, 855 F.2d 385 (7th Cir. 1988); *Jackson v. City of Markham*, 1991 U.S. Dist. LEXIS 11693, at *5 (N.D. Ill. Aug. 22, 1991) (sanctioning defense counsel for frivolous motion for reconsideration that "elaborate[d] upon arguments already made"); *Crot v. Byrne*, 1989 U.S. Dist. LEXIS 3439, at *5-6 (N.D. Ill. Mar. 29, 1989) (sanctions imposed where motion for reconsideration had no reasonable legal basis for the court to reconsider).

Moreover, in their haste to hurl invective, Defendants plainly disregarded not only the applicable law and facts, but also the local rules. Defendants failed to comply with the requirements of Civil Local Rule 7, governing the Forms of Motions and Other Papers. Had Defendants bothered to read the applicable rules and caselaw, they would have learned that their request for relief from the Lead Plaintiff Order should have been made by motion. *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."). Such motion should have stated "with particularity the grounds for seeking the order" and followed the appropriate form. *See* Fed. R. Civ. P. 7(b)(2). As this Court noted in denying Defendants' request, "Defendants should have

11

indicated they were seeking reconsideration under the Court's inherent authority to reconsider its nonfinal orders reflected in Fed. R. Civ. P. 54(b)." ECF No. 29 at 2 (Order Denying Motion to Reconsider). *See*, *e.g.*, *CIVIX–DDI, LLC v. Hotels.com, LP*, 904 F. Supp. 2d 864, 866 (N.D. Ill. 2012) ("[E]very order short of a final decree is subject to reopening at the discretions of the . . . judge." (quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983)).

It is no surprise that the Court swiftly rejected Defendants' baseless request. *See* ECF No. 29. The Court explained what should have been plainly obvious to Defendants: that plaintiffs and the Court fully complied with the PSLRA's provisions. That "[o]n June 7, 2024, Defendants moved to dismiss the complaint for failure to state a claim." *Id*. at 1. "On July 7, 2024, before Defendants' motion to dismiss was fully briefed, Kothari and Jon Arne Toft filed competing motions for appointment as lead plaintiff and approval of lead counsel, in compliance with the mandatory procedures of the Private Securities Litigation Reform Act (PSLRA)." *Id*. "Because Kothari conceded that he is not the presumptive lead plaintiff, the Court appointed Toft as lead plaintiff, stayed all briefing deadlines in Defendants' motion to dismiss, and held Defendants' motion in abeyance pending Toft's filing of an amended complaint." *Id*.

The Court chided Defendants for "fail[ing] to comply with the Federal Rules of Civil Procedure because [their reconsideration request] should have been filed as a motion" and "should have stated 'with particularity the grounds for seeking the order' and followed the appropriate form." *Id*. at 2 (citing Fed. R. Civ. P. 7(b)(2)). As to the merits of Defendants' request, the Court did not mince words: "even if Defendants' motion to dismiss would be granted, Plaintiff would be given leave to amend. Given this, *it makes no sense for the Court to expend the time and effort to decide and issue an opinion as to whether a complaint, which is certain to be replaced, states a claim*." *Id*. (emphasis added). "Moreover, *Defendants concede that investors like the appointed*

12

*lead plaintiff would remain free 'to initiate a case in good faith after conducting the required pre-suit investigation.'" Id.* (emphasis added). "Any such new action would presumably be subject to the same procedures to appoint lead plaintiff that have already taken place in this case." *Id.* at 3. Accordingly, granting Defendants the relief sought would have been inefficient and a waste of the parties and the Court's resources. *Id.*

### 4. Defendants' Rule 11 Motion Warrants Sanctions

Remarkably, Defendants' misconduct did not end there. Defendants moved for sanctions, raising baseless arguments in their quest to harass plaintiffs and their counsel. Their motion warrants sanctions. "[T]he filing of a motion for sanctions is itself subject to the requirements of [Rule 11] and can lead to sanctions." Fed. R. Civ. P. 11 advisory committee's note to 1993 amendments. "Thus, where a party's motion for Rule 11 sanctions is not well grounded in fact or law, or is filed for an improper purpose, a court may find itself in the position of imposing Rule 11 sanctions on the moving party and/or her attorney." Georgene M. Vairo, *Rule 11 Sanctions: Case Law Perspectives and Preventive Measures* §4.01[c][3][F] (2d ed. Supp. 1994).

Defendants want to see Pomerantz punished because the amended complaint failed to adequately plead scienter—one of the thorniest elements of a securities fraud claim. *See Fishoff v. Coty, Inc.*, 2010 U.S. Dist. LEXIS 6242, at *5 (S.D.N.Y. Jan 25, 2010) (refusing to sanction investor for failure to properly allege scienter because it is the most difficult aspect of a securities fraud claim). Indeed, it is well settled that a "court will not impose sanctions on a party [for] merely losing its case on the pleadings." *Harlyn Sales Corp. Profit Sharing Plan v. Investment Portfolios-Government Plus Fund*, 142 F.R.D. 671, 675 (N.D. Ill. 1992), *aff'd sub nom. Harlyn Sales Corp. Profit Sharing Plan v. Kemper Fin. Servs., Inc.*, 9 F.3d 1263 (7th Cir. 1993). The Seventh Circuit has recognized that particularly "in this technical and demanding corner of the law [involving class

13

action securities litigation], the drafting of a cognizable complaint can be a matter of trial and error." *Pension Tr. Fund for Operating Engineers v. Kohl's Corp.*, 895 F.3d 933, 941 (7th Cir. 2018) (quoting *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)).[4] Accordingly, the Seventh Circuit has expressly warned lower courts not to dismiss securities fraud class actions without giving a plaintiff leave to amend the complaint at least once. *See Kohl's*, 895 F.3d at 941.

Defendants knew or should have known that to establish a Rule 11(b)(2) violation, it must be "patently clear that a claim has absolutely no chance of success under the existing precedents." *Eastway Const. Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir. 1985), *superseded by rule on other grounds*, Fed. R. Civ. P. 11(c)(1), *as recognized in Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012); *Consol. Doors, Inc. v. Mid-Am. Door Co.*, 120 F. Supp. 2d 759, 769-70 (E.D. Wis. 2000) (finding defendant's arguments were not baseless or frivolous and were a reasonable argument for the establishment of new law) (quoting *Simon DeBartolo Grp., L.P. v. The Richard E. Jacobs Grp., Inc.*, 186 F.3d 157, 167 (2d Cir.1999) ("explaining that Rule 11 frivolousness requires that it be 'clear under existing precedents that there is no chance of success and no reasonable argument to extend, modify or reverse the law as it stands.'"); *Allison v. Dugan*, 951 F.2d 828, 834 (7th Cir. 1992) (reversing rule 11 sanctions because "though [ the party's] arguments were undoubtedly weak, we do not detect the kind of callous disregard for governing law or the procedures of the court that usually justifies the imposition of Rule 11 sanctions.").

Here, Defendants did not come close to making this showing. Defendants did not challenge

---

[4] "When divining the point at which an argument turns from merely losing to losing and sanctionable, ... courts [must] resolve all doubts in favor of the signer" of the pleading. *Rodick v. City of Schenectady*, 1 F.3d 1341, 1350 (2d Cir. 1993) (citation omitted).

most of the elements of Lead Plaintiff's securities fraud claims: (1) a material misrepresentation or omission; (2) in connection with a purchase or sale of a security; (3) reliance; and (4) economic loss. *See* ECF No. 43 at 12. They only challenged scienter and loss causation, conceding that the amended complaint adequately pleads the remaining four elements of the federal securities act claim. Defendants thus did not dispute that their public statements to investors regarding contract revenue, the company's compliance with GAAP, the United dispute, and the effectiveness of the company's internal controls were false. This was also a drastic repositioning from their initial motion to dismiss, wherein Defendants argued that the Kothari complaint failed to plead any false and misleading statements. In its opinion granting Defendants' motion to dismiss without prejudice and with leave to amend the complaint, the Court did not address loss causation, implicitly acknowledging that it is adequately plead. *See* ECF No. 46 ("Opinion").

As for scienter, in evaluating whether the Pomerantz complaint adequately pleads scienter, the Court did not even hint that any allegations bordered on frivolity. When analyzing the competing inferences advanced by plaintiff and defendants, the Court simply found that defendants' inference "better fits the facts alleged." *Id.* at 12-13. The Court explained that the first inference "is the version alleged by Toft: Over the course of the United dispute, Deister, Mackay, and Garvey knew United never intended to pay the disputed amounts; and therefore, the disputed amounts never should have been recognized as revenue under ASC 606. Thus, the trio was at the very least reckless in attesting that Harbor's Class Period disclosures were GAAP compliant and that Harbor had sufficient internal controls over financial reporting." *Id*. at 12. The Court then described Defendants' competing inference: "As Defendants would tell it, Diester, Mackay, and Garvey indeed knew that United had no intention of paying the disputed amounts, absent an authoritative ruling that it was required to do so, but they also knew that Air Wisconsin strongly

15

believed it was entitled to the payments under the terms of the CPA. Thus, Harbor recognized the disputed amounts as revenues and thought doing so was consistent with ASC 606 and therefore GAAP. In this account, Diester, Mackay, and Garvey's misleading attestations that Harbor was GAAP complaint and had sufficient internal controls over financial reporting were not the product of recklessness—they were at worst the product of negligence." *Id*. at 12-13.

Conducting a "[h]olistic evaluation," the Court ultimately found that the amended complaint's allegations "more plausibly suggest that Diester, Mackay, and Garvey were at worst negligent in their oversight." *Id*. at 20. The Court gave Toft leave to amend his complaint, acknowledging the Seventh Circuit's "directive" against dismissing complex securities fraud cases. *Id*. at 21. In granting leave to amend, the Court thus implicitly recognized that a proposed amendment would not be futile—hardly an indication that Lead Plaintiff's amended complaint was frivolous, brought in bad faith, or had no chance of success. *Cf. Mazurek v. Metalcraft of Mayville*, 110 F.4th 938, 946 (7th Cir. 2024) (affirming district court's denial of sanctions because "[a] party making a legal argument that turns out to be barred by Supreme Court or Seventh Circuit precedent is not per se sanctionable; an attempt to distinguish one's case from the precedent that purportedly forecloses the claim is enough"); *Brunt v. Service Employees Int'l Union*, 284 F.3d 715, 720-21 (7th Cir. 2002) (affirming district court's refusal to impose sanctions even when the complaint was dismissed with prejudice, and even when the claims "were barred by existing Supreme Court and Seventh Circuit case law"); *Thomas Land & Dev., LLC v. Vratsinas Constr. Co.*, 2019 U.S. Dist. LEXIS 138484, at *3 (S.D. Cal. Aug. 14, 2019) ("The Court finds Plaintiff's claims are not factually or legally baseless. . . . Because the Court granted leave to amend, the Court inferred the factual and legal grounds of Plaintiff's complaint were not completely baseless—otherwise it would have denied leave to amend."); *Brannon v. Westgate Resorts*, Inc.,

16

2021 U.S. Dist. LEXIS 2317, at *9-10 (M.D. Fla. Jan. 5, 2021) (denying sanctions under a state law and finding claims were not vexatious or frivolous partly because dismissal was without prejudice and with leave to amend), *R. & R. adopted*, 2021 U.S. Dist. LEXIS 25621 (M.D. Fla. Feb. 9, 2021). Here, the Court found Lead Plaintiff's allegations plausible but determined that, on balance, Defendants' inference was "more plausibl[e]." In the Court's view, the exculpatory inference was more persuasive. This was a judgment call that in no way creates a basis for sanctions.

The Court underscored that "although the complaint has already been amended once, the original complaint was filed by a *different attorney* and, due to Toft's filing of an FAC [first amended complaint], the court did not issue a ruling on it." Opinion at 21 (emphasis added). Accordingly, there is no basis for Defendants' Rule 11 motion, which seems to have been brought out of spite.

In the Sanctions Motion, Defendants also contend that Pomerantz "[f]ailed [t]o [a]dvance [a]ny [p]lausible [t]heory [o]f [f]raud" because "both ASC 606 and Harbor's accrual of the disputed receivables were public facts." ECF No. 50 at 17. The amended complaint does not allege that Defendants hid the dispute or the existence of ASC 606. The amended complaint does allege, however, that Defendants *acted recklessly or with knowledge that <u>recognizing the disputed amounts violated ASC 606</u>* at the time they made the misleading statements to investors—clearly a plausible theory of fraud particularly given that Defendants concede falsity. *See also* Opinion at 13 (acknowledging that "[i]t is clear that if Diester, Mackay, and Garvey knew facts or had access to information suggesting that Harbor's recognition of the disputed amounts was contrary to GAAP, then attesting that the Class Period disclosures were GAAP compliant would strongly suggest scienter").

17

Defendants' bad faith underlying their Sanctions Motion is further demonstrated by their equally baseless claim that the amended complaint advances no viable loss causation arguments. ECF No. 50 at 18-19. But Fed. R. Civ. P. 8's "short and plain statement" standard applies to loss causation allegations. *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346-47 (2005). The amended complaint easily satisfies this standard by alleging that the company's stock plummeted 14.25% in response to Defendants' revelations that they violated ASC 606 by recognizing $52.3 million of disputed amounts as revenue throughout the Class Period, and that the company suffered from material weaknesses in internal controls, necessitating the restatement of several financial statements. Defendants' efforts to separate the announcement of the arbitral decision from the announcements of their accounting violations and internal control deficiencies fall flat, as they are clearly and inextricably intertwined. Defendants also ignore other paragraphs in the amended complaint that clearly state the loss resulted from the revelation of the truth, *i.e.*, that the company's accounting for certain revenues under the United Agreement was inconsistent with ASC 606, requiring restatements, and that the company suffered from a material weakness in internal controls over financial reporting. ¶¶163-68. Nothing more was required at the pleading stage.

### 5. Defendants Made False Representations to the Court

Rushing to indict Pomerantz (and RLF), Defendants also made patently false representations to the Court. For example, they argued that "*Pomerantz knew from experience* that the 'fact of an [accounting] error, even a large error, does not suggest knowledge or intent to misstate when the financial results were originally published, particularly when the error was a matter of judgment.'" *See* ECF No. 50 at 13 (emphasis added) (quoting *In re Turquoise Hill Res. Ltd.*, 2014 LEXIS 174096, at \*19 (S.D.N.Y. Dec. 16, 2014)). Defendants falsely represented that the *Turquoise Hill* court "*dismiss[ed] Pomerantz's complaint* for failure to 'allege that [the

18

Company's] auditors disapproved of [the Company's] accounting practices or found any lack of internal controls prior to the restatement.'" *Id*. at 14 (emphasis added). But the complaint that was dismissed was *not Pomerantz's*, but another firm's—Bernstein Liebhard LLP—who was appointed lead counsel. *See In re Turquoise Hill Res. Ltd. Sec. Litig.*, No. 1:13-cv-08846 (S.D.N.Y.), ECF Nos. 35, 45.

Defendants leveled similarly bogus accusations against RLF, stating that the court in *Valdes v. Kandi Techs. Grp., Inc.*, 2024 LEXIS 58238, at *23 (E.D.N.Y. Mar. 29, 2024) "*reject[ed] RLF's [Rosen's] claim* that individual defendants must have known about the alleged accounting error 'because, as officers, they were tasked with ensuring [the Company's] compliance with GAAP and financial reporting requirements.'" ECF No. 50 at 8 (emphasis added). But the claim that was rejected was *not Rosen's* but belonged to lead counsel Levi & Korsinsky and Bernstein Liebhard. *See Valdes v. Kandi Techs. Grp., Inc.*, No. 2:20-cv-06042 (E.D.N.Y.), ECF Nos. 48, 60. Defendants should not be permitted to raise false accusations with impunity, particularly when they are used to smear the reputations of law firms and their lawyers. *See, e.g., Premier Com. Corp. v. FMC Corp.*, 139 F.R.D. 670, 672-74 (N.D. Cal. 1991) (sanctioning counsel where attorney misrepresented that the Ninth Circuit had not adopted a legal test articulated by the Second Circuit, when in fact the opposite was true); *Roe v. Nevada*, 621 F. Supp. 2d 1039, 1061 (D. Nev. 2007) (sanctioning counsel for incorrect legal citations and references to the record, typographical errors, and undeveloped and nonresponsive arguments).[5]

---

[5] Defendants' submissions to the Court contain typographical errors, demonstrating their sloppiness. *See, e.g.*, July 12, 2024, letter requesting reconsideration, ECF No. 25 (baselessly accusing Pomerantz of "trying to rescue his colleague from the inevitable consequences of filing a frivolous complaint" via "slight [sic] of hand," and arguing that Toft is "attempting to subvert the [PSLRA] in the same manor [sic]" as the initial plaintiff, Kothari.

Moreover, Defendants also falsely state in the notice of motion for their Sanctions Motion that "plaintiffs and their counsel…refus[ed] to withdraw their frivolous complaints within the safe harbor period following notice of this Rule 11 Motion." ECF No. 49. Defendants provided no such notice to Lead Counsel and, regardless, Lead Counsel nonetheless offered to voluntarily dismiss this case despite continued belief in its merit. ECF No. 50 at 20.

In sum, not only does Defendants' Sanctions Motion lack merit, but it was brought in bad faith to harass plaintiffs' counsel. *Defendants* should be the ones sanctioned for their misuse of Rule 11. *See*, *e.g.*, *Claudet v. First Federal Credit Control, Inc.*, 2015 U.S. Dist. LEXIS 165076, at *9-10 (M.D. Fla. Nov. 17, 2015) (sanctioning defendant for improper Rule 11 motion designed to harass plaintiff, where defendant filed the motion despite achieving a voluntary dismissal with prejudice, and where "a degree of unprofessionalism persisted between plaintiff and defense counsel"); *In re Central Ice Cream Co.*, 1986 U.S. Dist. LEXIS 17420, at *20-23 (N.D. Ill. Nov. 21, 1986) (imposing sanctions for filing a frivolous motion for sanctions that was devoid of merit).

**B. The Court Should Sanction Defense Counsel Pursuant to 28 U.S.C. §1927**

The Court should also sanction counsel for Defendants pursuant to §1927. Under that statute, a court can sanction an attorney who "multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. §1927. The statute does not require a "finding of malice or ill will." *Dal Pozzo v. Basic Machinery Co., Inc.*, 463 F.3d 609, 614 (7th Cir. 2006). If an attorney "pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious." *Id.* (quoting *Riddle & Assocs. P.C. v. Kelly,* 414 F.3d 832, 835 (7th Cir. 2005)). The Seventh Circuit has explained that §1927 sanctions are warranted where an attorney has "acted in an objectively unreasonable manner by engaging in a serious and studied disregard for the orderly process of justice" or where a claim is

"without a plausible legal or factual basis and lacking in justification." *Mullen v. Butler*, 91 F.4th 1243, 1254 (7th Cir. 2004) (quoting *Lightspeed Media Corp. v. Smith*, 761 F.3d 699, 708 (7th Cir. 2014)). Specifically, "[i]f a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious." *Kapco Mfg. Co. v. C & O Enters.*, 886 F.2d 1485, 1491 (7th Cir. 1989) (quoting *In re TCI, Ltd.*, 769 F.2d 441, 445 (7th Cir. 1985)).

This case is a clear example of an attorney pursuing a path that a reasonably careful attorney would have known to be unsound. Defense counsel repeatedly disregarded the clear directives of the PSLRA (as uniformly interpreted by courts throughout the country, including this Court) about the proper process for appointing a lead plaintiff and the filing of amended complaints in securities fraud class actions. Defendants' persistence that the Court deviate from the proper application of the PSLRA and rule on the viability of a complaint that was certain to be amended warrants the imposition of sanctions. *See Kapco*, 886 F.2d at 1492 (finding attorney's conduct "clearly sanctionable" under §1927 where he multiplied the proceedings unnecessarily with, among other things, a motion to reconsider); *Intellect Wireless, Inc. v. Sharp Corp.*, 87 F. Supp. 3d 817, 848-49 (N.D. Ill. 2015) (granting §1927 sanctions against counsel who continued to advocate flawed arguments); *Robinson v. Alutiq-Mele, LLC*, 643 F. Supp. 2d 1342, 1349 (S.D. Fla. 2009) (recommending sanctions under §1927 for filing a reconsideration motion that "lacked any colorable basis, was frivolous and unreasonably and vexatiously multiplied these proceedings . . . [that] did not address the standard for reconsideration, regurgitated arguments made in opposition to summary judgment and improperly presented new arguments").

21

### C. Lead Plaintiff Should Be Awarded His Full Attorneys' Fees and Costs

Defendants' violations, described above, require the imposition of sanctions. Sanctions are particularly warranted here, where Defendants and their counsel persisted in advancing clearly erroneous legal and factual allegations, in a vexatious manner, even after being put on notice of their defects. Defendants should also be sanctioned for filing a frivolous sanctions motion. 2 Moore's Federal Practice, §11.22(1)(d) (Matthew Bender 3d ed.) (citing Fed. R. Civ. P. 11 advisory committee's note to 1993 amendments and *Robinson v. City of Bernardino Police Dep't*, 992 F. Supp. 1198, 1208 (C.D. Cal. 1998) (awarding costs to party responding to frivolous request for sanctions)). Accordingly, Lead Plaintiff should be awarded his full attorneys' fees and costs associated with responding to Defendants' request for reconsideration and the Sanctions Motion.

### CONCLUSION

For the foregoing reasons, Lead Plaintiff respectfully requests that this Court enter an order sanctioning Defendants and their Counsel.

Dated: March 31, 2025                                         **POMERANTZ LLP**

By: *s/ Tamar A. Weinrib*
Jeremy A. Lieberman
Tamar A. Weinrib
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone:    (212) 661-1100
Facsimile:    (917) 463-1044
Email: jalieberman@pomlaw.com
Email: taweinrib@pomlaw.com

*Lead Counsel for Lead Plaintiff and the Class*

22