# Exhibit 10

FILED

IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

-3 JAN 01 PM 3: 15

DISTRICT OF UTAH

BY:
DEPUTY CLERK

| | |
|---|---|
| MARK SPIEGEL, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> TENFOLD CORPORATION, et al., <br><br> Defendants. | ORDER <br><br><br><br> Case No. 2:00-CV-652C |

This is a consolidated[1] securities fraud case involving common Defendants, namely

Tenfold Corporation and various executives of Tenfold ("Tenfold"). Between October 2 and

October 23, 2000, before the case was consolidated, Tenfold filed motions to dismiss against the

complaints brought by the individual plaintiffs. This case is now before the court on Plaintiffs'

motion to stay resolution of the motions to dismiss, as well as Plaintiffs' motions relating to

appointment of lead plaintiff of the purported plaintiff class. The court has considered the

arguments of counsel presented at a November 28, 2000 status conference, along with the

memoranda filed by the parties, and finds as follows.

### Discussion

In 1995, Congress amended the Securities Act of 1933 by adopting the Private Securities

---

[1] On October 30, 1990, the court issued an order consolidating cases 2:00CV669 (Barton v. Tenfold), 2:00CV701 (Pauly v. Tenfold), 2:00CV724 (Slade v. Tenfold), 2:00CV730 (Hart v. Tenfold), and 2:00CV731 (O'Brien v. Tenfold) into this case, 2:00CV652C, on the grounds that all six cases involve common questions of law and fact.

36

Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4 *et seq.* Congress passed the PSLRA to remedy perceived abuses in the litigation of securities class actions. See In re Milestone Scientific Sec. Litig., 183 F.R.D. 404, 411 (D. N.J. 1998); In re Oxford Health Plans, Inc., Sec. Litig., 182 F.R.D. 42, 43-44 (S.D.N.Y. 1998); Gluck v. Cellstar Corp., 976 F.Supp. 542, 543-44 (N.D. Tex. 1997). Prior to the PSLRA's enactment, securities litigation was frequently at the mercy of "professional plaintiffs," persons with often insignificant holdings in a defendant's stock who would reap a profit by initiating and then settling myriad class actions. See In re Milestone, 183 F.R.D. at 411, citing Conference Report on Securities Litigation Reform, H.R. Rep. No. 369 at 31 (1995). The purpose of the PSLRA was to change this destructive practice by "'empower[ing] investors so that they, not their lawyers, control private securities litigation' by allowing the Court to ensure the transfer of 'primary control of private securities litigation from lawyers to investors.'" See Chill v. Green Tree Fin. Corp., 181 F.R.D. 398, 407 (D. Minn. 1998), quoting H.R. Rep. No. 369 at 683, 685. Rather than allocating control over a securities case through a "race to the courthouse," the PSLRA enacted a system whereby the person or persons whose interests are most strongly aligned with the class of shareholders and who is most able to control the actions of counsel would be named the lead plaintiff of the plaintiff class. See In re Milestone, 183 F.R.D. at 412; In re Cendant Corp. Litig., 182 F.R.D. 144, 144-45 (D. N.J. 1998).

I.    Appointment of Lead Plaintiff

Where more than one securities case asserting substantially the same claim has been filed with the court and where any of the parties has sought to consolidate those cases, the PSLRA directs the court to first rule on the motion for consolidation. See 15 U.S.C. § 78u-4(a)(3)(B)(ii). After the court has ruled on the motion for consolidation, it is then to appoint the most adequate

2

plaintiff to serve as the lead plaintiff for the consolidated actions "as soon as practicable." Id. Movants Bret K. Clayton, T. Kevin Jackson, Albert Sapiano, and Richard C. Young ("Movants") have moved the court to appoint them as the lead plaintiff of the purported plaintiff class. Tenfold does not object to the court's appointment of these Movants as the lead plaintiff.

A.    Most Adequate Lead Plaintiff

In a case brought under the PSLRA, there is a rebuttable presumption that the most adequate lead plaintiff of a purported class in a consolidated securities case is the person or persons that: (1) has filed a complaint or made a motion in response to a public notice of class action; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Movants have satisfied the first prong by filing a motion in response to the public notice of class action in this case, namely, their motion to be appointed lead plaintiff. With regard to the second prong, Movants claim that they have suffered damages in the amount of $517,195.95 as a result of Tenfold's alleged securities violations and that they maintain the largest financial interest at stake in this litigation. This assertion is undisputed by Tenfold, and no other potential plaintiff has challenged this claim.

Under the third prong, Rule 23 of the Federal Rules of Civil Procedure requires a district court to examine whether: (a) the class is so numerous that joinder of all members is impracticable, (b) there are questions of law or fact common to the class, (c) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (b) the representative parties will fairly and adequately protect the interests of the class. See Fed. R. Civ. P. 23(a). Movants must make only a preliminary showing that they satisfy these requirements,

3

with a more complete inquiry to be conducted upon a motion for class certification.  See Gluck, 976 F.Supp. at 546; In re Party City Sec. Litig., 189 F.R.D. 91, 106 (D. N.J. 1999).  Despite the fact that the Movants' motion to be appointed lead plaintiff is unopposed, the court must nevertheless conduct a preliminary inquiry into this issue in order to determine whether the proposed lead plaintiff group has interests at odds with the rest of the purported plaintiff class. Id.; Takeda v. Turbodyne, Inc., 67 F.Supp.2d 1129, 1138 (N.D.Cal. 1999) (same), 67 F.Supp.2d at 1136.  This inquiry focuses on the typicality and adequacy requirements imposed on class representatives by Rule 23(a)(3) and 23(a)(4).  See Gluck; 976 F.Supp. at 546; In re Party City, 189 F.R.D. at 106.

The typicality requirement is met "[s]o long as there is a nexus between the class representative's claims or defenses and the common questions of facts or law which unite the class . . ."  Queen Uno Ltd. Partnership v. Coeur D'Alene Mines Corp., 183 F.R.D. 687, 691 (D. Colo. 1998).  In this case, the Movants' claims appear to be typical of the claims likely to be asserted by the purported plaintiff class (as exhibited in the six complaints filed with this court and consolidated into this case):  both Movants and potential class members purchased shares of Tenfold between January and August, 2000, and claim to have suffered damages in the form of diminished share value due to alleged public misrepresentations by Tenfold in violation of the Securities Act.

The adequacy requirement of Rule 23 requires that the members of the potential lead plaintiff group be members of the purported plaintiff class, retain competent and experienced counsel, and share common issues with the class members.  See Monarch Asphalt Sales Co., Inc. v. Wilshire Oil Co. of Texas, 511 F.2d 1073, 1077 (10th Cir. 1975).  Movants appear at this early

4

stage of the court's review to adequately represent the interests of the purported plaintiff class: Movants are members of the purported plaintiff class; have retained the law firms of Milberg Weiss, Cauley & Geller, and Wolf Haldenstein, all with experience in securities litigation, as counsel (see Exs. B-E, attached to Declaration of Scott A. Call in Supp. of Movants' Mot to be Appointed Lead Counsel.); and, as addressed in the typicality discussion above, share common questions of law and fact with the members of the purported plaintiff class.

Movants have made a preliminary showing that they comply with the typicality and adequacy requirements of Rule 23. The court thus concludes that Movants have satisfied the requirements of the PSLRA with regards to appointment as lead plaintiff.

    B.    Presumption Not Rebutted

The presumption that the member of the purported class who satisfies the PSLRA's requirements is the most adequate lead plaintiff "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff–(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). None of the plaintiffs whose complaints were consolidated into this case have sought to be appointed lead plaintiff, nor have any of them objected to Movants' appointment as lead plaintiff. No other member of the purported plaintiff class has challenged Movants' contention that they are the most adequate plaintiff.

Despite its concession that he is an adequate lead plaintiff (see Defs.' Mem. in Response to Mot. for Appointment of Lead Plaintiffs at 4), Tenfold has objected to the appointment of Mr. Sapiano as lead plaintiff on the grounds that he does not live in the United States. Tenfold argues

5

that the appointment of Mr. Sapiano, who resides in England, will create difficulties in arranging

depositions and hearings.  Under the PSLRA, however, only a "member of the purported plaintiff

class" may rebut the presumption of a lead plaintiff's adequacy.  15 U.S.C. § 78u-

4(a)(3)(B)(iii)(II); accord Gluck v. Cellstar Corp., 976 F.Supp. 542, 550 (N.D. Tex 1997) (ruling

that defendant did not have standing to challenge adequacy of lead plaintiff); In re Party City, 189

F.R.D. at 106 n.12 (same); Takeda, 67 F.Supp.2d at 1138 (same); Kevin P. Roddy, Another Fine

Mess You've Gotten Us Into: Appointment of Lead Plaintiffs and Lead Counsel Under the

Private Securities Litigation Reform Act of 1995, SD11 ALI-ABA 981, 984 (1998); see also 15

U.S.C. § 78u-4(a)(3)(B)(iv) (stating that discovery on the issue of appointment of lead plaintiff

"may be conducted by a plaintiff").  Because Defendants are not potential plaintiffs, they do not

have standing to challenge Mr. Sapiano's appointment as a lead plaintiff of the purported class.

C.     Propriety of Multiple Lead Plaintiffs

Movants Clayton, Jackson, Sapiano, and Young request that the court permit all four of

them to share the role of lead plaintiff.  The lead plaintiff in a private securities action may be one

person or a group of persons.  See 15 U.S.C. § 77u-4(a)(3)(B)(I) (stating that the court "shall

appoint as lead plaintiff the member or members of the purported class . . ."); 15 U.S.C. § 77z-

1(a)(3)(B)(iii)(I) (stating that "the most adequate plaintiff" may be a "person or group of

persons").  Courts have held that the appointment of multiple lead plaintiffs does not violate the

PSLRA.  See In re Oxford Health Plans, 182 F.R.D. at 49-50; Takeda, 67 F.Supp.2d at 1139; In

re Party City, 189 F.R.D. at 113-14; cf. In re Donnkenny, Inc., Sec. Litig., 171 F.R.D. 156, 157-

58 (S.D.N.Y. 1997) (rejecting appointment of unrelated multiple lead plaintiffs).

Although the PSLRA does not explicitly limit the number of persons who may be

6

appointed lead plaintiff, a "rule of reason prevails." Chill, 181 F.R.D. at 409. The appointment of multiple persons as lead plaintiff may dilute the control that the lead plaintiff has over a case and may hamper the lead plaintiff's ability to supervise the activities of class counsel. See In re Milestone, 183 F.R.D. at 417. The appointment of multiple lead plaintiffs may "detract from the [PSLRA's] fundamental goal of client control, as it would inevitably delegate more control and responsibility to the lawyers for the class and make the class representatives more reliant on the lawyers." Gluck, 976 F.Supp. at 549-50; accord In re Donnkenny, 171 F.R.D. at 157-58. Movants have introduced no evidence demonstrating the necessity or desirability of appointing multiple persons as co-lead plaintiff in this case.

Furthermore, despite its concession that multiple persons may fill the role, the PSLRA always refers to the class representative in the singular, as a "lead plaintiff," and never as "lead plaintiffs." See, e.g., 15 U.S.C. § 78u-4(a)(3)(B); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); 15 U.S.C. § 78u-4(a)(3)(B)(v). If multiple persons are appointed as co-lead plaintiff, they must be members of a "group." See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); In re Milestone, 183 F.R.D. at 417. Movants have submitted no evidence explaining their relationship to each other or how they satisfy the PSLRA's requirement that co-lead plaintiffs be members of a cohesive "group."

Accordingly, at this time, there is insufficient evidence to rule on Movants' motion for appointment as lead plaintiff. The court will reconsider Movants' motion once they have submitted evidence on the above issues.

II.    Appointment of Counsel

The PSLRA provides that the lead plaintiff "shall, subject to the approval of the court,

7

select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). Unlike the appointment of lead plaintiff, for which the PSLRA established specific statutory guidelines, the appointment of lead counsel is "subject to [the court's] discretionary judgment that lead plaintiff's choice of representative best suits the needs of the class." See Cendant, 182 F.R.D. at 148; In re Milestone, 183 F.R.D. at 418.

Movants have requested that three law firms – Milberg Weiss, Cauley & Geller, and Wolf Haldenstein – be appointed as their co-lead counsel. The appointment of multiple lead counsel, however, may create at least two potential problems: (1) the possibility that lead plaintiff will not be able to effectively supervise the activities of counsel, thereby losing control over the litigation, and (2) the possibility that co-lead counsel will unnecessarily duplicate services, thereby raising attorneys fees. See, e.g., Gluck, 976 F.Supp. at 549 (cautioning against appointment of co-lead counsel); Yousefi v. Lockheed Martin Corp., 70 F.Supp.2d 1061, 1072 (C.D. Cal. 1999) (same); In re Milestone, 183 F.R.D. at 418-19 (same); Chill, 181 F.R.D. at 413 (same); Gluck, 976 F.Supp. at 549 (same); In re Milestone Scientific Sec. Litig. ("In re Milestone II"), 187 F.R.D. 165, 176 (D. N.J. 1999) (same); Reiger v. Altris Software, Inc., 1998 U.S. Dist. LEXIS 14705, at *15-16, *18 (S.D. Cal. Sept. 11, 1998) (same). Movants have not yet demonstrated that the benefits of multiple lead counsel outweigh the drawbacks. See In re Milestone, 183 F.R.D. at 419 ("At this stage, the [proposed lead plaintiff] has not demonstrated sufficient need justifying the approval of multiple lead counsel.")

Movants have also requested that the court appoint the local law firm of Anderson & Karrenberg as liaison counsel. Liaison counsel, Movants assert, "will be charged with

8

administering communications between the Court and counsel (i.e. receiving and distributing orders on behalf of the group), keeping counsel apprised [sic] of developments in the case and scheduling matters and generally assisting in the coordination of the case." (See Movants' Mem. in Reply to Mot. For Appointment of Lead Counsel at 8-9.) Movants have also not yet demonstrated that the appointment of a separate liaison counsel would be beneficial or necessary in this case.

Accordingly, there is insufficient evidence to rule on Movants' motions for appointment of lead counsel and liaison counsel at this time. The court will reconsider Movants' motions once they have submitted evidence on the above issues.

III.    Motion to Stay

In response to Tenfold's motions to dismiss their complaints, the Plaintiffs whose complaints were consolidated into this case have filed motions to stay. Plaintiffs request that the resolution of Tenfold's motions to dismiss be postponed until after the court has appointed a lead plaintiff and the lead-plaintiff has had an opportunity to file an amended complaint. Because none of the consolidated Plaintiffs have moved to be appointed lead plaintiff in this case, it is unlikely that their complaints will be relevant once the court appoints a lead plaintiff and an amended complaint is filed. Defendants may also desire to change their motion to dismiss in order to tailor it to the amended complaint. Resolution of the motions to dismiss at this stage of the proceedings would thus be a waste of judicial resources.

Accordingly, Tenfold's motions to dismiss are denied without prejudice; Tenfold may resubmit its motion to dismiss once the court has appointed a lead plaintiff and that lead plaintiff

9

has submitted an amended complaint.

### Order

Movants' counsel is instructed to submit a supplemental memorandum within thirty days

of receipt of this order addressing the issues discussed above. Tenfold's motions to dismiss are

denied.

DATED this _____ day of January, 2001.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge

10

hom

United States District Court
for the
District of Utah
January 4, 2001


\* \* CERTIFICATE OF SERVICE OF CLERK \* \*


Re:  2:00-cv-00652


True and correct copies of the attached were either mailed or faxed by the
clerk to the following:


Mr. Steven W Dougherty, Esq.
ANDERSON & KARRENBERG
50 W BROADWAY STE 700
SALT LAKE CITY, UT  84101
JFAX 9,3647697

Mr. Scott A. Call, Esq.
ANDERSON & KARRENBERG
50 W BROADWAY STE 700
SALT LAKE CITY, UT  84101
JFAX 9,3647697

Jeffrey C. Block, Esq.
BERMAN DEVALERIO & PEASE
ONE LIBERTY SQUARE
BOSTON, MA  02109

Charles J. Piven, Esq.
401 E PRATT ST STE 2525
BALTIMORE, MD  21202

Francis M. Gregorek, Esq.
WOLF HALDENSTEIN ADLER FREEMAN & HERZ
750 B STS TE 2770
SAN DIEGO, CA  92101

Gregory M. Nespole, Esq.
WOLF HALDENSTEIN ADLER FREEMAN & HERZ
270 Madison Avenue
New York, NY  10016

Edward P. Dietrich, Esq.
MILBERG WEISS BERSHAD HYNES & LERACH
600 W BROADWAY STE 1800
SAN DIEGO, CA  92101

Mr. Michael L Larsen, Esq.
PARSONS BEHLE & LATIMER
201 S MAIN ST STE 1800
PO BOX 45898

SALT LAKE CITY, UT  84145-0898
JFAX 9,5366111

Darryl P. Rains, Esq.
MORRISON & FOERSTER LLP
425 MARKET ST
SAN FRANCISCO, CA  94105-2482

Paul J. Geller, Esq.
CAULEY & GELLER
2255 GLADES ROAD #421A
BOCA RATON, FL  33431

David R. Scott, Esq.
SCOTT & SCOTT
PO BOX 192
108 NORWICH AVE
COLCHESTER, CT  06415
JFAX 8,860,5374432

Marc A. Topaz, Esq.
SCHIFFRIN CRAIG & BARROWAY
3 BALA PLAZA E STE 400
BALA CYNWYD, PA  19004

Marc S. Henzel, Esq.
210 W WASHINGTON SQ 3RD FL
PHILADELPHIA, PA  19106