JON ARNE TOFT, Individually and on behalf of all others similarly situated,

Plaintiff,

v.

HARBOR DIVERSIFIED, INC., CHRISTINE R. DEISTER, LIAM MACKAY, and GREGG GARVEY.

Defendants.

**Case No: 1:24-cv-00556-WCG**

**DECLARATION OF TAMAR A. WEINRIB IN SUPPORT OF LEAD PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS**

I, Tamar A. Weinrib, declare and state, under penalty of perjury, that the following is true and correct to the best of my knowledge, information and belief:[1]

1.      I, Tamar A. Weinrib, am an attorney admitted to practice *pro hac vice* in this Court and a Partner at Pomerantz LLP ("Pomerantz"), Lead Counsel in the above-captioned action (the "Action") on behalf of Lead Plaintiff Jon Arne Toft and all others similarly situated ("Lead Plaintiff"). I am a member in good standing of the bar of the State of New York and I am admitted to practice in the Southern and Eastern Districts of New York, as well as the United States Court

---

[1] Unless otherwise defined or stated, all capitalized terms used herein have the meanings set forth in the Amended Class Action Complaint for Violations of the Federal Securities Laws ("AC") (ECF No. 37).

of Appeals for the Second, Third, Fourth, and Ninth Circuits. I submit this Declaration in support Lead Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Sanctions.[2]

2.      I am the attorney at Pomerantz with day-to-day responsibility for litigating the Action on behalf of Lead Plaintiff, and in that capacity, oversaw, reviewed, and participated in the drafting of Lead Plaintiff's pleadings and memoranda of law following the appointment of Lead Plaintiff and Lead Counsel on July 11, 2024 (ECF No. 23)("Lead Plaintiff Order").

3.      I, and indeed all of the Pomerantz attorneys, take seriously our personal and professional reputation, our duties to our clients, our private enforcement role under the federal securities laws, and our duty of candor to the Court. Accordingly, as officers of the Court, Pomerantz has not and would never breach its ethical obligations, including those under Rule 11(b) of Federal Rules of Civil Procedure.

4.      I conducted or oversaw the work done by Pomerantz, including all of the attorneys and non-attorney employees who worked on behalf of Lead Plaintiff in this Action. All of these individuals complied with their ethical obligations in connection with this Action. Pomerantz also worked closely with Lead Plaintiff, who appropriately relied on his counsel to perform a diligent and comprehensive investigation into the facts and law related to all aspects of this Action.

5.      Prior to filing Lead Plaintiff's motion for appointment as lead plaintiff in this Action (ECF No. 17), Pomerantz assessed Lead Plaintiff's and the putative class's damages and economic loss resulting from the alleged misstatements and omissions at issue in this Action. Based on this review, the attorneys working on the case concluded that Lead Plaintiff was qualified to serve as Lead Plaintiff.

---

[2] This Declaration is submitted solely to assist the Court in its review pursuant to 15 U.S.C. § 78u-4(c). Nothing in this Declaration, or any other document submitted herewith, is intended to waive any applicable attorney/client privilege or work product protection.

6.      On July 11, 2024, the Honorable William C. Griesbach issued the Lead Plaintiff Order appointing Mr. Toft as Lead Plaintiff and approving his selection of Pomerantz as Lead Counsel. In the Lead Plaintiff Order, the Court set a sixty-day deadline for Lead Plaintiff to file an amended complaint.

7.      Lead Counsel conducted an extensive factual investigation to prepare the AC in this Action.[3] The thorough factual investigation Lead Counsel undertook, which encompassed commonly accepted investigatory methods for prosecuting securities fraud class actions, included, *inter alia*: (i) obtaining and reviewing public documents, including United States Securities and Exchange Commission ("SEC") filings and press releases by Harbor Diversified, Inc. ("Harbor"), analyst reports evaluating Harbor, news articles and other publications about Harbor, Air Wisconsin Airlines LLC ("Air Wisconsin"), and United Airlines, Inc. ("United")[4]; (ii) retaining and overseeing the services of investigators at On Point Investigations to identify additional relevant information about Harbor, Air Wisconsin, and United related to the allegations in this Action, including identifying and conducting interviews with former employees of Harbor and Air Wisconsin; and (iii) consulting and overseeing the services of a forensic accountant at Arcadia Consulting, LLC,[5] who assisted in researching the accounting claims asserted in the Action and

---

[3] The AC is the only complaint Pomerantz drafted in this Action. The original Class Action Complaint for Violations of the Federal Securities Laws (ECF No. 1) was filed on May 7, 2024 by The Rosen Law Firm, P.A., two months prior to Pomerantz's appointment as Lead Counsel.

[4] While Lead Counsel's investigatory efforts generally include a review of earnings call transcripts, Harbor does not conduct earnings conference calls. As a company with a class of securities not registered under Section 12 of the Securities and Exchange Act of 1934, Harbor is not required to comply with certain disclosure requirements typically applicable to public reporting companies, including the holing of earnings calls.

[5] Lead Counsel consulted Arcady Zaydenverg, CPA, CFE, the founder of Arcadia Consulting, LLC. According to his website, Mr. Zaydenverg is a Certified Public Accountant and Certified Fraud Examiner, with over 25 years of experience in both public and private accounting. Mr. Zaydenverg has assisted attorneys at the SEC in dealing with complex financial accounting and reporting matters, including the interpretation and application of accounting standards.

3

the potential defenses thereto, in addition to relevant SEC accounting guidance. Lead Counsel based the allegations set forth in the AC on the facts developed through its in depth investigation.

8. Lead Counsel's factual investigation qualifies as an inquiry reasonable under the circumstances, and equitably supports Lead Counsel's belief (a belief still held, as evidenced by Lead Plaintiff's stated intention to file a Notice of Appeal, ECF No. 48) that the allegations in the AC had evidentiary support or would likely have evidentiary support after a reasonable opportunity for further investigation or discovery, and that the legal claims of fraud in the AC had a good-faith basis under existing law.

9. Neither the AC nor any of Lead Plaintiff's other pleadings or memoranda in this matter were presented for any improper purposes, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. Lead Plaintiff filed the pleadings in this matter for the sole purpose of seeking to hold Defendants liable for the economic damages suffered by Lead Plaintiff and the members of the Class allegedly caused by Defendants' violations of federal securities laws.

10. To date, Lead Counsel and legal staff have spent more than 500 hours litigating this matter.

11. If the Court requires any additional information regarding compliance with Rule 11, Pomerantz stands ready to answer any questions the Court may have, either at a hearing or in a further written submission.

12. In further support of Lead Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Sanctions, attached hereto as Exhibit 1 is a true and correct excerpt from Harbor's Form 10-K for the year ended December 31, 2023, filed with the SEC on October 24, 2024.

13.    Attached hereto as Exhibit 2 is a true and correct excerpt from ASC 606, setting forth the language of "Example 9," retrieved from https://asc.fasb.org/1943274/2147479777.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 31st day of March, 2025.

/s/ Tamar A. Weinrib
Tamar A. Weinrib