# UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF WISCONSIN
## GREEN BAY DIVISION

| | |
|---|---|
| JON ARNE TOFT, Individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>HARBOR DIVERSIFIED, INC., CHRISTINE R. DEISTER, LIAM MACKAY, and GREGG GARVEY<br><br>        Defendants. | No. 24-CV-00556 (WCG) |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTIONS FOR SANCTIONS

John L. Kirtley
David R. Konkel
GODFREY & KAHN S.C.
833 East Michigan Street,
Suite 1800
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198

Jason de Bretteville
Wesley Horton
STRADLING YOCCA CARLSON &
RAUTH LLP
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660
Telephone: (949) 725-4000
Facsimile: (949) 725-4100

*Counsel for Defendants*

April 14, 2025

**TABLE OF CONTENTS**

                                                                                          **Page(s)**

INTRODUCTION ..............................................................................................................1

ARGUMENT ...................................................................................................................1

I.      The Plaintiffs' Firms Failed to Comply With Rule 11(c)(2) ...........................................1

II.     RLF's Motion Should Be Denied ...................................................................................4

        A.      Defendants' Motions Did Not Violate Rule 11 .....................................................4

        B.      Defendants Did Not Mislead The Court ................................................................5

III.    Pomerantz's Motion Should Be Denied .........................................................................8

        A.      Defendants Were Not Required To Wait To File Their Motion To Dismiss .......8

        B.      Defendants' Request For The Court's Reconsideration Of Its Scheduling Order Is Not Sanctionable ................................................................................................10

        C.      Defendants' Request for Sanctions Under the PSLRA Is Well Founded...........11

        D.      Defendants Did Not Unreasonably Defend Against Plaintiffs' Frivolous Claims13

CONCLUSION..............................................................................................................14

i

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*ATSI Communs., Inc. v. Shaar Fund, Ltd.*,
579 F.3d 143 (2d Cir. 2009) ..................................................................................2, 3, 4

*In re Australia & New Zealand Banking Group Ltd. Sec. Litig.*,
712 F. Supp. 2d 255 (S.D.N.Y. 2010) ........................................................................9

*In re Bees*,
562 F.3d 284 (4th Cir. 2009) ...................................................................................10

*In re Champion Enters. Sec. Litig.*,
145 F. Supp. 2d 871 (E.D. Mich 2001) ......................................................................9

*In re Pennie & Edmonds LLP*, 323 F.3d 86, 89 (2003),
323 F.3d 86, 89 (2d Cir. 2003) ...............................................................................3, 4

*Falls v. Paries*,
2023 U.S. App. LEXIS 5712 (7th Cir. 2023) ...........................................................11

*Lanphere v. 1 Corp.*,
2012 U.S. Dist. LEXIS 76520 (N.D. Ill. 2012) ..........................................................5

*Lightspeed Media Corp. v. Smith*,
761 F.3d 699 (7th Cir. 2014) ...................................................................................13

*Pension Trust Fund for Operating Eng'rs. v. Kohl's Corp.*,
895 F.3d 933 (7th Cir. 2018) ...................................................................................12

*Simon DeBartolo Grp., L.P. v. Richard E. Jacobs Grp., Inc.*,
186 F.3d 157 (2d Cir. 1999) ......................................................................................3

*Valerius v. Geraghty*,
2010 U.S. Dist. LEXIS 161540 (E.D. Pa. 2010) ....................................................9, 10

**Statutes**

15 U.S.C.S. § 78u-4 ...............................................................................................*passim*

28 U.S.C. §1927...............................................................................................12, 13, 14

**Other Authorities**

Fed. R. Civ. P. 11(c)(2)...........................................................................................*passim*

ii

Fed. R. Civ. P. 12(b)(6)...........................................................................................................8, 12

iii

**INTRODUCTION**

Defendants, having endured frivolous accusations of fraud, now have to respond to patently specious retaliatory Rule 11 motions aimed at their counsel. The main thrust of Plaintiffs' attack is their unfounded assertion that they have a right to file and rely upon a frivolous complaint until it is determined whether they will be selected as lead plaintiff, at which time they will be given an opportunity to finally meet their *pre*-filing investigatory and pleading obligations. They say that this supposed right, despite being an explicit contradiction of Rule 11 and the PSLRA, is so sacrosanct as to render any resistance sanctionable in and of itself. That is absurd.

Plaintiffs' motions for sanctions are a transparent, coordinated attempt by The Rosen Law Firm ("RLF") and Pomerantz LLP ("Pomerantz" and with RLF the "Plaintiffs' Firms") to distract from their own conduct and punish Defendants' counsel for participating in the Court's mandatory Rule 11 analysis under the Private Securities Litigation Reform Act ("the PSLRA"). Their arguments are little more than a repackaging of their defense to Defendants' motions for sanctions. They are premised on the untenable notion that Defendants were required to (i) ask the Court to push out the deadline set by the Federal Rules of Civil Procedure (the "Federal Rules") to file a responsive pleading, and (ii) ignore a patently defective "initial" complaint. According to the Plaintiffs' Firms, Defendants' timely motion, together with their participation in the PSLRA's mandatory Rule 11 review process, now expose their counsel to sanction under Rule 11. It is hard to imagine that paying clients would ever authorize the filing of such patently specious motions. The Court should soundly reject them.

**ARGUMENT**

**I.     The Plaintiffs' Firms Failed to Comply With Rule 11(c)(2)**

The Plaintiffs' Firms request that the Court impose Rule 11 sanctions on defense counsel based on the contents, form and/or timing of four filings, Defendants' (i) motion to dismiss the RLF complaint, (ii) letter brief requesting that the Court proceed to rule on the motion to dismiss the RLF

1

complaint, (iii) initial motion for sanctions, and (iv) renewed motion for sanctions. These requests for sanctions are substantively unfounded, patently abusive, and procedurally infirm.

Neither RLF nor Pomerantz ever previously gave notice, by means of any letter much less service of a motion under Rule11(c)(2), of any purportedly sanctionable conduct on the part of Defendants. Instead, both chose to fully litigate each of the purportedly infirm defense filings, and only launch their accusations in the form of retaliatory filings after their frivolous action had been dismissed by this Court. They never afforded Defendants an opportunity to correct any "challenged paper, claim, defense, contention, or denial[,]" as contemplated by Rule 11(c)(2)'s safe harbor provision—not that any such correction would have been warranted. Putting aside what this says about the sincerity or purpose of Plaintiffs' retaliatory motions, Plaintiffs' tactics are procedurally improper and should be rejected by this Court.

Plaintiffs may claim that their failure to comply with Rule11(c)(2) is excused by the PSLRA's mandatory Rule 11 review provision. The PSLRA has been held, in certain circumstances, as putting plaintiffs on notice that their actions will be the subject of Rule 11 findings, even absent prior service of a motion under Rule 11(c)(2). That is because the statute explicitly requires district courts, at the conclusion of private actions arising under federal securities laws, to make Rule 11 findings, 15 U.S.C.S. § 78u-4(c)(1); and if a Rule 11 violation is found, the statute requires courts to impose sanctions, 15 U.S.C.S. § 78u-4(c)(2). Such statutory notice has been held to be the functional equivalent of the forewarning given to litigants by service of a motion under Rule 11(c)(2). *See ATSI Communs., Inc. v. Shaar Fund, Ltd.*, 579 F.3d 143, 152 (2d Cir. 2009).

It would be odd, at best, for the Plaintiffs' Firms to try to rely on such an argument here. The congressional purpose of this Rule 11 provision is to increase the frequency of Rule 11 sanctions on plaintiffs in the securities context, and thus tilt the "balance" toward greater deterrence of frivolous securities claims. "Recognizing what it termed 'the need to reduce significantly the filing of meritless securities lawsuits without hindering the ability of victims of fraud to pursue legitimate claims,' and commenting that the '[e]xisting Rule 11 has not deterred abusive securities litigation,' the 104th

2

Congress included in the [PSLRA] a measure intended to put 'teeth' in Rule 11." *Simon DeBartolo Grp., L.P. v. Richard E. Jacobs Grp., Inc.*, 186 F.3d 157, 166-67 (2d Cir. 1999) (quoting H.R. Conf. Rep. No. 104-369 (1995), reprinted in 1995 U.S.C.C.A.N. 730). Accordingly, by virtue of this statutory notice, sanctions may be imposed on a plaintiff for filing a frivolous complaint in violation of Rule 11 without affording the kind of safe harbor provided in Rule 11(c)(2). *See ATSI Communs., Inc.* 579 F.3d at 152.

The PSLRA's mandatory review provisions also appear extend beyond a plaintiff's complaint, to any "responsive pleading, or dispositive motion" filed by a defendant. 15 U.S.C.S. § 78u-4(c)(1). That statutory language, however, does not cover letter briefs about a court's order of process, or motions for sanctions. It would seem, therefore, that at least three of the four bases of Plaintiffs' motion, *i.e.*, the letter brief and the two motions for sanctions, remain subject to the requirements of Rule 11(c)(2), with which the Plaintiffs' Firms have not complied. In other words, the only conduct addressed by the Plaintiffs' Firms sanctions motions that falls under 15 U.S.C. § 78u–4(c)(1)-(2) consists of the purportedly "premature" status of Defendants' motion to dismiss RLF's complaint—the most patently absurd of Plaintiffs' attacks.

Notably, to the extent that the PSLRA's end-of-case review extends to any of Defendants' filings, "it could not have been Congress's intent to incentivize undue delay, or discourage lawyers from promptly filing their own Rule 11 motions simply because the court will automatically make Rule 11 findings at the end of a litigation." *ATSI Communs., Inc.*, 579 F.3d at 152. "[O]ne purpose of Rule 11's 21-day safe harbor is to provide an incentive to opposing attorneys to file Rule 11 motions promptly: delay past the point at which a pleading or motion may be amended or withdrawn may work a forfeiture of Rule 11 remedies." *Id.* "Although Rule 11 contains no explicit time limit for serving the motion, the 'safe harbor' provision functions as a practical time limit, and motions have been disallowed as untimely when filed after a point in the litigation when the lawyer sought to be sanctioned lacked an opportunity to correct or withdraw the challenged submission." *In re Pennie & Edmonds LLP*, 323 F.3d 86, 89 (2d Cir. 2003). Indeed, that is why Defendants served, and then filed,

their initial motion for sanctions immediately after filing their motion to dismiss, rather than wait until now, as the Plaintiff's firms have done.

Indeed, "[n]othing in the PSLRA prevents an adversary from filing a Rule 11 motion at an earlier point in the litigation, before heavy costs have accrued. Even in the context of the PSLRA, a Rule 11 letter from an opposing counsel may bring new facts to light, or prompt a challenged attorney to reconsider." *ATSI Communs., Inc.*, 579 F.3d at 155. After all, "[t]he statutory notice in the PSLRA is an all-purpose reminder, whereas an opposing party may point to a specific aspect of a claim that it believes violates Rule 11." *Id.* Here, to the extent that the Plaintiffs' Firms actually harbor a sincere view that Defendants have engaged in any misconduct, they dithered or possibly waited on purpose to increase costs or shift burdens onto defense counsel at a later date.

If this delay does not act as an absolute bar against some or all of the Plaintiffs' Firms' accusations under Rule 11(c)(2), which it should, their lack of notice and delay in bringing their motions speak volumes about their abusive purpose, which is further evidenced by their motions' substantive lack of merit. As the Plaintiffs' Firms would have it, they are entitled to initiate securities class actions with frivolous placeholder complaints, defer investigation and the drafting of a "fulsome" complaint until after being appointed lead plaintiff, and if that investigation bears no fruit, press on with prevarication and misdirection. These practices may be the foundation of a highly lucrative franchise that persists, despite Congress' best efforts, but they plainly violate Rule 11. With their counter-motions, the Plaintiffs' Firms seek to punish Defendants and their counsel for asking the Court to enforce Rule 11 and the PSLRA pursuant to the PSLRA's mandatory process, and to warn future defendants against daring such impudence. These retaliatory motions are patently abusive, and underscore the need for a meaningful rebuke by this Court.

## II.     RLF's Motion Should Be Denied

### A.     Defendants' Motions Did Not Violate Rule 11

RLF complains that the Defendants' sanctions motions were meant to "leverage[e] the Rule to pursue dismissal of the Complaint." RLF Opp. at 21-22. Defendants did, of course, hope that RLF

4

would respond to service of the initial sanctions motion by voluntarily dismissing or preemptively amending their placeholder complaint within the 21-day safe harbor. That is entirely proper, and the very purpose of Rule 11(c)(2)'s safe harbor provision. In fact, RLF's failure to use the safe harbor to correct course forms the procedural basis for Defendants' sanctions motion against RLF. To the extent that RLF is referring to the instant brief filed in support of the Court's mandatory, *post*-dismissal Rule 11 inquiry, any such claim of "leverage" in service of a prior dismissal is nonsense. In any event, neither of Defendants' sanctions motions were filed before, or in place of, a pending motion to dismiss, as was the case *Lanphere v. 1 Corp.*, 2012 U.S. Dist. LEXIS 76520, at *3-4 (N.D. Ill. 2012). RLF's "leverage" argument completely misses the mark.

RLF's complaint that the timing of initial motion to dismiss was improper is equally nonsensical. RLF Opp. at 16-17. Defendants filed their initial motion to dismiss a full month after RLF's complaint was filed, in compliance with the deadline for filing a responsive pleading set by the Federal Rules. ECF Nos. 1, 8. No other complaint had been filed, and Defendants needed to file a motion to dismiss to invoke the PSLRA's discovery stay. RLF dissembles on this point, falsely asserting that the discovery stay was triggered by the filing of its placeholder complaint. RLF Opp. at 14. But this is wrong, as noted in one of RLF's own footnotes: the stay only is triggered by the filing of a motion to dismiss. *Id*. at 13, n.5 ("Discovery is stayed upon the filing of a motion to dismiss.") (citing 15 U.S.C. § 78u–4(b)(3)(B)). RLF's characterization of the PSLRA as somehow prohibiting the filing of the initial motion dismiss lacks any foundation in law.

**B.     Defendants Did Not Mislead The Court**

RLF also accuses defense counsel of bad faith based on a handful of purported misstatements in the Rule 11 briefing, none of which is material to the substantive points made in connection with the purported misstatements. Indeed, RLF does not even deny the truth of any of the underlying substantive points. RLF's purpose in making these accusations appears to be purely performative,

5

namely, to indicate that mistakes happen and emphasize the fact that not all mistakes merit sanctions. But none of the wrongdoing by RLF was a mistake. Rather each of RLF' actions was knowing and purposeful, as RLF admits. In contrast, RLF presents, at worst, a list of picayune errors by Defendants.

First, RLF faults Defendants for making a misplaced argument about the absence of allegations regarding Defendant Garvey, because he was first named in Pomerantz's complaint. RLF Opp. at 6. RLF does so while ignoring the truth of Defendants' substantive assertion: that neither complaint contains any particularized factual allegations regarding the scienter of *any* individual defendant. For its part, RLF admits that it chose not to complete a meaningful investigation or attempt to draft viable scienter allegations against anyone unless it secured status as lead counsel. Nonetheless, it is true that the deficient allegations against Garvey first appeared in the Pomerantz complaint. Defendants acknowledge the error, with apology, and submit that it is immaterial.

Second, RLF complains that Defendants should not have imputed any knowledge of a case to RLF just because RLF appeared as counsel of record for a plaintiff in that case. RLF Opp. at 24-25. RLF asserts that, despite being counsel of record, it "did not litigate" and was "uninvolved" in certain these cases. This is, at best, embarrassing hair-splitting. RLF does not even attempt to deny the substantive point made by Defendants, which is that RLF knew about the instructive decisions in those cases. Notably, those decisions consist of dismissals that destroyed the claims of RLF's clients in those actions, clients to whom it owed a duty to keep apprised of the developments therein.

Third, RLF similarly protests that although it served as counsel to the lead plaintiff in *Mei Pang v. Levitt*, it was not the firm that "filed the case and negotiated a stipulation" that insulated the initial complaint from the filing of any motion to dismiss. RLF Opp. at 25. RLF, however, does not deny litigating that case pursuant to the stipulated schedule, or the fact that it routinely employs the same type of stipulation—*i.e.*, a scheduling stipulation that protects the initial complaint from ever

6

being the subject of judicial scrutiny. To the contrary, RLF repeatedly insists that it is so clearly *entitled* to use this a procedure in every case it files that Defendants should be sanctioned for not voluntarily submitting to such a schedule—even though RLF never even made any such request of Defendants in this case.

Fourth, RLF complains that Defendants misread some of the dates on the hundreds of pages of AI-generated articles that RLF falsely held out to the Court as reports by "securities analysts employed by major brokerage firms." Kothari Compl. at ¶ 62. Specifically, RLF insists that, contrary to Defendants' assertions, all of the articles were generated by AI bots *before* the filing of RLF's complaint. But RLF ignores the fact that none of these bot-authored articles is in fact a report by an "analyst" from a "brokerage firm," much less "a major brokerage firm" as RLF falsely represented to the Court. RLF also ignores the fact that it did not review any of them before filing its complaint. Regardless of the dates of publication, none of articles are what RLF alleged in its complaint, none of them are what RLF held them out to be in opposing the prior Rule 11 motion, and RLF appears to admit that it dredged them up *after* making the false allegations in its complaint. ECF No. 36 at 13-14. RLF's protestations about when the articles were generated are wholly beside the point.

In sum, Defendants stand by each substantive assertion associated with each purported error, namely that: (i) RLF made no attempt to plead facts speaking to the scienter of any individual defendant; (ii) RLF was aware of decisions holding that the few facts alleged in its complaint cannot sustain a securities fraud claim; (iii) RLF regularly works to avoid, and in fact claims the right to avoid, judicial scrutiny of initial complaints in securities fraud class actions; (iv) RLF falsely alleged the existence of reports by securities analysts at major brokerage firms without looking to see if any a single such report exists, and falsely suggested to the Court that AI-generated articles, articles that RLF did not identify until after it filed its complaint, were in fact "reports by security analysts at major brokerage firms."

7

.

### III. Pomerantz's Motion Should Be Denied

Pomerantz's arguments for sanctions are equally baseless. Pomerantz also constructs a bizarro universe where Defendants are not entitled to file a motion to dismiss within the deadlines stated in the Federal Rules, and where Defendants' request for the imposition of sanctions pursuant to the PSLRA's mandatory review is itself a sanctionable act. None of this is true.

#### A. Defendants Were Not Required To Wait To File Their Motion To Dismiss

Pomerantz, like RLF, asserts that Defendants' motion to dismiss RLF's complaint was "premature." Pomerantz Mot. 4-9. Defendants, however, filed their initial motion to dismiss in compliance with the looming deadline for filing a responsive pleading under the Federal Rules, and to trigger the PSLRA's discovery stay. *See* Fed. R. Civ. P. 12; 15 U.S.C. § 78u–4(b)(3)(B). Defendants were under no obligation to waive their rights or beg RLF for an extension of time. Moreover, RLF never offered any such extension, and Pomerantz's attempt to elevate its preferred order of operation into some sort of legal obligation has no basis in law.

Pomerantz's own authorities recognize that neither the PSLRA nor the Federal Rules include any rule staying the deadline to respond to a securities fraud complaint. Pomerantz merely cites a Manual for Complex Litigation, which provides that "[i]mmediately after assignment of the litigation, the judge should consider entering an order suspending the time for all defendants to respond to the complaint in cases where a motion to consolidate is pending or a lead plaintiff has not been selected[.]" Pomerantz Mot. at 6 (citing Manual for Complex Litigation, §31.4 (4th ed. 2004)). No such scheduling order was entered here, RLF did not request the entry of any such order, and Defendants would have opposed any such request, for good reason.

Defendants have previously cited ample authority for the proposition that frivolous securities fraud complaints should be disposed of as quickly as possible. These cases include decisions

explaining why postponing consideration of a motion to dismiss the initial complaint in deference to the lead plaintiff appointment process is neither efficient nor consistent with the objectives of the PSLRA. *See, e.g., Valerius v. Geraghty*, 2010 U.S. Dist. LEXIS 161540, at *4 (E.D. Pa. 2010) (Refusing to stay consideration of defendants' motions to dismiss until after appointment of the lead plaintiff because doing so "would undermine—rather than further—the goals of the PSLRA,"); *In re Champion Enters. Sec. Litig.*, 145 F. Supp. 2d 871, 874 (E.D. Mich 2001) (The PSLRA is meant "to provide a filter at the earliest stage (the pleading stage) to screen out lawsuits that have no factual basis . . .[and] [t]o make it easier for innocent defendants to get cases against them dismissed early in the process."). Indeed, the PSLRA makes plain "that the sanctions inquiry applies to 'any complaint, responsive pleading, or dispositive motion.'" *In re Australia & New Zealand Banking Group Ltd. Sec. Litig.*, 712 F. Supp. 2d 255, 266 (S.D.N.Y. 2010) (citing 15 U.S.C. § 78u-4(c)(1)). The Plaintiffs' Firms "have identified no authority for the proposition that the filing of an amended complaint overwrites a Rule 11 violation contained in an original pleading and thereby prevents the imposition of sanctions under the PSLRA." *Id.*

Nonetheless, the Plaintiffs' Firms insist that it is more efficient to insulate initial complaints from review in deference to a non-existent pre-emptive right of amendment. But that proposition has no basis in law, would be bad policy, and certainly cannot be described as some sort of established rule that, if transgressed, might begin to support a motion for sanctions. To the contrary, such a procedure makes no sense in a single-complaint case such as this, and would privilege the economics of plaintiffs' firms over the PSLRA's interest in deterring the filing of frivolous complaints, and in quickly disposing of any such filings when they occur. Pomerantz has no right to impose its legally unfounded insistence on modifications to the deadlines set by the Federal Rules and its characterization of Defendants' motion to dismiss as "premature" is patently wrong.

**B.** **Defendants' Request For The Court's Reconsideration Of Its Scheduling Order Is Not Sanctionable**

According to Pomerantz, Defendants' counsel should be sanctioned for their letter brief urging the Court not to delay ruling on Defendants' fully-briefed motion to dismiss. Specifically, Pomerantz asserts that Defendants' filing of their request as a concise letter brief, instead of a duly noticed motion for reconsideration, is a procedural error that itself warrants sanctions. Not so. The letter brief was a request for the Court to change its order of process, and rule on the pending, fully-briefed motion to dismiss without delay. It did not ask for independent relief. To the extent that it was the wrong procedural mechanism for the requested scheduling change, an isolated procedural misstep is not a sanctionable offense. *See In re Bees*, 562 F.3d 284, 288 (4th Cir. 2009) ("[A]n isolated, inadvertent error does not justify Rule 11 sanctions."). Indeed, the Court already noted, and disposed of, the procedural defect of which Pomerantz complains, and Pomerantz never raised any Rule 11 concern at that time. ECF Nos. 27, 29.

It bears emphasizing that letter brief did not a request that the Court reconsider any substantive ruling. It merely asked the Court to reconsider its decision to defer ruling on the pending motion to dismiss until Pomerantz had an opportunity to amend RLF's pleading. *See* ECF No. 25. That order was based on the Court's common-sense presumption that its future ruling on the promised amended compliant would obviate the need to consider the viability of the first complaint—a presumption that would be true in almost every case but was not true here. Indeed, we respectfully submit that the letter brief was well founded. To ensure that the Court was fully informed of the countervailing concerns, which Defendants had not previously raised with the Court, Defendants submitted a concise, two-paragraph letter explaining their concern that the scheduling order risked furthering Plaintiffs' subversion of the PSLRA, and would not result in efficiency in this case, just as the court found in *Valerius*. 2010 U.S. Dist. LEXIS 161540, at *4 ("In these

10

circumstances, staying consideration of Defendants' Motions to Dismiss would undermine—rather than further—the goals of the PSLRA."). We respectfully submit that subsequent events in this case have demonstrated in the prudence of the *Valerius* decision, and that prompt consideration of Defendants' motion to dismiss might have been efficient in this case.

Pomerantz also complains of being wrongfully accused of "concocting a scheme to subvert the PSLRA." Opp. at 10. But that is precisely what was happening then, and what is happening now. Reliance upon a plainly frivolous complaint to secure access to the federal courts, whether as an initial filer or as a candidate for lead counsel, is a subversion of the PSLRA. Even now, in attacking Defendants' filing of a motion to dismiss RLF's complaint as "premature," Pomerantz is mounting an explicit defense of RLF's conduct, one that suggests coordination and mutual reliance between RLF and Pomerantz. At a minimum, Pomerantz was more than happy to take advantage of RLF's frivolous pleading by using it to secure its position as lead counsel, and Pomerantz affirmatively objected to the Court ruling on Defendants' fully briefed motion to dismiss RLF's complaint before it filed an amended complaint. Defendants' assertion that the coordinated efforts of Pomerantz and RLZ were subverting the procedural and substantive requirements of the PSLRA was neither erroneous nor sanctionable.[1]

**C.     Defendants' Request for Sanctions Under the PSLRA Is Well Founded**

Pomerantz adds insult to injury by asserting that Defendants' request for sanctions is itself a violation of Rule 11. This proposition is nonsense, and suggests that any defendant who dares to advocate for sanctions in furtherance of the PSLRA's mandatory Rule 11 review process does so at risk of having to immediately defend against a no-notice motion for sanctions. Nothing in the PSLRA suggests such a result. But even if such an attack on Defendants' filing is procedurally

---

[1] As for Pomerantz's citations to case law, they both involve accusations made to court officials, and have no relevance here. *See Fries*, 146 F.3d at 459; *Falls v. Paries*, 2023 U.S. App. LEXIS 5712, at *5 (7th Cir. 2023).

11

proper, it would fail because Defendants' motion correctly identifies sanctionable conduct by Pomerantz, as described in detail in the motion.

Rather than argue for any change in the law, Pomerantz defended its defective pleading by misstating the law, as the Court recognized in its order of dismissal. In an effort to distract from that fact, Pomerantz now points to the Court's allowance of leave to amend as tantamount to a judicial finding that its complaint was not frivolous. This is nonsense. The Court, in allowing amendment, explicitly acted "in an abundance of caution[,]" in recognition of the fact that the Seventh Circuit all but requires securities plaintiffs to be given an opportunity to amend after dismissal. Order at 21 (citing *Pension Trust Fund for Operating Eng'rs. v. Kohl's Corp.*, 895 F.3d 933, 941 (7th Cir. 2018) ("We repeatedly have said that a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed."). The Court's hesitant grant of leave to amend was a warning shot across Pomerantz's bow. It does not preclude the Court from now finding the complaint to be frivolous.

Pomerantz then takes a page from RLF and accuses Defendants of mischaracterizing the precise nature of its involvement as counsel of record in *In re Turquoise Hill Resources Ltd.*, 2014 LEXIS 174096 (S.D.N.Y. Dec. 16, 2014). Pomerantz Mot. at 18. Pomerantz, like RLF does not deny that it appeared in that case on behalf of one of the plaintiffs, that it remained counsel of record for that plaintiff at the time of dismissal, or that it was aware of the decision dismissing that complaint— a decision that is stunningly on point here. Moreover, that decision is just one of many laying out precisely why the fraud claim asserted by Pomerantz in this case had no hope of success unless Pomerantz managed to deceive the Court as to the true state of the law. *See, e.g.*, *Kohl's*, 895 F.3d at 939. Whether Pomerantz or some other plaintiff's counsel authored the prior defective complaint in that case, or mounted the failed defense of that complaint, is completely beside the point.

12

**D.     Defendants Did Not Unreasonably Defend Against Plaintiffs' Frivolous Claims**

Finally, Pomerantz asserts that Defendants' prior motion to dismiss, and sanctions motions, forged "a path that a reasonably careful attorney would have known to be unsound[,]" and therefore violate 28 U.S.C. §1927. Pomerantz Mot. at 20-21. That is both untrue and not the relevant standard under section 1927. Rather, section 1927 applies only where an attorney has "acted in an objectively unreasonable manner by engaging in a serious and studied disregard for the orderly process of justice," or where a claim is "without a plausible legal or factual basis and lacking in justification." *Lightspeed Media Corp. v. Smith*, 761 F.3d 699, 708 (7th Cir. 2014). For example, RLF's purposeful utilization of a frivolous placeholder complaint to avoid the expense of complying with Rule 11 is a patent violation of section 1927. Defendants' efforts to defend against that abusive pleading, in contrast, are not. There is no requirement in either the Federal Rules or the PSLRA that Defendants stand idly by in the face of a factually and legally unfounded fraud complaint, blow the deadline for the filing of a responsive pleading, or quietly watch as a second securities law firm seizes control of an action that never should have been filed.

Pomerantz ignores the fact that RLF has repeatedly admitted that it purposefully refrained from conducting the requisite investigatory and pleading effort. Pomerantz does so because it is complicit in this plainly unlawful stratagem, one which it regularly employs itself, and in which it has a profound monetary interest in vigorously protecting for future use. Pomerantz also ignores the fact that it had the rare benefit of extensive briefing regarding the necessary factual predicate for an accounting fraud claim. Despite failing to identify any facts that could cure the defects in RLF's complaint, Pomerantz chose to press on using nothing more than misstatements of law and fact to defend its deficient pleading. Defendants have every right to hold Pomerantz to account for that conduct. The Court is the only arbiter of whether this conduct amounts to a violation of Rule 11, but

13

Defendants did nothing wrong in bringing this conduct to the Court's attention, and certainly have not acted with the bad faith required to establish a violation of section 1927.

Having been called out for its actions, Pomerantz is trying to protect its franchise by bringing a patently frivolous, procedurally defective sanctions motion designed to intimidate future litigants from following the "path" forged by Defendants who have done nothing wrong. It is Pomerantz who relied on a frivolous placeholder complaint to secure status as lead plaintiff, and then filed a plainly defective amended complaint whose only hope of success was confusing the court as to the true state of the law—not any argument for an extension or change in the law. Pomerantz's continued reliance on that stratagem imposes a tax on innocent companies who dare access the capital markets—an unlawful tax that Congress condemned and expressly barred in the PSLRA.

Sadly, the only uncommon aspect of this case is the rare courage shown by Defendants in standing up for themselves and the law. Defense counsel has diligently documented the abuses wrought by the Plaintiffs' Firms, but it is Defendants who boldly chose to pursue enforcement of the law at great expense and additional risk, only to face retaliation now in the form of cynical sanctions motions directed at their counsel. Counsel's diligence may be upsetting to Pomerantz, but it is neither "unsound" nor in bad faith, and it is not a violation of Section 1927.

## CONCLUSION

Defendants' attempts to defend against frivolous allegations of fraud are well-founded in the caselaw and in the express language of the PSLRA. Plaintiffs' cross-motions for sanctions can only be understood as an attempt to distract from their own conduct and the important issues raised by Defendants' sanctions motion, and dissuade future defendants who might consider taking similar action. Plaintiffs' abusive sanctions motions not only should be denied, they should be condemned by this Court.

April 14, 2025

Respectfully submitted,

 s/ David R. Konkel

Jason de Bretteville (CA# 195069)
jdebretteville@stradlinglaw.com
Wesley Horton (CA# 307567)
whorton@stradlinglaw.com
STRADLING YOCCA CARLSON &
RAUTH LLP
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660
Telephone: (949) 725-4000
Facsimile: (949) 725-4100

John L. Kirtley (WI# 1011577)
jkirtley@gklaw.com
David R. Konkel (WI# 1097244)
dkonkel@gklaw.com
GODFREY & KAHN S.C.
833 East Michigan Street, Suite 1800
Milwaukee, Wisconsin 53202
Telephone: (414) 273-3500
Facsimile: (414) 273-5198

*Counsel for Defendant*