UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JON ARNE TOFT and VIRAL KOTHARI,
*individually and on behalf of all
others similarly situated*,

    **Plaintiffs,**

    v.                                   Case No. 24-C-556

HARBOR DIVERSIFIED, INC.,
CHRISTINE R. DEISTER,
LIAM MACKAY, and
GREGG GARVEY,

    **Defendants.**

---

### DECISION AND ORDER ON PARTIES' MOTIONS FOR SANCTIONS

---

This is a private securities fraud action that is nearing its end of life—at least in this court. On January 31, 2025, the court dismissed Lead Plaintiff Jon Arne Toft's First Amended Complaint (FAC) for failure to state a claim upon which relief can be granted. Specifically, the court found Toft had not alleged a strong inference that Defendants Christine R. Deister, Liam Mackay, and Gregg Garvey acted with the requisite state of mind—scienter. The court gave Toft 30 days to file a second amended complaint. On March 3, 2025, Toft advised the court that he would not be filing a second amended complaint. That same day, Defendants filed a motion for sanctions against The Rosen Law Firm, P.A. (RLF), which represents the original plaintiff, Viral Kothari, and Pomerantz LLP, which represents Toft. Dkt. No. 49. RLF and Pomerantz countered with their own motions for sanctions. Dkt. Nos. 55 & 58. The court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 78aa(a). For the following reasons, the court concludes that sanctions are warranted only

as to RLF.  Accordingly, Defendants' motion will be granted in part and denied in part, Toft's motion will be denied, and Kothari's motion will be denied.

## BACKGROUND

The court assumes familiarity with the facts of this case as set forth in the court's decision and order dismissing the FAC.  *Toft v. Harbor Diversified, Inc.*, No. 24-C-556, 2025 WL 357776, at *2–5 (E.D. Wis. Jan. 31, 2025).  The background detailed below is predominately procedural.  Any additional facts will be set forth as necessary in the court's analysis.

On May 7, 2024, RLF, as counsel for Kothari, filed the original complaint in this action against Harbor Diversified, Inc. and two of its top officials, Deister and Mackay.  On June 7, 2024, Defendants moved to dismiss the complaint for failure to state a claim.  Dkt. No. 7.  A month later, before Defendants' motion to dismiss was fully briefed, Kothari and Jon Arne Toft filed competing motions for appointment as lead plaintiff and approval of lead counsel, in compliance with the mandatory procedures of the Private Securities Litigation Reform Act (PSLRA).  Dkt. Nos. 13 & 16.  On July 11, 2024, because Kothari conceded that he was not the presumptive lead plaintiff, the court appointed Toft as Lead Plaintiff, held Defendants' motion to dismiss in abeyance for 60 days, and stayed all briefing deadlines, thereby allowing Toft an opportunity to file an amended complaint.  Dkt. No. 23.

The very next day, Defendants filed a reply brief in support of their motion to dismiss, Dkt. No. 24, and by letter motion, requested that the court reconsider its decision to hold their motion to dismiss in abeyance, Dkt. No. 25.  On July 18, 2024, the court denied Defendants' letter motion for reconsideration, noting that it did not comply with the Federal Rules of Civil Procedure and that it made little sense to expend scarce judicial resources "to decide and issue an opinion as to whether a complaint, which is certain to be replaced, states a claim." Dkt. No. 29 at 2.  Defendants

2

moved for sanctions against Kothari and his counsel pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927 that same day. Dkt No. 30.

On September 10, 2024, Pomerantz, on behalf of Toft, filed the FAC, which added Gregg Garvey, another top Harbor official, as a defendant. The FAC advanced two theories of liability: violation of § 10(b) of the Securities Exchange Act of 1934 (Exchange Act) and Rule 10b–5 promulgated thereunder against all defendants and "controlling person" liability under Exchange Act § 20(a) against Deister, Mackay, and Garvey. Broadly speaking, the FAC alleged that Harbor made fraudulent financial disclosures during the Class Period (March 30, 2022, to March 29, 2024) that artificially increased the price of Harbor stock, thereby misleading investors. Those investors then suffered economic loss when Harbor stock prices fell in response to Harbor's disclosure that revenues were improperly recognized and would need to be restated. Toft sought to recover damages for himself and the class of persons that purchased or otherwise obtained Harbor stock during the Class Period.

On September 24, 2024, Defendants moved to dismiss the FAC for failure to state a claim. Dkt. No. 40. On January 31, 2024, after full briefing, the court granted Defendants' motion and dismissed the FAC for failure to allege a strong inference of scienter as required by the PSLRA. Dkt. No. 46 at 20 (citing *Pension Tr. Fund for Operating Eng'rs v. Kohl's Corp.*, 895 F.3d 933, 940 (7th Cir. 2018)). Following Seventh Circuit guidance and in an abundance of caution, the court gave Toft 30 days to file a second amended complaint. *Id.* at 21. In a separate order issued that same day, the court denied without prejudice Defendants' motion for sanctions against Kothari and his counsel but indicated that Defendants could renew their motion after final adjudication of this case. Dkt. No. 47.

Toft notified the court on March 3, 2025, that he would not be filing a second amended complaint, instead indicating that he intended to exercise his right of appeal. Dkt. No. 48. Defendants promptly moved for sanctions against RLF and Pomerantz pursuant to Rule 11 and the PSLRA. On March 31, 2025, Kothari filed a cross-motion for sanctions against Defendants' counsel, Stradling Yocca Carlson & Rauth LLP (Stradling Yocca), pursuant to Rule 11 and the PSLRA. Dkt. No. 55. Toft followed suit, seeking sanctions against Defendants and Stradling Yocca pursuant to Rule 11 and the PSLRA, as well as 28 U.S.C. § 1927. Dkt. No. 58. The parties' motions for sanctions are fully briefed and ripe for adjudication.

## LEGAL STANDARDS

As a threshold matter, because Toft has advised the court that he does not intend on filing a second amended complaint, the court will dismiss this case with prejudice so as to allow Toft to exercise his right of appeal. The court retains jurisdiction to impose and award sanctions. *Martinez v. City of Chicago*, 823 F.3d 1050, 1056 (7th Cir. 2016) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–96 (1990)).

### A. Rule 11 and the PSLRA

As the court noted in a previous order, sanctions and the PSLRA have a unique relationship. In line with the statute's purpose of curbing "abusive litigation by private parties," *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 313 (2007), the PSLRA requires that, "upon final adjudication of the action, the court shall include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion." 15 U.S.C. § 78u–4(c)(1). It is therefore the court's duty "to determine whether to impose sanctions even if the defendants ha[ve] not invited [the court's] attention to the

4

issue." *City of Livonia Emps.' Ret. Sys. & Loc. 295/Loc. 851 v. Boeing Co.*, 711 F.3d 754, 761 (7th Cir. 2013) (citing *Morris v. Wachovia Securities, Inc.*, 448 F.3d 268, 283–84 (4th Cir. 2006)); *see also Alcarez v. Akorn, Inc.*, 99 F.4th 368, 376 (7th Cir. 2024). And unlike a traditional motion brought pursuant to Rule 11, which *permits* a court to impose appropriate sanctions for violations of Rule 11(b), the PSLRA *mandates* that a court impose sanctions for any violation of Rule 11(b). 15 U.S.C. § 78u–4(c)(2); *City of Livonia Emps.' Ret. Sys. v. Boeing Co.*, 306 F.R.D. 175 (N.D. Ill. 2014); *see Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 81 (2006). The presumed sanction for failure to comply with Rule 11(b) in filing "any responsive pleading or dispositive motion" is "the reasonable attorneys' fees and other expenses incurred as a direct result of the violation." *Id.* § 78u–4(c)(3)(A)(i). "Substantial failure of any complaint to comply with any requirement of Rule 11(b)," on the other hand, carries a presumed sanction of "the reasonable attorneys' fees and other expenses incurred in the action." *Id.* § 78u–4(c)(3)(A)(ii). In short, the PSLRA modifies the effect of Rule 11 in private securities class actions.

The PSLRA does not, however, change the substantive Rule 11 analysis. *Goldfinger v. J. Commc'ns Inc.*, No. 15-C-12, 2015 WL 13034986, at *2 (E.D. Wis. Aug. 4, 2015) (citing *Hartmarx Corp. v. Abboud*, 326 F.3d 862, 866 (7th Cir. 2003)); *Simon DeBartolo Grp., L.P. v. Richard E. Jacobs Grp., Inc.*, 186 F.3d 157, 167 (2d Cir. 1999). Rule 11 states as follows:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

5

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). The Seventh Circuit has synthesized Rule 11 into several strands: "There must be 'reasonable inquiry' into both fact and law; there must be good faith (that is, the paper may not be interposed 'to harass'); the legal theory must be objectively 'warranted by existing law or a good faith argument' for the modification of existing law; and the lawyer must believe that the complaint is 'well grounded in fact.'" *Szabo Food Serv., Inc. v. Canteen Corp.*, 823 F.2d 1073, 1080 (7th Cir. 1987); *see also Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir. 1998) ("[A] court may impose sanctions on a party for making arguments or filing claims that are frivolous, legally unreasonable, without factual foundations, or asserted for an improper purpose."). As the Supreme Court has put it, Rule 11 "imposes on any party who signs a pleading, motion, or other paper . . . an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing, and that the applicable standard is one of reasonableness under the circumstances." *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 551 (1991). At base, "[t]he very point of Rule 11 is to lend incentive for litigants 'to stop, think and investigate more carefully before serving and filing papers.'" *Berwick Grain Co. v. Ill. Dep't of Agric.*, 217 F.3d 502, 505 (7th Cir. 2000) (quoting *Cooter & Gell*, 496 U.S. at 398).

**B.     28 U.S.C. § 1927**

Starting with the text, 28 U.S.C. § 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The "statute permits courts to levy sanctions against an attorney if the attorney has acted

6

in an objectively unreasonable manner by engaging in a serious and studied disregard for the orderly process of justice or where a claim is without a plausible legal or factual basis and lacking in justification." *Int'l Union of Operating Eng'rs, Loc. 150, AFL-CIO v. Nat'l Lab. Rels. Bd.*, 109 F.4th 905, 925 (7th Cir. 2024) (citation modified).

## ANALYSIS

### A. Defendants' Motion for Sanctions

Defendants first attack the original complaint filed by RLF on behalf of Kothari. The crux of Defendants' argument is that the original complaint was so cursory in alleging scienter that no reasonable lawyer could have believed that the original complaint satisfied the PSLRA's heightened pleading standards. *See* Dkt. No. 50 at 14 (citing *Boca Raton Firefighters' & Police Pension Fund v. DeVry Inc.*, No. 10 C 7031, 2014 WL 1847833, at *5 (N.D. Ill. May 8, 2014)). In other words, Defendants argue that the original complaint reflects a failure on the part of RLF to conduct a reasonable inquiry into the law prior to filing. *See In re TCI Ltd.*, 769 F.2d 441, 446 (7th Cir. 1985) ("An attorney must ascertain the facts and review the law to determine whether the facts fit within a recognized entitlement to relief."). This argument has merit.

After replicating Harbor's SEC filings from the Class Period, the original complaint quotes extensively from Harbor's Restatement Announcement. Compl. ¶ 53, Dkt. No. 1. It then goes on to make conclusory allegations concerning scienter:

> Defendants acted with scienter in that they knew that the public documents and statements issued or disseminated in the name of the Company were materially false and misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated, or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the securities laws. . . .

*Id.* ¶ 69; *see also id.* ¶¶ 67–68, 70. This allegation plainly fails to plead with any specificity facts that would reasonably lead one to believe that Defendants knew or were reckless in not knowing

7

the financial statements issued were materially false or misleading. It is well settled that the PSLRA imposes "[e]xacting pleading requirements." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 313 (2007). Plaintiffs must "state with particularity . . . the facts evidencing scienter, *i.e.*, the defendant's intention 'to deceive, manipulate, or defraud.'" *Id.* (quoting *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 194 & n.12 (1976)); 15 U.S.C. § 78u–4(b)(2); *see also Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007) (holding that the heightened pleading standard requires plaintiffs to "provide the who, what, when, where, and how" of the alleged fraud). "Although Rule 11 does not require 'scholarly exposition or exhaustive research,'" even the most basic of pre-suit investigations would have made clear that the original complaint was groundless on the facts alleged. *Brown v. Fed'n of State Med. Boards of the U.S.*, 830 F.2d 1429, 1436 (7th Cir. 1987) (quoting *Szabo Food Serv., Inc.*, 823 F.2d at 1081), *abrogated on other grounds by Mars Steel Corp. v. Cont'l Bank N.A.*, 880 F.2d 928 (7th Cir. 1989); *see also Gurary v. Nu-Tech Bio-Med, Inc.*, 303 F.3d 212, 221 (2d Cir. 2002) (holding that a substantial failure can render an otherwise nonfrivolous complaint sanctionable). It follows that, whether out of ignorance of the law or simple laziness, the original complaint reflects a failure to conduct a reasonable inquiry prior to filing.

RLF argues that it should not be sanctioned because the original complaint alleged a case theory that, although not ultimately successful, was not frivolous. But in making this argument, RLF invokes allegations set forth in the FAC, not the original complaint. This, RLF cannot do. The PSLRA uses the phrase "any complaint," thus mandating that when multiple complaints are filed, each is to be scrutinized individually for compliance with Rule 11. 15 U.S.C. § 78u–4(c)(1); *see also Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 664 (11th Cir. 2010) (Tjoflat, J., concurring in part) ("Because Congress extended this duty to 'any' complaint, when a plaintiff

files multiple complaints, each must be scrutinized. The PSLRA does not grant a get-out-of-jail-free card—one nonfrivolous complaint does not immunize the earlier filing of frivolous complaints." (citations omitted)). More to the point, as explained by the court in *City of Livonia Employees' Retirement System v. Boeing Co.*, the filing of a class action securities complaint has market repercussions in and of itself. 306 F.R.D. 175, 180–81 (N.D. Ill. 2014) (citing *Tellabs, Inc.*, 551 U.S. at 313). Where an attorney fails to conduct a reasonable pre-suit investigation and subsequently files an untenable complaint, a company that may in fact be conforming with the law will be forced to incur substantial costs. *Tellabs, Inc.*, 551 U.S. at 313. Accordingly, attorneys are expected "to conduct a more diligent pre-filing investigation in cases involving securities fraud than in other contexts." *City of Livonia Emps.' Ret. Sys.*, 306 F.R.D. at 180 (citing *Makor Issues & Rights, Ltd. v. Tellabs Inc.*, 513 F.3d 702, 711 (7th Cir. 2008); *Auto. Indus. Pension Trust Fund v. Textron Inc.*, 682 F.3d 34, 40 (1st Cir. 2012)). Nowhere in the original complaint is there any attempt to draw a line between the purported simplicity of ASC 606 and Defendants' decision to recognize the disputed amounts despite United's stated intention not to pay. RLF cannot now invoke that theory in an attempt to bolster the original complaint.

RLF also argues it reviewed and analyzed Harbor's SEC filings, public statements, and applicable accounting rules. It would thus seem that RLF's position is that it did conduct a sufficient pre-suit investigation and merely failed to plead allegations with the necessary specificity. But that's exactly the point. The law requires such specificity and the utter lack of specificity in regard to alleging scienter in the original complaint reflects wholesale disregard of long settled legal principles. *River N. Equity, LLC v. mPhase Techs., Inc.*, No. 16-CV-10986, 2017 WL 11883675, at *6 (N.D. Ill. Sept. 12, 2017), *report and recommendation adopted*, No. 16-CV-10986, 2017 WL 11883674 (N.D. Ill. Oct. 23, 2017); *Thornton v. Wahl*, 787 F.2d 1151, 1154 (7th

Cir. 1986) ("Rule 11 requires counsel to study the law before representing its contents to a federal court. An empty head but a pure heart is no defense."). Accordingly, for the above reasons, RLF failed to conduct an adequate pre-suit investigation, resulting in an original complaint that was frivolous. RLF therefore violated Rule 11(b) and sanctions are warranted. But any sanction must be limited to the expense related to the filing of RLF's original complaint.

On the other hand, the FAC filed by Pomerantz on behalf of Toft does not demonstrate a pre-suit investigation so faulty that sanctions are warranted. As noted above, the original complaint failed to connect the purported simplicity of ASC 606 and Defendants' decision to recognize the disputed amounts despite United's stated intention not to pay. The FAC, however, is a different story. The FAC set forth specific allegations concerning ASC 606 and Defendants' knowledge of ASC 606 in an attempt to establish that Defendants knew or were reckless in not knowing that the company's SEC filings were materially false. While the court ultimately concluded the FAC failed to state a claim because these allegations were insufficient to support a strong inference of scienter, failure to state a claim does not equate to a violation of Rule 11. *Singh v. Curry*, 69 F.3d 540 (7th Cir. 1995) (unpublished table decision) ("Sanctions are not appropriate merely because a claim failed; Rule 11 is not intended to penalize creative or aggressive advocacy." (citing *Mars Steel Corp.*, 880 F.2d at 932)); *see also Pension Tr. Fund for Operating Eng'rs*, 895 F.3d at 941 ("[I]n securities fraud cases . . . the drafting of a cognizable complaint can be a matter of trial and error." (citation modified)). Pomerantz' pre-suit investigation was therefore sufficient.

Likewise, the legal theory pursued by Pomerantz in the FAC was not frivolous. "A frivolous argument 'is one that is "baseless or made without a reasonable and competent inquiry."'" *Indep. Lift Truck Builders Union v. NACCO Materials Handling Grp., Inc.*, 202 F.3d

10

965, 969 (7th Cir. 2000) (quoting *Fries*, 146 F.3d at 458); *see also Fishoff v. Coty Inc.*, 634 F.3d 647, 654 (2d Cir. 2011) ("The operative question is whether the argument is frivolous, i.e., the legal position has no chance of success, and there is no reasonable argument to extend, modify or reverse the law as it stands." (citation modified)). Defendants suggest that Pomerantz "muddied" the contents of ASC 606 and the state of law in advancing the FAC and arguing against dismissal. Therefore, according to Defendants, Pomerantz should be sanctioned for filing a frivolous complaint that was based on "misrepresentations of controlling law and disingenuous arguments." *Tomczyk v. Blue Cross & Blue Shield United of Wis.*, 951 F.2d 771, 779 (7th Cir. 1991). But the court does not see it that way. The court did not dismiss the FAC outright as contrary to clear, controlling precedent. Rather, in a 22-page decision and order, the court distinguished this case from those relied on by Pomerantz. As the Seventh Circuit has observed in a related context, "[t]here is a significant difference between making a weak argument with little chance of success . . . and making a frivolous argument with no chance of success." *Cooney v. Casady*, 735 F.3d 514, 521 (7th Cir. 2013) (quoting *Khan v. Gallitano*, 180 F.3d 829, 837 (7th Cir. 1999)). While Pomerantz' arguments came up short, they were not baseless nor of the kind that had no chance of success. Accordingly, the theory of scienter advanced in the FAC was "colorable enough to avoid sanctions for frivolity." *Nat'l Wrecking Co. v. Int'l Bhd. of Teamsters, Loc. 731*, 990 F.2d 957, 963 (7th Cir. 1993).

**B.     Toft's Motion for Sanctions**

Toft invokes the PSLRA in asserting that Defendants should be sanctioned for "repeatedly taking frivolous legal positions, making false accusations, and filing motions to harass." Dkt. No. 59 at 10 (cleaned up). Specifically, Toft points to four separate papers that he claims demonstrate sanctions are warranted: (1) Defendants' motion to dismiss the original complaint, Dkt. No. 7; (2)

11

Defendants' letter motion for reconsideration of the court's decision to hold Defendants' motion to dismiss the original complaint in abeyance, Dkt. No. 25; (3) Defendants' original motion for sanctions, Dkt. No. 30; and (4) Defendants' instant, renewed motion for sanctions, Dkt. No. 49. The court disagrees.

As a threshold matter, the court needs to sort out some procedural and technical issues. To start, Toft improperly relies on the PSLRA in requesting sanctions against Defendants for their letter motion and sanctions motions. Toft argues the PSLRA "requires the Court to assess whether '*all parties and all attorneys* have complied with each of the certification elements of Rule 11(b)." Dkt. No. 65 at 6 (quoting 15 U.S.C. § 78u–4(c)(1)). But the statute contains limiting language that Toft omits: "as to any complaint, responsive pleading, or dispositive motion." 15 U.S.C. § 78u–4(c)(1). The question thus becomes whether any of the papers that Toft argues are sanctionable qualify as a complaint, responsive pleading, or dispositive motion. It is clear that none qualify as a complaint or responsive pleading, leaving only the dispositive motion bucket.

A dispositive motion is one that requests a court order resolving one or more of the claims asserted. *Motion*, BLACK'S LAW DICTIONARY (12th ed. 2024); *Troupe v. Fenderson*, No. 19-CV-1318-PP, 2022 WL 17082034, at *8 (E.D. Wis. Nov. 18, 2022) ("A dispositive motion is a motion asking for a court order that entirely disposes of one or more claims in favor of the moving party without need for further court proceedings." (quoting another source)). Initially, Defendants' motion to dismiss the original complaint was a dispositive motion because it sought a court order dismissing the entire action. Toft argues that Defendants letter motion was also a dispositive motion because it "asked the court to rule on [Defendants' motion to dismiss] and dispose of this litigation." Dkt. No. 65 at 8. Not entirely so. The letter motion asked the court to "reconsider its order holding the motion to dismiss in abeyance pending the potential filing of an amended

12

complaint." Dkt. No. 25 at 1.  Thus, even if the court had sided with Defendants on the letter motion, the resulting order would not have had any bearing on any of the claims asserted by Kothari, let alone entirely disposed of one or more of them.  Accordingly, the letter motion was not a dispositive motion.

Toft cites to several cases for the proposition that Defendants' sanctions motions are dispositive motions as well.  Those cases, however, are inapposite as they concern the ability of magistrate judges to make independent decisions on sanctions motions and corresponding district judge review.  *See Retired Chicago Police Ass'n v. City of Chicago*, 76 F.3d 856, 868–69 (7th Cir. 1996); *see also Alpern v. Lieb*, 38 F.3d 933, 935 (7th Cir. 1994) ("A district judge may refer a dispute about sanctions to a magistrate judge for a recommendation under [28 U.S.C.] § 636(b)(1)(B) or § 636(b)(3), but the magistrate judge may not make a decision with independent effect.").  Instead, the court concludes that Defendants' motions for sanctions here do not fall within the plain meaning of "dispositive motion" as neither sought an order resolving one or more of the claims asserted.  *See Szabo Food Serv., Inc.*, 823 F.2d at 1079 ("An award of fees under Rule 11 is more like a sanction for contempt of court than like a disposition on the merits . . . ."). It is of no moment that Defendants' sanctions motions necessarily impugn the merits of this case, for Defendants brought both motions for sanctions only after moving to dismiss.  The court was therefore tasked with considering the merits question at the motion to dismiss stage and any invocation of the merits at the sanctions stage was secondary.  In sum, of the four papers identified by Toft, only one—Defendants' motion to dismiss the original complaint—comes within the sweep of the PSLRA.  This finding has important implications.

Normally, a party moving for sanctions must give the opposing party 21 days to withdraw or correct the complained of pleading.  Fed. R. Civ. P. 11(c)(2); *Matrix IV, Inc. v. Am. Nat'l Bank*

13

*& Tr. Co. of Chi.*, 649 F.3d 539, 552 (7th Cir. 2011). Where a moving party fails to comply with the "warning-shot/safe-harbor requirement," a motion for sanctions must be denied. *N. Ill. Telecom, Inc. v. PNC Bank, N.A.*, 850 F.3d 880, 888–89 (7th Cir. 2017). The PSLRA, however, obviates the need to comply with the warning-shot/safe-harbor requirement in some circumstances because the statute itself is the warning shot. This is "because the statutory wording of the PSLRA puts private securities litigants on sufficient notice that their actions will be the subject of Rule 11 findings." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 579 F.3d 143, 152 (2d Cir. 2009); *see also Alcarez*, 99 F.4th at 376 (observing the "mandatory" nature of sanctions review under the PSLRA). But because mandatory review under the PSLRA is limited to complaints, responsive pleadings, and dispositive motions, a party still must comply with the warning-shot/safe-harbor requirement when moving for sanctions as to any other pleadings in a private securities action. It follows that because the court finds Defendants' letter motion and sanctions motions are not dispositive motions, Toft was required to adhere to the warning-shot/safe-harbor provision of Rule 11 in seeking sanctions based on them. His failure to do so renders his request for sanctions as to those three filings procedurally barred.[1] *N. Ill. Telecom, Inc.*, 850 F.3d at 888–89.

That leaves Defendants' motion to dismiss the original complaint. Toft principally argues that Defendants' decision to file their first motion to dismiss contravened PSLRA litigation norms adhered to in this circuit and nationwide. That may be true, but norms do not carry legal authority.

---

[1] Some courts have held that a party responding to a motion for sanctions need not comply with the warning-shot/safe-harbor requirement in filing a cross-motion for sanctions based on the frivolousness of the original sanctions motion. *Patelco Credit Union v. Sahni*, 262 F.3d 897, 913 (9th Cir. 2001) (relying on Advisory Committee notes); *see also Momo Enters., LLC v. Banco Popular of N. Am.*, No. 15-CV-11074, 2017 WL 4357390, at *3 (N.D. Ill. Sept. 30, 2017) (discussing *Patelco Credit Union v. Sahni*, 262 F.3d 897 (9th Cir. 2001)). The Seventh Circuit, however, does not seem to have addressed this issue. Here, the issue is largely academic as even if the court were to consider Toft's arguments for sanctions based on Defendants' motions for sanctions, it would conclude, as more fully discussed below, that sanctions are not warranted.

There is nothing in the PSLRA that prevents a defendant from filing a motion to dismiss prior to the selection of a lead plaintiff. To the contrary, the PSLRA contemplates that a defendant will file a motion to dismiss when it believes the complaint fails to sufficiently allege that the defendant made misleading statements with the requisite state of mind. 15 U.S.C. § 78u–4(b)(3)(A). That is exactly what Defendants did here. And they were warranted in doing so because, as the court concluded above, the original complaint was frivolous. Accordingly, Defendants' motion to dismiss the original complaint does not warrant sanctions under the PSLRA and Rule 11.

Toft's request for sanctions pursuant to 28 U.S.C. § 1927 will also be denied. Toft argues that Defendants' counsel spurned PSLRA norms and filed objectively unreasonable and vexatious motions that any reasonably careful attorney would have known to be unsound. Even if Defendants' counsel's conduct—principally, filing a motion to dismiss before a lead plaintiff was selected and doubling down on that strategy by filing a letter motion for reconsideration—could be considered unreasonable, that is not enough because the statute requires conduct that is both unreasonable *and* vexatious. *Kotsilieris v. Chalmers*, 966 F.2d 1181, 1184 (7th Cir. 1992). The Seventh Circuit has "interpreted vexatious to mean either subjective or objective bad faith." *Id.* (collecting cases). Upon review of the record as a whole, including the four specific filings Toft highlights, the court concludes there is nothing to suggest that Defendants' counsel acted with bad faith. To be sure, Defendants' counsel's violation of the Federal Rules of Civil Procedure and this court's local rules in filing their letter motion should not be overlooked. Nor should the assertions made by Defendants' counsel in various filings that have since been shown to be false or misleading. Surely, Defendants' counsel will be more diligent in the future. Nevertheless, the court finds these missteps to be insufficient to evidence objective bad faith, as required by § 1927. *Cf. Fred A. Smith Lumber Co. v. Edidin*, 845 F.2d 750, 752–54 (7th Cir. 1988) (upholding

15

sanctions under § 1927 where counsel took ostrich-like tactic of pretending potentially dispositive authority did not exist, persisted in putting forth claims despite fact that statute of limitations clearly barred claims, and acted in bad faith in filing a fraud claim in hopes that future discovery would lead to sufficient facts to support such a claim); *see also Milwaukee Concrete Studios, Ltd. v. Fjeld Mfg. Co.*, 8 F.3d 441, 451 (7th Cir. 1993) ("Inadvertent factual errors will occur—we hope not frequently, but litigants and attorneys will make mistakes.").

In sum, the court concludes that neither Defendants nor their counsel violated Rule 11(b). And Defendants' counsel's conduct did not run afoul of 28 U.S.C. § 1927. Accordingly, Toft's motion for sanctions will be denied.

## C. Kothari's Motion for Sanctions

Kothari moves for sanctions under the PSLRA and Rule 11, arguing that Defendants' sanctions motions were filed for an improper purpose in violation of Rule 11(b)(1) and that Defendants made repeated misrepresentations to the court in their sanctions motions in violation of Rule 11(b)(3). Kothari's motion is similar to Toft's and fails for the same reasons, so the court will be brief. First, like Toft, Kothari failed to comply with the warning-shot/safe-harbor requirement, so his motion is procedurally faulty. But his motion also fails on the merits. Initially, Kothari's contention that Defendants' sanctions motions were brought for an improper purpose is sufficiently undercut by the court's finding that the original complaint was frivolous thus warranting sanctions. Second, as alluded to above, Defendants' misrepresentations in their sanctions motions are of concern; they reflect a lack of diligence in a delicate context. *See Fed. Deposit Ins. Corp. v. Tekfen Const. & Installation Co.*, 847 F.2d 440, 444 (7th Cir. 1988). But the court concludes that those misrepresentations are not so severe so as to warrant sanctions. *See Milwaukee Concrete Studios, Ltd.*, 8 F.3d at 449–51.

**D.     Amount of Sanction**

Having concluded that sanctions are warranted under the PSLRA and Rule 11 for RLF's filing of the original complaint on behalf of Kothari, the question becomes what the appropriate sanction is.  As stated above, the PSLRA provides that the presumptive sanction for a frivolous complaint "is an award to the opposing party of the reasonable attorneys' fees and other expenses incurred in the action."  15 U.S.C. § 74u–4(c)(3)(A)(ii).  The party or attorney being sanctioned may rebut this presumption by showing that (1) "the award of attorneys' fees and other expenses will impose an unreasonable burden on that party or attorney and would be unjust, and the failure to make such an award would not impose a greater burden on the party in whose favor sanctions are to be imposed" or (2) "the violation of Rule 11(b) of the Federal Rules of Civil Procedure was de minimis."  *Id.* § 74u–4(c)(3)(B).  If either showing is made, sanctions are still required under the PSLRA, but "the court shall award the sanctions that the court deems appropriate."  *Id.* § 74u–4(c)(3)(C).

RLF does not employ the specific language of 15 U.S.C. § 78u–4, instead arguing that monetary sanctions are inappropriate because "Defendants would have had to respond to the amended complaint regardless," thus RLF did not cause "Defendants to expend any additional resources."  Dkt. No. 56 at 27.  The court disagrees.  By filing a frivolous complaint, RLF prompted Defendants to retain counsel and prepare a defense which included filing and briefing their original motion to dismiss.  Defendants would have forgone filing their original motion to dismiss and waited for the selection of lead plaintiff and the filing of an amended complaint had the original complaint filed by RLF not been frivolous.  Either way, it simply cannot be said that RLF's violation did not cause Defendants to expend additional resources.  Having offered no further argument to the point, the court is constrained by the plain language of the statute; the appropriate

17

sanction is an award in the amount of the reasonable attorneys' fees and other expenses incurred in defending against RLF's original complaint. 15 U.S.C. § 78u–4(c)(3)(A)(ii). But the sanction should not include attorneys' fees or expenses that were incurred after the FAC was filed. Those fees and expenses cannot reasonably be attributed to RLF's conduct. Accordingly, Defendants are directed to submit a fee petition, with billing records, establishing their fees and costs attributable to RLF's original complaint within 30 days. If RLF chooses to dispute the amount claimed, it may file a brief in response 30 days thereafter.

## CONCLUSION

For the above reasons, this action is dismissed with prejudice. The Clerk is directed to enter judgment accordingly. Further, Defendant's renewed motion for sanctions (Dkt. No. 49) is **GRANTED-IN-PART** and **DENIED-IN-PART**. Specifically, it is granted as to Defendants' request for sanctions against the Rosen Law Firm, P.A. and denied as to Defendants' request for sanctions against Pomerantz LLP. Kothari's motion for sanctions (Dkt. No. 55) is **DENIED**. Toft's motion for sanctions (Dkt. No. 58) is likewise **DENIED**. Within 30 days of this order, Defendants are directed to submit a fee petition, with billing records, establishing their fees attributable to RLF's original complaint. If RLF chooses to dispute the amount claimed, it may file a brief in response 30 days thereafter, and the court will then decide the matter.

**SO ORDERED** at Green Bay, Wisconsin this 3rd day of December, 2025.

William C. Griesbach
United States District Judge