JON ARNE TOFT, Individually and on behalf
of all other similarly situated,

Plaintiff,

v.

HARBOR DIVERSIFIED, INC., CHRISTINE
R. DEISTER, LIAM MACKAY, and GREGG
GARVEY

Defendants.

Case No. 1:24-cv-00556-WCG

## DECLARATION OF DAVID KONKEL IN SUPPORT OF DEFENDANTS' FEE APPLICATION

I, David Konkel, declare under penalty of perjury as follows:

1.      I am an adult resident of the State of Wisconsin and make this Declaration based on my personal knowledge of the facts and circumstances set forth herein.

2.      I am a shareholder at Godfrey & Kahn, S.C. ("G&K"). G&K and Stradling Yocca Carlson & Rauth, LLP ("Stradling") represented Defendants Harbor Diversified, Inc., Christine R. Deister, Liam Mackay and Gregg Garvey in the above-captioned matter.

3.      I have experience representing clients in shareholder disputes, securities, and corporate governance since joining G&K's Milwaukee office in 2014. My hourly rate in 2024 was $595, which increased to $635 in 2025. John Kirtley, another attorney of record for Defendants, also works in our Milwaukee office. Mr. Kirtley, who is the past chair of G&K's Litigation team, has focused his practice on complex business litigation, including shareholder disputes, securities, and corporate governance, for 38 years. His hourly rate in 2024 was $820, which increased to $870 in 2025. These rates at which services were provided to Defendants are

4917-4594-3170v2/101468-0015

the same rates G&K normally charges for each of the professionals providing services in this matter. They are market rates paid by the firm's clients.

4. G&K's hourly rates are set based on periodic analysis of a variety of factors, including years of practice, years with G&K, years in the current position (e.g., years as a member), relevant experience, relative expertise, and the rates of similarly experienced peers at our firm or other firms.

5. The attorneys' fees and costs from G&K in the attached exhibits are compiled from records kept in the ordinary course and conduct of business and are made, as a regular practice, at or near the time of the activities described. Based on my experience, knowledge, and qualification in representing clients, the amounts charged represent a reasonable value for such services based upon comparable legal services fees. The fees and costs described are reasonable and necessary fees and costs incurred in this action for the purposes of defending against the alleged claims.

6. Attached hereto as Exhibit 1 is a true and correct copy of an invoice from G&K to Defendants for work in response to the Rosen Law Firm's complaint, dated July 29, 2024. This invoice reflects a total billed amount of $15,203.50.

7. Attached hereto as Exhibit 2 is a true and correct copy of an invoice from G&K to Defendants for work in response to the Rosen Law Firm's complaint, dated November 4, 2024. This invoice reflects a total billed amount of $20,655.50. This invoice includes work directed at the Amended Complaint and related motion practice that is not the subject of this fee petition. Accordingly, Defendants seek only the fees incurred prior to September 1, 2024, reflected on this invoice for a total of $12,369.00.

8. Attached hereto as Exhibit 3 is a true and correct copy of an invoice from G&K to Defendants for work directed to Defendants' renewed motion for sanctions and work defending against RLF's and Pomerantz's cross-motion for sanctions, dated April 16, 2025. This invoice reflects a total billed amount of $10,331.00, which reflects $1,873.25 in fees incurred in defending against the cross motion for sanctions, and $8,457.75 in fees directed to the renewed motion for sanctions. Defendants seek 93.75% of the fees incurred in response to the cross-motions for sanctions (*i.e.*, approximately 100% of the cost of responding to RLF cross-motion and 87.5% of the cost of responding to the Pomerantz cross-motions), and 60% of the renewed motion for sanctions. Accordingly, Defendants are only seeking $6,830.82 (93.75% of $1,873.25 plus 60% of $8,457.75) to reflect G&K's work that was directed towards the Rosen Law Firm's conduct.

9. Attached hereto as Exhibit 4 is a true and correct copy of an invoice from G&K to Defendants for work directed to Defendants' renewed motion for sanctions and work defending against RLF's and Pomerantz's cross-motion for sanctions, dated July 7, 2025. This invoice reflects a total billed amount of $2,843.00, which reflects $1,278.00 in fees incurred in defending against the cross motion for sanctions, and $1,565.00 in fees directed to the renewed motion for sanctions. As above, Defendants seek 93.75% of the fees incurred in response to the cross-motions for sanctions (*i.e.*, approximately 100% of the cost of responding to RLF cross-motion and 87.5% of the cost of responding to the Pomerantz cross-motions), and 60% of the renewed motion for sanctions. Accordingly, Defendants are only seeking $2,137.13 (93.75% of $1,278.00 and 60% of $1,565.00) to reflect G&K's work that was directed towards the Rosen Law Firm's conduct.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 2nd day of January 2026.

/s/ *David Konkel*
David Konkel

Case 1:24-cv-00556-WCG    Filed 01/02/26    Page 4 of 4    Document 70
37684197.2