UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JON ARNE TOFT and VIRAL KOTHARI, Individually and on behalf of all others similarly situated, | Case No. 1:24- cv-00556-WCG |
| | Judge: William C. Griesbach |
| Plaintiff, | |
| | **THE ROSEN LAW FIRM'S RESPONSE TO DEFENDANTS' FEE PETITION** |
| v. | |
| HARBOR DIVERSIFIED, INC., CHRISTINE R. DEISTER, LIAM MACKAY, and GREGG GARVEY, | |
| Defendants, | |

# TABLE OF CONTENTS

I. BACKGROUND ........................................................................................................... 2

II. ARGUMENT ................................................................................................................ 3

   A. Defendants cannot recover fees incurred after the filing of the FAC ........................... 3

     (i) Defendants' request for fees after the FAC is an improper motion for reconsideration ................................................................................................. 3

     (ii) Defendants' request is barred by the law of the case doctrine, and is wrong on the merits ............................................................................................................. 4

   B. Defendants' requested attorneys' fees are not reasonable, and are therefore unrecoverable under 15 U.S.C. § 78u–4(c)(3)(A)(ii) ..................................................... 5

     (i) Defendants spent an unreasonable amount of time responding to the complaint ... 6

     (ii) Defendants improperly include time unrelated to defending this action .................. 8

   C. The fee award should be reduced in accordance with principles of equity and fairness ........................................................................................................................ 9

     (i) Defendants should not recover for time spent submitting false statements to the Court ................................................................................................................. 9

     (ii) Defendants should not recover for submissions put forth in violation of the Local Rules ................................................................................................................. 10

     (iii) Defendants should not recover for putting forth unreasonable falsity arguments .11

   D. CONCLUSION ........................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**
**Cases**

*Brown v. Fed'n of State Med. Boards of the U.S.*,
   830 F.2d 1429 (7th Cir. 1987) ................................................................................................ 9

*Cannon v. Armstrong Containers Inc.*,
   92 F.4th 688 (7th Cir. 2024) ................................................................................................... 3

*Chien v. Skystar Bio Pharm. Co.*,
   256 F.R.D. 67 (D. Conn. 2009) .............................................................................................. 6

*City of Brockton Ret. Sys. v. Shaw Grp. Inc.*,
   540 F. Supp. 2d 464 (S.D.N.Y. 2008) .................................................................................. 10

*Divane v. Krull Elec. Co.*,
   319 F.3d 307 (7th Cir. 2003) .................................................................................................. 8

*Flint v. City of Milwaukee*, No. 14-CV-3,
   33-JPS, 2015 WL 1523891 (E.D. Wis. Apr. 2, 2015) ............................................................ 4

*In re Atlas Air Worldwide Holdings, Inc. Sec. Litig.*,
   324 F. Supp. 2d 474 (S.D.N.Y. 2004) ...................................................................................11

*Kathrein v. Monar,*
   218 Fed. Appx. 530 (7th Cir. 2007) ....................................................................................... 6

*Par. v. City of Elkhart*,
   No. 3:07-CV-452, 2011 WL 1360810 (N.D. Ind. Apr. 11, 2011) ...................................... 6, 8

*Plumbers & Pipefitters Nat'l Pension Fund v. Orthofix Int'l N.V.*,
   89 F. Supp. 3d 602 (S.D.N.Y. 2015) .................................................................................... 10

*Toyo Tire & Rubber Co. v. Atturo Tire Corp.*,
   No. 14 C 00206, 2020 WL 5230751 (N.D. Ill. Sept. 2, 2020) ............................................... 5

*Triune Star, Inc. v. Walt Disney Co.*,
   No. 07-1256, 2009 WL 1098762 (C.D. Ill. Apr. 23, 2009) .................................................... 7

*Val v. BMO Harris*,
   No. 15-C 2991, 2017 WL 4265715 (N.D. Ill. Sept. 26, 2017) ............................................... 7

*Valdes v. Kandi Techs. Grp., Inc.*,
   2024 LEXIS 58238 (E.D.N.Y. 2024) ..................................................................................... 9

*Vidimos, Inc. v. Wysong Laser Co.*,
    179 F.3d 1063 (7th Cir. 1999) .............................................................................................. 4

**Statutes**

15 U.S.C. § 78u–4(c)(3)(A)(ii) ................................................................................................ 4, 5

28 U.S.C. § 1927 ......................................................................................................................... 2

**Rules**

Fed. R. Civ. P. 7(b) ..................................................................................................................... 9

Fed. R. Civ. P. 11 ............................................................................................................. 2, 4, 5, 6

Defendants request a total of $580,482.29 in legal fees and costs, consisting of approximately 599 hours' worth of fees and $801.42 in costs. RLF objects to the fee request on several grounds. <u>First</u>, Defendants improperly seek $101,930.71 for approximately 105 hours of work done after the filing of the First Amended Complaint. Defendants ignore the Court's sanctions order, which stated that the "sanction should not include attorneys' fees or expenses that were incurred after the FAC was filed." Dkt. No. 67 at *18 (the "Order"). <u>Second</u>, the number of hours expended by Defendants' counsel on drafting a fourteen-page motion to dismiss and a Rule 11 motion – 599 hours (or 494, excluding the post-FAC hours) – is excessive and therefore, unreasonable. As such, it should be reduced. Moreover, Defendants seek legal fees for work unrelated to defending against the initial complaint, including for a different lawsuit in another court.

<u>Lastly</u>, the fee award should be reduced in accordance with principles of equity and fairness. Billing entries for Defendants' filings that the Court found contained false statements should be discounted by 50%. Additionally, billing entries related to filings that violated the Local Rules should not be credited at all. Defendants' invoices for research and writing that they recycled and used again in moving to dismiss the First Amended Complaint should also be discounted.

RLF recognizes that it has asked the Court to reduce the requested fee award for a variety of reasons, some of which necessarily overlap. Some reductions are tied to particular line items and can be noted as a sum certain, while other reductions are more global and are therefore necessarily subject to the Court's judgement.

As explained in detail below, the Court should award Defendants no more than $146,151, based on 150 hours of work at a $969 hourly rate, and $801.42 in costs.

I. **BACKGROUND**[1]

This case commenced on May 7, 2024, with the filing of a complaint by Viral Kothari, represented by RLF. Dkt. No. 1 (the "Complaint"). A month later, Defendants moved to dismiss the Complaint, arguing that Mr. Kothari had not adequately alleged falsity and scienter. *See generally* Dkt. No. 8. On July 11, 2024, the Court appointed a lead plaintiff – one that was not Kothari – and held Defendants' Motion to Dismiss in abeyance pending the filing of an amended complaint. Dkt. No. 25. The next day, Defendants submitted a letter motion requesting reconsideration of the Court's order. Dkt. No. 25. On July 18, 2024, the Court denied the motion, holding that to grant it would be a waste of judicial resources, and that it did not comply with the Federal Rules of Civil Procedure. Dkt. No. 29. Defendants moved to sanction RLF and Kothari under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927 that same day. Dkt. No. 30. The Court denied this motion without prejudice, granting Defendants leave to renew it after the ultimate disposition of the case, which they did once the Court dismissed the matter and the lead plaintiff chose not to file a second amended complaint. Dkt. Nos. 47, 50.

On December 3, 2025, the Court granted Defendants' renewed motion for sanctions against RLF, holding that the "appropriate sanction is an award in the amount of the reasonable attorneys' fees and other expenses incurred in defending against RLF's original complaint" but that "the sanction should not include attorneys' fees or expenses that were incurred after the FAC was filed." Dkt. No. 67 at *18. The Court directed Defendants "to submit a fee petition, with billing records, establishing their fees and costs attributable to RLF's original complaint within 30 days." *Id.* at *18. On January 2, 2026, Defendants filed their fee petition. Dkt. No. 69. In their fee petition, Defendants include time billed after the First Amended Complaint was filed on September 10,

---

[1] This section contains a selected and abbreviated summary of the history of this case, pertinent to the instant motion. It is not intended to represent all filings or proceedings in this matter.

2024. Dkt. Nos. 70-3, 70-4, 71-5, 71-6, 71-7. Defendants did not provide a total number of hours billed for which they request a fee award; RLF has calculated it as 599, after accounting for the discounts laid out in defense counsel's declarations. Dkt Nos. 70, 71.

## II. ARGUMENT

### A. Defendants cannot recover fees incurred after the filing of the FAC

In the Order, the Court held that "the sanction [in this matter] should not include attorneys' fees or expenses that were incurred after the FAC was filed." Dkt. No. 67 at *18. Defendants, in their fee petition, ignore the Order, and request over a hundred thousand dollars' worth of fees on approximately 105 hours incurred after the filing of the FAC. Defendants do not break this time out, but RLF calculates this time at a cost of $101,930.71, based on the relevant billing records. *See* Dkt. Nos. 70-3, 70-4, 71-5, 71-6, 71-7. Defendants' request is a violation of the Order. Accordingly, the Court should reject it out of hand. Furthermore, even if considered on its merits, this request should be rejected, as Defendants have not put forth an intervening change in law or fact sufficient to cause the Court to reverse its previous decision. RLF therefore requests that of the $580,482.29 in fees requested, the court strike $101,930.71, or 105 hours, as billed after the filing of the FAC, leaving a maximum account recoverable of $478,551.58, or 494 hours, before further appropriate reductions.

### (i) Defendants' request for fees after the FAC is an improper motion for reconsideration

The Court has decided that the fees incurred by Defendants after the filing of the FAC will not be awarded. *See id*. This decision is now the law of the case. *See Cannon v. Armstrong Containers Inc.*, 92 F.4th 688, 702 (7th Cir. 2024) ("the [law of the case] doctrine ... posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case") (citation omitted). Defendants' fee petition is therefore a

3

belated motion for reconsideration, in essence if not in form. However, Defendants do not present their argument as a motion for reconsideration, do not adhere to Civil Local Rule 7(a), which states that "[e]very motion must state the statute or rule pursuant to which it is made...", and do not acknowledge that the Court's ruling is now the law of the case. Instead, they put forth their request under the guise of a fee petition. This, in itself, is grounds to deny Defendants' motion. *See Flint v. City of Milwaukee*, No. 14-CV-333-JPS, 2015 WL 1523891, at *2 (E.D. Wis. Apr. 2, 2015); Civil Local Rule 7(d) ("failure to comply with the briefing requirements in Civil L. R. 7(a)-(b) may result in sanctions up to and including the Court denying or granting the motion").

### (ii) Defendants' request is barred by the law of the case doctrine, and is wrong on the merits

Putting aside Defendants' violation of the local rules, the merits of their argument fall far short of meeting the lofty standard required on a motion of reconsideration. Here, Defendants have not "cited any intervening change in the law, an erroneous application of the law, or newly discovered evidence that would compel the Court to reconsider its decision." *Flint v. City of Milwaukee*, No. 14-CV-333-JPS, 2015 WL 1523891, at *2 (E.D. Wis. Apr. 2, 2015). Instead, the Court is asked to reconsider its ruling on the grounds that RLF's conduct was "abusive" and that the plaintiffs' securities litigation bar needs to be punished as a whole. These arguments are irrelevant, since a desire to punish a particular bar is not an enumerated consideration in evaluating reasonable attorneys' fees under 15 U.S.C. § 78u–4(c)(3)(A)(ii), and factually unsupported, as the Court has not found RLF's conduct to be abusive. Defendants have consistently repeated these arguments on both of their Rule 11 motions. *See* Dkt. Nos. 31 at *1-3, 25 at *20. Defendants do not cite to intervening authority, new evidence, or other changed circumstances; rather, they simply argue that the Court was mistaken – but this "is the sort of argument that the doctrine of law of the case bars." *Vidimos, Inc. v. Wysong Laser Co.*, 179 F.3d 1063, 1065 (7th Cir. 1999).

### B. Defendants' requested attorneys' fees are not reasonable, and are therefore unrecoverable under 15 U.S.C. § 78u–4(c)(3)(A)(ii)

"To determine a reasonable attorney's fee, the Seventh Circuit has instructed that the district court must make that assessment, at least initially, based on a calculation of the 'lodestar'—the hours reasonably expended multiplied by the reasonable hourly rate—and nothing else." *Toyo Tire & Rubber Co. v. Atturo Tire Corp.*, No. 14 C 00206, 2020 WL 5230751, at *2 (N.D. Ill. Sept. 2, 2020) (cleaned up, citations omitted). Once the Court has determined the appropriate hourly rate, the Court is empowered to assess the attorney's time entries and "exclude hours that are excessive, redundant or otherwise unnecessary." *Id.* (cleaned up). Here, Defendants put forth varying hourly rates for the attorneys billing on this matter; RLF has calculated the effective blended, weighted rate for all attorneys as approximately $969.[2] Defendants do not put forth a final tally of their hours expended; RLF has tabulated their total hours requested as approximately 599.[3] The product of the number of hours (599) and the blended hourly rate ($969) approximately equals Defendants' requested fee of $580,482.

599 hours, at a rate of $969 an hour, is too much time and money to spend drafting a 14-page motion to dismiss and Rule 11 briefing. As illustrated below, some of Defendants' excess is related to particular line items that are not within the scope of recoverable fees defined in the Court's order, as they are not related to responding to the Complaint. Most of the excess, however, is simply a product of too much time spent by experienced, high-billing attorneys on routine and duplicative tasks. It is within the Court's discretion to strike or trim the requested attorneys' fees for either of these reasons, as they render the fees requested unreasonable under 15 U.S.C. § 78u–

---

[2] Stradley's blended rate is $993, while Godfrey Kahn's is $703. After weighting to account for the respective hour contributions of the firms, the final blended rate is $968.80.
[3] 547.1 for Stradley, 51.9 for Godfrey Kahn.

4(c)(3)(A)(ii). RLF therefore asks that the Court grant Defendants total attorneys' fees in this matter equivalent to no greater than 150 hours' worth, or $145,350.

### (i) Defendants spent an unreasonable amount of time responding to the complaint

"[A] court asked to award sanctions must consider not only the reasonableness of the requested fee but the reasonableness of the time expended on the litigation by the prevailing party." *Kathrein v. Monar,* 218 Fed. Appx. 530, 532 (7th Cir. 2007) (citations omitted). Separately from reducing fees to account for time not devoted to the pertinent action or within the scope of the sanctions order, the Court must "still fashion an award based upon an *appropriate* amount of time to defend [against] a federal lawsuit." *Id*. at 532. Here, Defendants have expended 494 hours in responding to the Complaint (excluding the additional post-FAC hours). This is over 40 attorney hours per week for 12 weeks! This is excessive, unnecessary, and presumptively unreasonable. *See Kathrein,* 218 Fed. Appx. at 532 (holding that 200 hours is unreasonable). A reasonable amount of time to spend researching and drafting a 14-page motion to dismiss is approximately 100 hours. The Rule 11 letter requires not more than 5 hours to draft. The Rule 11 motion should take no more than 45 hours to draft. The Court should award legal fees commensurate with the amount of time such legal work reasonably requires.

In *Kathrein*, defense counsel spent "approximately 200 hours at over $300 an hour on a case that was dismissed on the pleadings." *Id*. In directing the lower court to reconsider the amount of sanctions awarded, the Seventh Circuit held that "the fees claimed by [defendants] are beyond any amount that we have said is reasonable." *Id.* District courts in various contexts faced with such excessive billing records uniformly refuse to grant the requested fees. *See Chien v. Skystar Bio Pharm. Co.*, 256 F.R.D. 67, 77 (D. Conn. 2009), *aff'd,* 378 F. App'x 109 (2d Cir. 2010) ("the Court simply does not understand how Defendants managed to spend $121,971.35 defending what

Defendants claim—and the Court agreed—was a patently frivolous lawsuit"); *Par. v. City of Elkhart*, No. 3:07-CV-452, 2011 WL 1360810, at *3 (N.D. Ind. Apr. 11, 2011) (in a civil rights action, reducing a requested 180 hours of billed time down to 91 hours); *Triune Star, Inc. v. Walt Disney Co.*, No. 07-1256, 2009 WL 1098762, at *6 (C.D. Ill. Apr. 23, 2009) ("the number of hours devoted to this litigation by these attorneys, given their experience and knowledge of the legal issues in this case, exceeds what could reasonably be awarded… a 60% reduction in fees is necessary to bring them into the realm of objective reasonableness under Rule 11").

Courts have routinely rejected and reduced similar requests for unreasonable amounts of legal fees. In *Val v. BMO Harris*, defense counsel was required to "research the case history (which required examination of the three other court actions filed by [Plaintiff]), prepare a Rule 11 sanctions letter, file opening and reply briefs in support of a motion to dismiss, and fully brief a motion for sanctions as well." No. 15 C 2991, 2017 WL 4265715, at *4 (N.D. Ill. Sept. 26, 2017). The court held that the total of 87.2 hours were "a significant but ultimately reasonable amount of time to spend on defense of this case." *Id.* Here, Defendants' counsel produced a similar quantum of work product – briefing a motion to dismiss and filing a motion for sanctions – but managed to bill 599 hours in the process, or over six times the number of hours billed by counsel for the *Val* defendants. *Id.*

As such, the amount of time that defense counsel spent on the motion to dismiss RLF's complaint and on the first Rule 11 motion was not reasonable. The time spent is particularly unreasonable given the concise and straightforward nature of the complaint. Furthermore, the hours expended are unreasonable considering the experience of the attorneys performing the work on this matter; indeed, almost half of the approximately 600 hours submitted were billed by Stradling partner Jason de Bretteville, who has been practicing since 1997, is the chair of Stradley's

litigation department, and now bills at a rate of $1,390 an hour.[4] *See Par.*, No. 2011 WL 1360810, at *3 (finding hours were unreasonable because document was "drafted by seasoned attorneys who bill at a premium hourly rate based on their experience and expertise in this area of the law").

Finally, "[a] party defending against a frivolous paper has a duty under Rule 11 to mitigate its legal fees and expenses" *Divane v. Krull Elec. Co.*, 319 F.3d 307, 321 (7th Cir. 2003) (citation omitted). Defendants have not done so. Given Defendants' submission of a motion for reconsideration, in violation of the local rules, it cannot be said that they have discharged their duty to mitigate their legal fees and expenses. In addition, Defendants ask the Court to reimburse them for two Rule 11 motions, the first of which was not necessary at all, since Rule 11 review in a PSLRA section is always conducted at the close of the matter. The Court should not grant Defendants fees for putting forth duplicative Rule 11 motions. In sum, a holistic review of the time entries reveals that defense counsel has billed significantly more than was reasonably necessary to defend this matter. The requested fees should be reduced accordingly.

### (ii) **Defendants improperly include time unrelated to defending this action**

Defendants have improperly included fees that were not incurred in defending against RLF's Complaint. In particular, Defendants include time billed to a wholly separate shareholder derivative suit filed in another jurisdiction. Defendants billed approximately 1.3 hours to this derivative suit, which are reproduced in the chart attached as Exhibit 1 to the Kim Declaration. At defense counsel's blended rate of $969, this amounts to fees of $1,356.[5] The Court should not award Defendants these fees.

---

[4] https://www.stradlinglaw.com/professionals/jason-de-bretteville.html
[5] Alternatively, the Court may choose to deduct the precise number billed to these line items, which is $1,404.

## C. The fee award should be reduced in accordance with principles of equity and fairness

"[I]n appropriate cases, a district court should reflect upon equitable considerations in determining the amount of the sanction." *Brown v. Fed'n of State Med. Boards of the U.S.,* 830 F.2d 1429, 1439 (7th Cir. 1987), *abrogated on other grounds by Mars Steel Corp. v. Cont'l Bank N.A.*, 880 F.2d 928 (7th Cir. 1989). Here, the award requested by Defendants would be inequitable and unjust for the following reasons: (1) the requested award would require RLF to reimburse the costs of Defendants preparing and filing false statements with the Court; (2) the requested award would require RLF to bear the costs of Defendants' preparing filings submitted in violation of Fed. R. Civ. P. 7(b)(1); and (3) the requested award would require RLF to compensate Defendants for putting forth unreasonable arguments that were contrary to established precedent. Defendants' award should therefore be reduced under the principles of equity and fairness.

### (i) Defendants should not recover for time spent submitting false statements to the Court

The Court has found that Defendants made a number of false statements in their submission to the Court. Dkt. No. 67 at 15. Defendants should not recover fees for putting forth these statements, as it would be inequitable and unfair, and would effectively sanction unethical conduct. First, Defendants cited a stipulation filed in *Mei Pang v. Levitt* for the proposition that RLF routinely negotiates and files stipulations deferring securities case proceedings until after the appointment of a lead plaintiff. No. 1:22cv1191, Dkt. Nos. 12, 13 (W.D. Tex., Jan. 14, 2022). This was a false citation, as another firm filed that case and negotiated the stipulation – not RLF. *Id.*

Second, Defendants regularly claimed that RLF litigated cases that it did not. Defendants claimed in their first Rule 11 motion (on July 18, 2024) that RLF filed *Valdes v. Kandi Techs. Grp., Inc.,* 2024 LEXIS 58238, *23 (E.D.N.Y. 2024) as part of an argument that executive defendants must have known about misconduct. *See* Dkt. No. 31 at *7. On opposition, RLF pointed out that

9

it did not commence *Valdes*. Dkt. No. 34 at *10, fn. 3. On reply, Defendants nonetheless repeated the false claim that RLF had litigated *Valdes*. Dkt. No. 36 at *10, fn. 2. In the same reply, Defendants claimed that RLF litigated *Plumbers & Pipefitters Nat'l Pension Fund v. Orthofix Int'l N.V.*, 89 F. Supp. 3d 602, 618 (S.D.N.Y. 2015) and *City of Brockton Ret. Sys. v. Shaw Grp. Inc.*, 540 F. Supp. 2d 464, 472 (S.D.N.Y. 2008). As RLF later pointed out, RLF did not litigate these cases. Dkt. No. 56 at *25.

Finally, in their first Rule 11 motion, Defendants argued that "Kothari's counsel prides themselves on filing dozens of lawsuits alleging violations of Section 10(b) each year[.]" Dkt. No. 31 at 7, fn. 2. This is false, because Defendants conflated filing lawsuits with the Institutional Investor Services' ranking for the number of settlements obtained. Dkt. No. 56, at 23. RLF pointed out that Defendants claim that RLF touted a ranking "in the top 4 of securities class action firms nationwide [by volume]" (alteration in original) was false. *Id*. Defendants' counsel nonetheless put forth this claim once more in its fee petition. Dkt. No. 69, at *8-9.

In its Order, the Court wrote that the "assertions made by Defendants' counsel in various filings that have since been shown to be false or misleading [. . .] should not be overlooked." Dkt. No. 67 at *15. By RLF's calculation, Defendants expended 268 hours, or around $259,692, on the papers for the first Rule 11 motion. In light of the false statements made throughout these papers, RLF respectfully requests that the Court reduce the fees awarded for preparing these papers by 50% - 134 hours, or $129,846.

### (ii) Defendants should not recover for submissions put forth in violation of the Local Rules

On July 12, 2024, Defendants filed a letter motion asking the court to reconsider its decision to defer their motion to dismiss. Dkt. No. 25. The Court noted that this letter motion did not comply with the Federal Rules of Civil Procedure. Dkt. No. 29 at 2. Defendants should not be

10
Case 1:24-cv-00556-WCG    Filed 02/09/26    Page 14 of 18    Document 74

able to collect fees for drafting this letter, because requiring RLF to compensate Defendants for their violation of the local rules would be inequitable and unfair. Defendants billed approximately 9.9 hours for the reconsideration letter; the relevant time entries are reproduced in the chart attached as Exhibit 2 to the Kim Declaration. At defense counsel's blended rate of $969, this amounts to fees of $9,593.[6] The Court should therefore reduce the fee award by this amount.

### (iii) Defendants should not recover for putting forth unreasonable falsity arguments

It is well settled that a financial restatement is *prima facie* evidence of falsity under the PSLRA. *See e.g., In re Atlas Air Worldwide Holdings, Inc. Sec. Litig.*, 324 F. Supp. 2d 474, 486 (S.D.N.Y. 2004) ("[the] fact that financial results were restated is sufficient basis for pleading that those statements were false when made"). Nonetheless, Defendants' motion to dismiss put forth the argument that Plaintiff could not show falsity, despite the fact that Plaintiff's case was predicated on a financial restatement. Indeed, this was one of only two principal theories that Defendants moved to dismiss on, the other being scienter. *See generally* Dkt. No. 8. This was a frivolous argument. As RLF pointed out in opposition, plaintiffs sufficiently alleged falsity. *See* Dkt. No. 11, fn. 1.

In their motion to dismiss reply, Defendants did not attempt to defend their falsity argument, instead choosing to drop it entirely. *See generally* Dkt. No. 24. Nor did Defendants raise falsity on their dismissal motion against the FAC. *See* Dkt. No. 41. While the Court determined that this conduct isn't sanctionable, Defendants should still not receive compensation for their legally unsupported argument. As a result, Defendants' fees for drafting the motion to dismiss should be discounted by one-third, as it was in part based on a groundless falsity argument.

---

[6] Alternatively, the Court may choose to deduct the precise number billed to these line items, which is $11,224.

Defendants spent approximately 214 hours on the first motion to dismiss. RLF therefore requests that the Court deduct 71 hours, or $68,799, in light of this legally unsupported argument.

### D. CONCLUSION

RLF recognizes that it has asked the Court to reduce the requested fee award for a variety of reasons, some of which necessarily overlap. There are a number of ways, and sequences, in which the Court may choose to apply deductions and calculate the final award. In addition, some reductions are tied to particular line items and can be noted as a hard sum, while some reductions are more global and are therefore subject to the Court's judgement by nature. As a summary, RLF requests the following:

1. First, and apart from any other considerations, a reduction of the $101,930.71 billed after the First Amended Complaint.
    a. Running tally: 494 hours, or $478,551.
2. A reduction of 1.3 hours, or $1,356, for line items billed to the shareholder derivative matter.
    a. Running tally: 492.7 hours, or $477,195.
3. A reduction of 9.9 hours, or $9,593, for line items related to the reconsideration letter.
    a. Running tally: 482.8 hours, or $467,602.
4. A reduction for the false statements put forth by Defendants. RLF requests a deduction of 134 hours, or $129,846.
    a. Running tally: 348.8 hours, or $337,756.
5. A reduction for the unreasonable falsity arguments advanced by Defendants. RLF requests a deduction of 71 hours, or $68,799.
    a. Running tally: 277.8 hours, or $268,957.

6. A final reduction in total hours awarded, on the grounds that defense counsel spent an unreasonable amount of total time on this matter. RLF requests that, after previous reductions, any remaining hours over 150 be struck as unreasonable.

   a. Running tally: 150 hours, or $145,350.

RLF respectfully requests that, in total, the Court award Defendants no more than 150 hours at a rate of $969 an hour, or $145,350, as well as $801.42 in costs. This amounts to a final award of no more than $146,151.42.

Dated: February 9, 2026

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ *Phillip Kim*
Phillip Kim
275 Madison Avenue, 40th Floor
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: philkim@rosenlegal.com

*Counsel for Plaintiff Viral Khotari*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 9, 2026, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Phillip Kim*
Phillip Kim