JON ARNE TOFT and VIRAL KOTHARI,
individually and on behalf of all others similarly situated,

        Plaintiffs,

        v.                                Case No. 24-C-556

HARBOR DIVERSIFIED, INC.,
CHRISTINE R. DEISTER,
LIAM MACKAY, and
GREGG GARVEY,

        Defendants.

## DECISION AND ORDER PARTIALLY GRANTING DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS

This matter comes before the court on Defendants' motion for attorneys' fees and costs. Defendants seek an award of attorneys' fees and costs in the amount of $580,482.29. For the following reasons, the motion will be partially granted.

### BACKGROUND

On Friday, March 29, 2024, Defendant Harbor Diversified, Inc., publicly disclosed in a Securities Exchange Commission (SEC) filing that the company would need to restate multiple previously issued financial statements to account for $52.3 million in revenue that was improperly recognized. The market effect was significant; Harbor's stock price fell by 14.25% by market close on Monday, April 1, 2024. This lawsuit followed.

On May 7, 2024, Viral Kothari, who was represented by The Rosen Law Firm (RLF), filed this federal securities fraud class action against Harbor and two of its top officials, Christine R. Deister and Liam Mackay. On June 7, 2024, Defendants moved to dismiss the complaint for

failure to state a claim. Dkt. No. 7. On July 7, 2024, before Defendants' motion to dismiss was fully briefed, Kothari and Jon Arne Toft, who was represented by Pomerantz LLP, filed competing motions for appointment as lead plaintiff and approval of lead counsel, in compliance with the mandatory procedures of the Private Securities Litigation Reform Act (PSLRA). Dkt. Nos. 13, 16. Because Kothari conceded that he was not the presumptive lead plaintiff, the court appointed Toft as Lead Plaintiff, stayed all briefing deadlines related to Defendants' motion to dismiss, and held Defendants' motion in abeyance pending Toft's filing of an amended complaint. Dkt. No. 23.

On July 12, 2024, Defendants filed a letter requesting that the court reconsider its decision to hold their motion to dismiss in abeyance. Dkt. No. 25. The court denied the motion on July 18, 2024. Dkt. No. 29. The court observed that Defendants' request for reconsideration failed to comply with the Federal Rules of Civil Procedure because the request was not made as a motion. But even if Defendants had submitted their request in the appropriate form, the court explained that it would be disinclined to grant the request for reconsideration in the interest of efficiency and saving judicial resources since Kothari's complaint was certain to be replaced by Toft's amended complaint.

That same day, Defendants filed a motion for sanctions against Kothari and his counsel under Federal Rule of Civil Procedure 11. On January 31, 2025, the court denied the motion for sanctions without prejudice as premature. Dkt. No. 47. The court explained that, because the court must consider whether sanctions are appropriate in all PSLRA cases, regardless of whether a motion is filed, it could not decide the issue until final adjudication of the case.

Toft filed an amended complaint on September 10, 2024, and added Gregg Garvey, another top Harbor official, as a defendant. Dkt. No. 37. On January 31, 2025, the court dismissed the

2

first amended complaint for failure to state a claim upon which relief can be granted and allowed Toft 30 days to file a second amended complaint. On March 3, 2025, Toft advised that he would not be filing a second amended complaint.

That same day, Defendants filed a motion for sanctions against RLF and Pomerantz. Dkt. No. 49. Kothari and Toft countered with their own motions for sanctions. Dkt. Nos. 55, 58. On December 3, 2025, the court denied Kothari and Toft's motion for sanctions and partially granted Defendants' motion for sanctions. Dkt. No. 67. More specifically, the court granted Defendants' motion for sanctions against RLF and denied the motion as to Pomerantz. The court concluded that the appropriate sanction is an award in the amount of the reasonable attorneys' fees and other expenses incurred in defending against RLF's original complaint. It noted, however, that the sanction should not include attorneys' fees or expenses that were incurred after the amended complaint was filed because those fees and expenses cannot reasonably be attributed to RLF's conduct. *Id.* at 17–18. The court ordered Defendants to submit a fee petition, with billing records, establishing their fees attributable to RLF's original complaint. Defendants filed their motion for attorneys' fees and costs on January 2, 2026. Dkt. No. 69. RLF filed a response to the motion on February 9, 2026. Dkt. No. 74.

**ANALYSIS**

A court calculates attorneys' fees using the "lodestar" amount: "the number of hours that any attorney worked on the case multiplied by a reasonable hourly rate." *Jeffboat, LLC v. Director, Office of Workers' Compensation Programs*, 553 F.3d 487, 489 (7th Cir. 2009) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Mathur v. Bd. of Trs. of S. Ill. Univ.*, 317 F.3d 738, 742 (7th Cir. 2003)). The court may then adjust the figure depending on a variety of factors, including the time and labor required, the novelty and difficulty of the issue, the degree of success achieved, the

3

experience and ability of the attorneys, the amount involved and the results obtained, and awards in similar cases. *Hensley*, 461 U.S. at 429–30 n.3. The party seeking an award of attorneys' fees bears the burden of proving the reasonableness of the fees. *Spegon v. Catholic Bishop*, 175 F.3d 544, 550 (7th Cir. 1999) (citations omitted). The determination of a reasonable attorney's fee is entrusted to the discretion of the court, and the court is to exercise that discretion based on its review of the applicant's billing time records and its own understanding of the litigation. *Hensley*, 461 U.S. at 437.

Defendants were represented by two law firms in this action: Godfrey & Kahn, S.C. and Stradling Yocca Carlson & Rauth, LLP. They request an hourly rate for Attorney David Konkel of $595 in 2024 and $635 in 2025; Attorney John Kirtley of $820 in 2024 and $870 in 2025; Attorney J. De Bretteville of $1,240 in 2024 and $1,390 in 2025; Attorney R. Wilkins of $1,195 in 2024 and $1,295 in 2025; Attorney Wesley Horton of $750 in 2024 and $815 in 2025; Attorney S. Redmond of $550 in 2024; Attorney J. Owens of $950 in 2024; Paralegal E. Vescance of $415 in 2024; Attorney J. Suiter of $1,040 in 2025; and Attorney M. Small of $875 in 2025. An attorney's reasonable hourly rate is "derived from the market rate for the services rendered." *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011). The market rate is "'the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question.'" *Spegon*, 175 F.3d at 555 (quoting *Bankston v. State of Illinois*, 60 F.3d 1249, 1256 (7th Cir. 1995)). The rates charged by Defendants' counsel are commensurate with hourly rates of attorneys with similar experience specializing in federal securities law in the relevant market. The court finds that Defendants have met their burden to establish that the request rates are reasonable.

4

Defendants seek an award for time spent reviewing the complaint, discussing case strategy, drafting a motion to dismiss, filing a reply in support of the motion to dismiss, drafting a motion for Rule 11 sanctions, drafting a reply in support of the motion for Rule 11 sanctions, reviewing lead plaintiff motions, drafting a letter requesting reconsideration, drafting a renewed motion for sanctions, drafting responses to the cross-motions for sanctions, and drafting a reply in support of their motion for sanctions. More specifically, Defendants request $478,552.02 incurred in connection with the preparation and drafting of the initial dismissal and sanctions briefing on the RLF complaint; $59,801.17 incurred in preparing the renewed sanctions briefing related to the RLF complaint and responding to the portions of the cross-motions for sanctions relating to the RLF complaint; and $42,129.00 incurred in the preparation and drafting of the motion for attorneys' fees.

As an initial matter, the court will not award fees and costs incurred after the filing of the amended complaint. In its December 3, 2025, order partially granting Defendants' motion for sanctions, the court found that an appropriate sanction in this case is the amount of the reasonable attorneys' fees and other expenses incurred in defending against RLF's original complaint. Dkt. No. 67 at 17–18. But the court held that "the sanction should not include attorneys' fees and expenses that were incurred after the [amended complaint] was filed." *Id.* at 18. Even though Defendants argue that the fees requested are for work performed in response to RLF's complaint, the court expressly limited the sanction to fees incurred before the filing of the amended complaint. Therefore, the court will not award fees and costs incurred after September 10, 2024, the day Toft filed the amended complaint.

That leaves the time Defendants' counsel spent reviewing the complaint, discussing case strategy, drafting a motion to dismiss, filing a reply in support of the motion to dismiss, drafting a

5

motion for Rule 11 sanctions, drafting a reply in support of the motion for Rule 11 sanctions, reviewing lead plaintiff motions, and drafting a letter requesting reconsideration. To repeat, Defendants request $478,552.02 for performing this work.

RLF argues that Defendants' fees are unreasonable. Based on RLF's calculations, Defendants spent 494 hours drafting briefs in support of their motion to dismiss and original motion for sanctions. RLF asserts that Defendants spent too much time responding to the complaint, given Defendants' counsel's experience and hourly rates. It maintains that it takes no more than 100 hours to draft a 14-page motion to dismiss, five hours to draft a Rule 11 letter, and 45 hours to draft a Rule 11 motion, though it does not explain how it reached these estimates. *See* Dkt. No. 74 at 10.

Defendants assert that, by producing a detailed narrative of the work performed on specific dates, the time spent on the work, and the hourly rate and the amount charged to Defendants, counsel has demonstrated "both lean and efficient staffing on this matter." Dkt. No. 69 at 6. But "[a]n attorney's hours are subject to the scrutiny of the court and unreasonable hours should not be compensated." *People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205*, 90 F.3d 1307, 1314 (7th Cir. 1996). In determining a reasonable number of hours expended, a court should "exclude hours that are 'excessive, redundant or otherwise unnecessary.'" *Novoselsky v. Zvunca*, No. 17-CV-427-JPS, 2018 WL 941731, at *2 (E.D. Wis. Feb. 16, 2018) (quoting *Hensley*, 461 U.S. at 434).

Kothari's complaint was only 25 pages long. *See* Dkt. No. 1. Although responding to the complaint undoubtedly required careful review of the documents and filings cited therein, as the court explained in its December 3, 2025, sanctions order, "even the most basic of pre-suit investigations would have made clear that the original complaint was groundless on the facts

6

alleged." Dkt. No. 67 at 8. It follows that responding to such a complaint would require less time than responding to a more sophisticated and robust pleading. *See Novoselsky*, 2018 WL 941731, at *3 ("[D]efending against frivolous cases should be easier and less time-consuming than defending against those with a modicum of merit. Other Seventh Circuit decisions buttress this view." (citing *Kathrein v. Monar*, 218 F. App'x 530, 532 (7th Cir. 2007)). Defendants' brief in support of their motion to dismiss was 14 pages, the reply brief in support of the motion to dismiss was 10 pages, their brief in support of the Rule 11 motion was 15 pages, and the reply brief in support of the Rule 11 motion was 15 pages. *See* Dkt. Nos. 8, 24, 31 & 36. Yet, Defendants spent nearly 500 hours on these and other tasks related to the RLF complaint. It appears the collaboration between six experienced attorneys led to duplicative and overlapping work, resulting in excessive billing. *See Schlacher v. Law Offices of Phillip J. Rotche & Assocs., P.C.*, 574 F.3d 852, 858 (7th Cir. 2009) ("Though efficiency can sometimes be increased through collaboration, overstaffing cases inefficiently is common, and district courts are therefore encouraged to scrutinize fee petitions for duplicative billing when multiple lawyers seek fees." (citations omitted)). Under these circumstances, the court concludes that a 40% reduction in the lodestar is appropriate in this case.

RLF also challenges specific entries in the fee petition. First, RLF asserts that Defendants improperly billed 1.3 hours of time that counsel spent working on a separate derivative suit filed in another jurisdiction. After reviewing the time entries, the court agrees that this time is unrelated to defending this action. *See* Dkt. Nos. 70-2 at 4, 71-3 at 3, & 71-4 at 2. Accordingly, the court will reduce the fee award by $1,403.50, the amount billed for this time.

Next, RLF asserts that Defendants should not recover for time spent submitting "false statements" to the court. Dkt. No. 74 at 13. It notes that Defendants made misstatements regarding

RLF's involvement in past lawsuits and RLF's own alleged representations about its prominence among securities class action firms. RLF requests that the court reduce the fees awarded for preparing documents containing false statements by 50%, totaling a reduction of 134 hours, or $129,846. It also asserts that Defendants should not recover fees for drafting the letter requesting reconsideration that the court noted violated the Federal Rules of Civil Procedure and the district's local rules. RLF requests that the court reduce the fee award by 9.9 hours, the time spent drafting the letter.

The court recognized in its December 3, 2025, sanctions order that Defendants' counsel's violation of the Federal Rules of Civil Procedure and the local rules in filing their letter motion and Defendants' assertions made in various filings that have since been shown to be false or misleading should not be overlooked. Dkt. No. 67 at 15. Yet, "[i]nadvertent factual errors will occur[;] . . . litigants and attorneys will make mistakes." *Milwaukee Concrete Studios, Ltd. v. Fjeld Mfg. Co., Inc.*, 8 F.3d 441, 451 (7th Cir. 1993). Surely, Defendants' counsel will be more diligent in the future. Because the court has concluded that a 40% reduction in the lodestar is appropriate in this case, it will not further reduce the fee award on this basis.

Finally, RLF argues that Defendants should not recover for putting forth unreasonable falsity arguments. Defendants' motion to dismiss was premised on two arguments: that Kothari failed to sufficiently allege falsity and Kothari failed to sufficiently allege scienter. As to falsity, Defendants argued that Kothari could not show falsity, even though Kothari's case was predicated on a financial restatement. *See* Dkt. No. 8. In response to the motion, Kothari asserted that it is well-settled that a financial statement is *prima facie* evidence of falsity under the PSLRA. *See* Dkt. No. 11 at 1 (citing *In re Atlas Air Worldwide Holdings, Inc. Sec. Litig.*, 324 F. Supp. 2d 474, 486 (S.D.N.Y. 2004) ("[the] fact that financial results were restated is sufficient basis for pleading

that those statements were false when made")). Defendants dropped their falsity argument entirely in their reply brief. *See* Dkt. No. 24. RLF contends that, even though the court concluded Defendants' conduct was not sanctionable, Defendants should not receive compensation for their legally unsupported argument. It argues that Defendants' fees for drafting the motion to dismiss should be discounted by one-third, equating to a reduction of 71 hours. Again, given the 40% reduction to the lodestar, the court declines to further reduce fees on this basis. In sum, RLF must pay Defendants' attorneys' fees in the amount of $286,289.11.

Defendants also request to be reimbursed for their expenses in the amount of $801.42. RLF does not dispute Defendants' request for costs. The court concludes the costs incurred in this case are reasonable. Therefore, RLF must reimburse Defendants for their costs in the amount of $801.42.

## CONCLUSION

For these reasons, Defendants' motion for attorneys' fees and costs (Dkt. No. 69) is **GRANTED-IN-PART** and **DENIED-IN-PART**. RLF shall pay to Defendants the amount of $287,090.53 in attorneys' fees and costs.

**SO ORDERED** at Green Bay, Wisconsin this 14th day of May, 2026.

William C. Griesbach
United States District Judge

9